## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| _____ | ) | |
| RANDY BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JPMORGAN CHASE BANK, N.A., | ) | Civil Action No. 14-2031 (ABJ) |
| 1111 Polaris Parkway | ) | |
| Columbus, OH  43240, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## DEFENDANT JPMORGAN CHASE BANK, N.A.'S
## MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Defendant JPMorgan Chase Bank, N.A., incorrectly sued as "J.P. Morgan Chase" ("Chase") respectfully moves this Court, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6), to dismiss all claims in the Complaint against it.  The grounds for this motion are:

1.      Plaintiff lacks standing to seek his requested injunction against foreclosure because the Complaint does not allege that a foreclosure is imminent.  Even if the Complaint included such an allegation, such relief would be vacuous because Plaintiff alleges that Chase no longer services his loan.

2.      The breach of contract claim based on the alleged breach of an alleged oral agreement to modify his loan terms (Count VI) violates the statute of frauds.

3.      Plaintiff's remaining claims (Counts I-V, and VII) are time-barred because they are based on the allegedly discriminatory or unfair terms of the oral agreement allegedly formed in February 2009.  The statutes of limitation applicable to the claims in Counts I-V and VII range from 1-5 years, and Plaintiff did not file his lawsuit within 5 years of the alleged oral agreement.

4.      None of Plaintiff's causes of action sufficiently states a plausible claim for relief.

5.      The Court lacks personal jurisdiction over Chase because Plaintiff did not properly serve Chase.

For these reasons, and the reasons articulated in more detail in the memorandum of points and authorities, incorporated herein, Defendant JPMorgan Chase Bank, N.A., respectfully requests that the Court GRANT this motion and DISMISS the Complaint, with prejudice.

Dated:          January 30, 2015                    Respectfully submitted,

/s/ Andrew R. Louis
Andrew R. Louis (Bar No. 476722)
Mark E. Rooney (Bar No. 979097)
BUCKLEYSANDLER LLP
1250 24th Street NW, Suite 700
Washington, DC  20037
202-349-8000 (telephone)
202-349-8080 (facsimile)
alouis@buckleysandler.com
mrooney@buckleysandler.com

*Counsel for JPMorgan Chase Bank, N.A.*

# TABLE OF CONTENTS

MOTION TO DISMISS STANDARDS ....................................................................................... 10

MOTION TO DISMISS STANDARDS ....................................................................................... 10

MOTION TO DISMISS STANDARDS ....................................................................................... 10

I.

MOTION TO DISMISS STANDARDS ....................................................................................... 11

II.

MOTION TO DISMISS STANDARDS ....................................................................................... 11

III.

MOTION TO DISMISS STANDARDS ....................................................................................... 11

IV.

MOTION TO DISMISS STANDARDS ....................................................................................... 11

A.

MOTION TO DISMISS STANDARDS ....................................................................................... 11

MOTION TO DISMISS STANDARDS ....................................................................................... 11

MOTION TO DISMISS STANDARDS ....................................................................................... 11

MOTION TO DISMISS STANDARDS ....................................................................................... 11

MOTION TO DISMISS STANDARDS ....................................................................................... 11

V.

MOTION TO DISMISS STANDARDS ...................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acosta Orellana v. CropLife Int'l.*,
    711 F. Supp. 2d 81 (D.D.C. 2010) ........................................................................13

*Ajisefinni v. KPMG LLP*,
    17 F. Supp. 3d 28, 51 (D.D.C. 2014) ....................................................................24

*Am. Ins. Ass'n v. HUD*,
    No. 13-00966 (RJL), 2014 WL 5802283 (D.D.C. Nov. 7, 2014)...........................21

*Anderson v. Wachovia Mortg. Corp.*,
    621 F.3d 261 (3d Cir. 2010)...................................................................................25

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................12, 13, 19

*Avila v. CitiMortgage, Inc.*,
    No. No. 13–1786 (RBW), 2014 WL 2212384 (D.D.C. May 29, 2014) .................23

*Barot v. Embassy of Zam.*,
    11 F. Supp. 3d 24, 28 (D.D.C. 2014) ....................................................................12

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..........................................................................................13, 19

*Bender v. Williamsport Area Sch. Dist.*,
    475 U.S. 534 (1986)................................................................................................15

*Biton v. Palestinian Interim Self–Gov't Auth.*,
    310 F. Supp. 2d 172 (D.D.C. 2004) .......................................................................12

*Brown v. Berrein, Chairperson, EEOC*,
    No. 1:13-cv-151-UNA (D.D.C. Feb. 5, 2013), ECF No. 3 .....................................11

*Brown v. Kaya Henderson et al.*,
    No. 1:13-cv-77-JEB (D.D.C. July 8, 2013), ECF No. 16 .......................................11

*Brown v. Whole Foods Market Group, Inc.*,
    No. 1:13-cv-175-JEB (D.D.C. Sept. 4, 2013)........................................................11

*Busby v. Capital One, N.A.*,
    772 F. Supp. 2d 268 (D.D.C. 2011) .......................................................................13

*Chandler v. Roche*,
 215 F. Supp. 2d 166 (D.D.C. 2002) ...................................................................11

*Chaplaincy of Full Gospel Churches v. England*,
 454 F.3d 290 (D.C. Cir. 2006) .........................................................................13

*Crisafi v. Holland*,
 655 F.2d 1305 (D.C. Cir. 1981) .......................................................................11

*Curry v. Bank of America Home Loans Servicing*,
 802 F. Supp. 2d 105 (D.D.C. 2011) .................................................................16

*Daniel v. Fulwood*,
 766 F.3d 57 (D.C. Cir. 2014) ...........................................................................19

*District of Columbia Redevelopment Land Agency v. Dowdey*,
 618 A.2d 153 (D.C. 1992) ................................................................................16

*Dominguez v. UAL Corp.*,
 666 F.3d 1359 (D.C. Cir. 2012) .......................................................................15

*Fletcher v. Homecomings Fin. LLC*,
 No. 1:08-cv-393, 2010 WL 1665265 (M.D.N.C. Apr. 22, 2010) ...........................19

*Fontaine v. JPMorgan Chase Bank, N.A.*,
 No. 13-cv-1892-KBJ, 2014 WL 2000346 (D.D.C. May 16, 2014) .................10, 15

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*,
 528 U.S. 167, 120 S. Ct. 693, 145 L.Ed.2d 610 (2000)..........................................15

*Gaona v. Town & Country Credit*,
 324 F.3d 1050 (8th Cir. 2003) .........................................................................19

*George v. Napolitano*,
 693 F. Supp. 2d 125 (D.D.C. 2010) .................................................................14

*Ghaffari v. Wells Fargo Bank. N.A.*,
 No. 13-cv-00115-JEB, 2013 WL 6070364 (D.D.C. Nov. 19, 2013) ......................10

*Hargraves v. Capital City Mortg. Corp.*,
 140 F. Supp. 2d 7 (D.D.C. 2000) .....................................................................20

*Hood v. Midwest Savings Bank*,
 95 Fed. App'x 768 (6th Cir. 2004) ...................................................................25

*Hunter on behalf of A.H. v. District of Columbia*,
 No. 12-1960-GK, 2014 WL 4071333 (D.D.C. Aug. 18, 2014).......................20, 21

*Jackson v. ASA Holdings*,
    751 F. Supp. 2d 91 (D.D.C. 2010) .......................................................................13

*Jerome Stevens Pharm., Inc. v. FDA*,
    402 F.3d 1249 (D.C. Cir. 2005) ..........................................................................12

*K Street Developers., LLC v. Teachers Ins. and Annuity Ass'n of Am.*,
    No. 1:12-cv-666-CRC, 2014 WL 4698412 (D.D.C. Sept. 23, 2014) ....................24

*Khatib v. Alliance Bankshares Corp.*,
    846 F. Supp. 2d 18 (D.D.C. 2012) ......................................................................13

*Koker v. Aurora Loan Servicing, LLC*,
    915 F. Supp. 2d 51 (D.D.C. 2013) ......................................................................18

*Landow v. Georgetown–Inland West Corp.*,
    454 A.2d 310 (D.C. 1982) ..................................................................................16

*Light v. Wolf*,
    816 F.2d 746 (D.C. Cir. 1987) ............................................................................12

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ...........................................................................................12

*McAlister v. Potter*,
    843 F. Supp. 2d 117 (D.D.C. 2012) ....................................................................26

*McDevitt v. Wells Fargo Bank, N.A.*,
    946 F. Supp. 2d 160 (D.D.C. 2013) ....................................................................18

*Molina v. FDIC*,
    870 F. Supp. 2d 123 (D.D.C. 2012) (Jackson, J.) .....................................14, 15, 23

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
    526 U.S. 344 (1999) ...........................................................................................26

*Nat'l Cmty. Reinvestment Coalition v. NovaStar Fin., Inc.*,
    No. 07-861-RCL, 2008 WL 977351 (D.D.C. Mar. 31, 2008) .........................20, 21

*Ojelade v. Unity Health Care, Inc.*,
    962 F. Supp. 2d 258 (D.D.C. 2013) ....................................................................26

*Ponder v. Chase Home Finance, LLC*,
    666 F. Supp. 2d 45 (D.D.C. 2009) ......................................................................24

*Railan v. Katyal*,
    766 A.2d 998 (D.C. 2001) ..................................................................................16

*Reed Elsevier, Inc. v. Muchnick*,
   559 U.S. 154 (2010)....................................................................................................17

*Smithrud v. City of St. Paul*,
   746 F.3d 391 (8th Cir. 2014) ....................................................................................18

*Squires v. Brown*,
   604 F. Supp. 2d 236 (D.D.C. 2009) ..........................................................................24

*Texas Children's Hosp. v. Burwell*,
   No. 14-2060-EGS, 2014 WL 7373218 (D.D.C. Dec. 29, 2014)................................14

*Thompson v. Bank of America, N.A.*,
   No. 14-5561, 2014 WL 6844931 (6th Cir. Dec. 5, 2014).........................................26

*Tsintolas Realty Co. v. Mendez*,
   984 A.2d 181 (D.C. 2009) ........................................................................................24

*Wilson v. Prudential Fin.*,
   332 F. Supp. 2d 83 (D.D.C. 2004) ............................................................................12

*Worley v. Islamic Republic of Iran*,
   No. 12–2069-RCL, 2014 WL 6879852 (D.D.C. Dec. 8, 2014)................................17

**Statutes**

15 U.S.C. § 1691 ..............................................................................................................25

15 U.S.C. § 1692a(6)(F) ...................................................................................................23

42 U.S.C. § 3604.....................................................................................................19, 20, 21

42 U.S.C. § 3604(a) ..........................................................................................................20

42 U.S.C. § 3604(f) ...........................................................................................................20

42 U.S.C. § 3604(f)(1) .................................................................................................20, 21

42 U.S.C. § 3604(f)(1)-(2) ................................................................................................20

42 U.S.C. § 3604(f)(3)(B)..................................................................................................20

42 U.S.C. § 3605.........................................................................................................20, 21

42 U.S.C. § 3613(a)(1)(A) ................................................................................................18

D.C. Code § 12-301 ..........................................................................................................18

D.C. Code § 28–3502.........................................................................................................16

8

D.C. Code § 28-3904 (2013)..................................................................................................10

D.C. Code § 28-3904(r) ...................................................................................................22, 23

D.C. Code § 28-3904(r)(5)....................................................................................................23

DC Consumer Protection Procedures Act............................................................... *passim*

Equal Credit Opportunity Act ................................................................................... *passim*

Fair Debt Collection Practices Act ............................................................................ *passim*

Fair Housing Act......................................................................................................... *passim*

**Other Authorities**

12 C.F.R. § 202.2(m) .............................................................................................................25

24 C.F.R. 100.500 .............................................................................................................19, 21

Fed. R. Civ. P. ............................................................................................................ *passim*

U.S. Const. art. III, § 2 .........................................................................................................14

# MEMORANDUM OF POINTS AND
## AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

Plaintiff alleges that, after suffering a series of head injuries, he contacted his mortgage loan servicer, JPMorgan Chase Bank, N.A. ("Chase"), seeking a "reasonable accommodation" with respect to his mortgage payments.  Compl. at 2-6.  According to Plaintiff, Chase orally agreed to "use lenient policies in servicing the account by being flexible about late payments" provided that Plaintiff's family members "immediately resolve any [loan] problems" and make payments on his mortgage loan upon demand.  Compl. at 3-4.  The Complaint alleges that the oral agreement did not adequately accommodate his head injury, or that the failure to document the agreement harmed him, thereby violating the Fair Housing Act ("FHA"), the Fair Debt Collection Practices Act ("FDCPA"), the Equal Credit Opportunity Act ("ECOA"), and D.C. Code § 28-3904 (2013), a provision in the DC Consumer Protection Procedures Act ("DC CPPA"), and, in any event, that Chase breached the agreement.[1]  As recompense, Plaintiff seeks an order enjoining Chase from foreclosing on his property.

But Plaintiff's Complaint can and should be dismissed for five independent reasons.  First, Plaintiff lacks standing to seek his requested injunction against foreclosure because he never alleges that foreclosure is imminent and, in any event, he alleges that Chase no

---

[1] Although not listed as a separate cause of action, Plaintiff asserts that by engaging in these alleged "deceptive business practices" Chase has somehow violated the terms of a Consent Judgment with the Office of the Comptroller of the Currency.  *See* Compl. at 12.  To the extent that Plaintiff seeks to enforce the Consent Judgment, however, he lacks standing to do so.  *See Fontaine v. JPMorgan Chase Bank, N.A.*, No. 13-cv-1892-KBJ, 2014 WL 2000346, at *5 (D.D.C. May 16, 2014) ("[I]ndividual borrowers, such as [plaintiff], are neither parties to the Consent Judgment nor a member of the monitoring committee, and therefore are not in a position to enforce any obligation imposed on the parties to that judgment."); *see also Ghaffari v. Wells Fargo Bank. N.A.*, No. 13-cv-00115-JEB, 2013 WL 6070364, at *4 (D.D.C. Nov. 19, 2013) ("[C]laims by individual borrowers, such as Plaintiff, are excluded from the Consent Judgment.").

longer services his loan.  Second, Plaintiff's breach of contract claim (Count VI) violates the statute of frauds.  Third, Plaintiff's statutory claims (Counts I-V, and VII) are time-barred because they are based on the allegedly discriminatory or unfair terms of the oral agreement, or perhaps the alleged failure to document the terms, allegedly formed in February 2009.  None of the statutes of limitation applicable to those claims is longer than five years, and Plaintiff waited nearly six years to file suit.  Fourth, Plaintiff has not sufficiently stated plausible claims for relief under any of his causes of action.  Although Plaintiff generally alleges that the "oral agreement" did not accommodate his disability, he never adequately explains how that alleged conduct violates the FHA, FDCPA, ECOA, or DC CPPA.  Plaintiff also does not satisfy the elements of a breach of contract claim.  Fifth, Plaintiff's failure to properly serve Chase with a copy of the summons and Complaint—he attempted to do so personally—renders the Court without personal jurisdiction over Chase.[2]

## MOTION TO DISMISS STANDARDS

**Pro Se Pleadings.**  While a *pro se* complaint can be construed somewhat more liberally than a complaint drafted by an attorney, a *pro se* complaint must still "present a claim on which the Court can grant relief."  *Chandler v. Roche*, 215 F. Supp. 2d 166, 168 (D.D.C. 2002) (citing *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981)).

---

[2] Plaintiff is no stranger to this Court, as this is his fourth federal lawsuit in the last two years against various parties arising out of alleged failures to accommodate Plaintiff's head injury. Each of these other cases were dismissed—two on motions to dismiss and one by the Court *sua sponte* on the same day it was filed.  *See* Mem. Op., *Brown v. Kaya Henderson et al.*, No. 1:13-cv-77-JEB (D.D.C. July 8, 2013), ECF No. 16 (dismissing case for failure to respond to motion to dismiss); *See* Mem. Op., *Brown v. Berrein, Chairperson, EEOC*, No. 1:13-cv-151-UNA (D.D.C. Feb. 5, 2013), ECF No. 3 (dismissing case *sua sponte* for failure to state a claim); *See* Mem. Op., *Brown v. Whole Foods Market Group, Inc.*, No. 1:13-cv-175-JEB (D.D.C. Sept. 4, 2013), ECF No. 22 (dismissing ADA and CRA 1964 claims for failure to state a claim).

**Rule 12(b)(1).**  When a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears "the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction."  *Biton v. Palestinian Interim Self–Gov't Auth.*, 310 F. Supp. 2d 172, 176 (D.D.C. 2004); *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  Where, as here, a factual challenge is made, a court considering a Rule 12(b)(1) motion "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction."  *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) (citation omitted).

**Rule 12(b)(2).**  In the context of a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of making a *prima facie* showing of the relevant jurisdictional facts.  *Barot v. Embassy of Zam.*, 11 F. Supp. 3d 24, 28 (D.D.C. 2014).  A plaintiff may not rely on merely "conclusory allegations" to establish that personal jurisdiction over the defendant exists, and a court need not treat all of a plaintiff's jurisdictional allegations as true.  *Id.* at 28-29 (citation omitted).  In analyzing issues of personal jurisdiction, a court may rely on material outside the pleadings, including affidavits or other relevant material.  *Id.*

**Rule 12(b)(5).**  In a motion to dismiss pursuant to Rule 12(b)(5), a plaintiff has the burden of establishing effective service of process when challenged.  *See, e.g.*, *Wilson v. Prudential Fin.*, 332 F. Supp. 2d 83, 87 (D.D.C. 2004).  To meet his burden the plaintiff "must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law."  *Id.* (citing *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987) (internal quotation omitted)).

**Rule 12(b)(6).**  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's pleadings must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009).  Instead, the pleadings must contain factual allegations sufficient "to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  This requires a brief and plain statement of the claim that provides the defendant with fair notice of the claims and their bases.  Fed. R. Civ. P. 8(a); *Busby v. Capital One, N.A.*, 772 F. Supp. 2d 268, 274 (D.D.C. 2011).

Such allegations cannot be suggestions or mere formulaic recitation of the elements; they must be sufficient to allow a court "drawing on its judicial experience and common sense, to infer more than the 'mere possibility of misconduct.'"  *Jackson v. ASA Holdings*, 751 F. Supp. 2d 91, 96 (D.D.C. 2010) (quoting *Iqbal*, 556 U.S. at 679).  Indeed, the claim must be "plausible on its face," *Twombly*, 550 U.S. at 570, and must provide "more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678.

While factual allegations should be accepted as true, they need only be accepted if they could plausibly entitle relief.  *Acosta Orellana v. CropLife Int'l.*, 711 F. Supp. 2d 81, 89 (D.D.C. 2010).  A court is not required to accept as true legal conclusions or inferences that are conclusory and unsupported by fact.  *Iqbal*, 556 U.S. at 677-78; *Busby*, 772 F. Supp. 2d at 275.

**Preliminary Injunction.**  To obtain a preliminary injunction in this Court, a plaintiff must demonstrate (i) a substantial likelihood of success on the merits; (ii) that the plaintiff would suffer irreparable injury if the injunction is not granted; (iii) that an injunction would not substantially injure other interested parties; and (iv) that the public interest would be furthered by an injunction.  *See, e.g., Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006) (citation omitted).  A preliminary injunction is an "extraordinary remedy" that is only appropriate upon a clear showing that the plaintiff is entitled to relief.  *Khatib v. Alliance Bankshares Corp.*, 846 F. Supp. 2d 18, 25 (D.D.C. 2012).  The irreparable injury prong alone is a

"high standard" requiring a "clear and present need for equitable relief to prevent irreparable harm." *Texas Children's Hosp. v. Burwell*, No. 14-2060-EGS, 2014 WL 7373218, at *13 (D.D.C. Dec. 29, 2014) (citation and quotation omitted).

## ARGUMENT

### I.   <u>Plaintiff Lacks Standing to Seek a Preliminary Injunction</u>

Plaintiff seeks an injunction enjoining Chase from foreclosing on the property secured by his mortgage.  Compl. at 21.[3]  But he lacks standing to seek such an injunction because he does not allege that a foreclosure is "actual or imminent."  In addition, Plaintiff alleges that Chase no longer services his loan, and therefore entering such an injunction would be futile.

It is axiomatic that the Court's subject matter jurisdiction is restricted to "actual ongoing cases or controversies."  *Molina v. FDIC*, 870 F. Supp. 2d 123, 128 (D.D.C. 2012) (Jackson, J.) (citing U.S. Const. art. III, § 2).  Thus, a plaintiff lacks standing unless he demonstrates that a case or controversy exists by showing that (1) he has suffered an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical"; (2) that the injury is "fairly traceable" to the conduct of the defendant; and (3) that it is likely that the injury will be redressed by a favorable decision.  *George v. Napolitano,* 693 F. Supp. 2d 125, 129-30 (D.D.C.

---

[3] Although the Complaint includes vague allegations regarding damages (*see* Compl. at 2 ("Plaintiff seeks … compensatory and punitive damages …"), 14 ("Defendant's acts of disability discrimination caused Plaintiff to suffer financial loss, mental and emotional distress, physical injury, humiliation, and indignity."), 16 ("Defendant's actions of disability discrimination caused harm to Plaintiff's mortgage account subjecting Plaintiff to financial and emotional harm.), and 20 ("Defendant's breach of the oral agreement causes financial, emotional, [and] physical harm."), Plaintiff's prayer for relief is limited to a request to issue a preliminary injunction against foreclosure, making no mention of damages.  *See* Compl. at 21 (prayer for relief); *see also* Civil Cover Sheet (ECF No. 1-1) at 2 (no demand for damages made), and 3 (expressly seeking only "injunction" in "Demand $" section).  Accordingly, the lack of standing to seek the requested injunction is dispositive of the entire Complaint.  To the extent Plaintiff argues that he intends to seek damages, the requested damages are far too vague, imprecise, and conclusory to survive dismissal.

2010), citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-81, 120 S. Ct. 693, 145 L.Ed.2d 610 (2000).[4]

Plaintiff lacks standing to seek an injunction against foreclosure because he never alleges that such a foreclosure is "actual or imminent."  To the contrary, the Complaint avers that Chase's alleged breach of the oral agreement has only "*expos[ed]* plaintiff to default and foreclosure."  Compl. at 10 (emphasis added).  Such an allegation is insufficient to support standing to seek an injunction.  *See Fontaine v. JPMorgan Chase Bank, N.A.*, No. 13-cv-1892-KBJ, 2014 WL 2000346, at *4 (D.D.C. May 16, 2014) (holding that court lacks subject matter jurisdiction over plaintiff's claim for injunctive relief where "complaint raises only the specter of potential foreclosure…").  *See also Molina*, 870 F. Supp. 2d at 130-32.

Plaintiff's requested injunction also fails the "redressibility" prong of standing, because Plaintiff specifically alleges that Chase no longer services his loan.  Compl. at 12, 20.  Based on this allegation, any injunction against Chase would be pointless, even had Plaintiff sufficiently alleged some future harm.

Accordingly, the Complaint should be dismissed because Plaintiff lacks standing to seek the injunctive relief requested.

## II. <u>Plaintiff's Breach of Contract Claim Violates the Statute of Frauds</u>

Plaintiff's breach of contract claim (Count VI) must be dismissed because the contract alleged by Plaintiff runs afoul of the statute of frauds.  In the District of Columbia:

---

[4] The Article III limitation on judicial power to resolve cases and controversies is "no mere formality."  *Dominguez v. UAL Corp.*, 666 F.3d 1359, 1361 (D.C. Cir. 2012).  Every federal court has a "special obligation" to ensure that it has jurisdiction before addressing the merits of any action.  *Id.* at 1362 (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).  Standing is a necessary predicate to any exercise of federal jurisdiction.  *Id.* at 1361.

> An action may not be brought ... upon a contract or sale of real estate, of
> any interest in or concerning it ... unless the agreement upon which the
> action is brought, or a memorandum or note thereof, is in writing, ...
> signed by the party to be charged therewith or a person authorized by him.

D.C. Code § 28–3502.  *See also Railan v. Katyal*, 766 A.2d 998, 1007 (D.C. 2001) (the "statute

of frauds mandates that certain agreements, including those concerning real estate, must be in

writing to guard against perjury and protect against unfounded and fraudulent claims") (internal

quotation omitted).  Plaintiff's alleged oral mortgage loan modification clearly "concern[s] real

estate," and because it is not in writing, violates the statute of frauds.  *Curry v. Bank of America

Home Loans Servicing*, 802 F. Supp. 2d 105, 109-10 (D.D.C. 2011) (refusing to allow plaintiff to

amend complaint to add breach of contract claim where alleged contract was oral loan

modification violative of statute of frauds) (citing *District of Columbia Redevelopment Land

Agency v. Dowdey*, 618 A.2d 153, 156 n.1 (D.C. 1992), and *Landow v. Georgetown–Inland West

Corp.*, 454 A.2d 310 (D.C. 1982)).

Plaintiff, while acknowledging that the alleged oral agreement violates the statute of

frauds, argues in his Complaint that Chase should be estopped from relying on the statute of

frauds as a defense.  Compl. at 6-8.  As an initial matter, according to Plaintiff, Chase

"conceal[ed] the contractual implications of the family's conduct by refusing to document the

conduct on the part of the family that denotes performance in the terms of the oral agreement."

Compl. at 7.  Plaintiff appears to be arguing that Chase is estopped from the statute of frauds

defense because it allegedly misrepresented or concealed material facts relating to the agreement.

*See id.*  But this argument is wholly inconsistent with Plaintiff's Complaint, which describes the

terms of the alleged oral agreement, and avers that Plaintiff and his family consistently lived up

to their side of it.  *See, e.g., id.* at 7-8.

Because the oral agreement alleged by Plaintiff violates the statute of frauds, the breach of contract claim (Count VI) must be dismissed.

### III. Plaintiff's Other Claims are Barred by Applicable Limitations Periods

Plaintiff's remaining claims (Counts I-V, VII) are time-barred by the statutes of limitation applicable to each claim.[5]  Each of these claims is based on the alleged creation of and/or alleged failure to document the February 2009 oral agreement to modify the payment terms of Plaintiff's mortgage.  Compl. at 2 (alleging contact with Chase customer service in February 2009 to discuss potential "accommodation").  According to Plaintiff, the terms of the alleged oral agreement failed to adequately accommodate his disability in violation of the FHA (Counts I-II, IV) (Compl. at 4, 9, 10, 13-15, 17) (alleging that issuance of an oral mortgage agreement violates FHA), the DC CPPA (Count III) (Compl. at 8, 16) (alleging that formation, provision, and execution of oral agreement violates DC CPPA), the FDCPA (Count V) (Compl. at 10-11, 18-19) (alleging that inherent unfairness of oral agreement terms violates FDCPA), and ECOA (Count VII) (Compl. at 12, 21) (alleging that use of oral agreement is "at variance with

---

[5] The time bar allows for dismissal pursuant to Rule 12(b)(6).  Dismissal is also appropriate under Rule 12(b)(1) (lack of subject matter jurisdiction) for those claims whose statute of limitations is considered jurisdictional.  Generally speaking, to determine whether a limitations provision is jurisdictional, a court looks to its "text, context, and relevant historical treatment." *Worley v. Islamic Republic of Iran*, No. 12–2069-RCL, 2014 WL 6879852, at *10 (D.D.C. Dec. 8, 2014) (quoting *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010)).  If the statute clearly states that the limitations period is jurisdictional, a court should treat it as such. *Id.* (citation omitted).  Absent a clear textual indication, the court should consider the structure of the statute or long-standing precedent. *Id.* (citation omitted).  Insofar as the Court finds that the time limitations on any or all of Plaintiff's claims are jurisdictional in nature, Defendants aver that the Court should dismiss those claims under Rule 12(b)(1).

loan servicing protocols" in violation of ECOA).[6]  Plaintiff did not file suit until December 2014, nearly six years later.

The relevant statutes of limitations for the causes of action in Counts I-V, and VII are more than five years.  *See* FHA, 42 U.S.C. § 3613(a)(1)(A) (two year statute of limitation), *Smithrud v. City of St. Paul*, 746 F.3d 391, 395 (8th Cir. 2014) (same); D.C. Code § 12-301 (three year statute of limitations applicable for claims under DC CPPA); *Koker v. Aurora Loan Servicing, LLC*, 915 F. Supp. 2d 51, 58-59 (D.D.C. 2013) (same); FDCPA, 15 U.S.C. § 1692k(d) (one-year statute of limitations), *McDevitt v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 160, 168 n.8 (D.D.C. 2013) (same); ECOA, 15 U.S.C. § 1691e (five year statute of limitations).  Because each of these claims has a statute of limitations less than the period in which Plaintiff filed his lawsuit, Plaintiffs' claims in Counts I-V and VII are time-barred.

## IV. <u>The Complaint Fails to State a Plausible Claim for Relief</u>

Even if Plaintiff's claims were not barred by the statute of frauds or applicable statutes of limitation, each must be dismissed under Rule 12(b)(6) for failure to state any viable cause of action.  None of Plaintiff's allegations constitutes a plausible claim entitling him to relief.

---

[6] Plaintiff occasionally alleges that unspecified breaches of the oral agreement constitute violations of certain statutory provisions.  *See, e.g.*, Compl. at 13 (alleging that Chase violated FHA "in all aspects of the oral mortgage agreement, by omitting to document Plaintiff's account concerning the oral agreement and breaching promises relevant to the agreement"), 14 ("Defendant's breach of promise and omissions concerning the oral agreement constitute acts of discrimination…" in violation of FHA), 18 ("Defendant omits to document then breaches the terms of the oral agreement" in violation of the FDCPA), 21 (ECOA claim based in part on "Defendant's issuing an oral mortgage agreement then breaching the promises relating to the agreement…").  It appears that these alleged breaches may be based on the alleged failure by Chase to document the terms of the oral agreement.  *See* Compl. at 17, para. (d).  If this is the case, then the alleged breach occurred contemporaneously with the creation of the agreement, and therefore the "failure to document" allegation is also barred by the applicable statutes of limitation.   If the alleged breach supporting these claims is something other than the failure to document the agreement, Plaintiff never alleges what it is or when it occurred.

Under the *Twombly* and *Iqbal* standards, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Daniel v. Fulwood*, 766 F.3d 57, 61 (D.C. Cir. 2014) (citing *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 570) (quotations omitted). To survive a motion to dismiss, a complaint must plead factual content that allows a court to draw a reasonable inference that the defendant is liable for the alleged wrongdoing. *Id.* For each cause of action, Plaintiff's Complaint fails to meet these standards and therefore should be dismissed.

## A. FHA (Counts I, II, IV)

The Complaint includes three causes of action under the FHA. Count I alleges that Chase violated the FHA because the alleged oral agreement did not adequately accommodate Plaintiff's cognitive disability. Counts II and IV allege that Chase violated 24 C.F.R. 100.500 and 42 U.S.C. § 3604, respectively, by discriminating against Plaintiff on the basis of his disability. None of these causes of action adequately states a claim for relief under the FHA.

### 1. The FHA does not require mortgage servicers to provide reasonable accommodations.

In Count I, Plaintiff alleges that Chase violated the FHA because the alleged oral agreement did not adequately accommodate Plaintiff's cognitive disability. Compl. at 13-14. But Count I fails to state a claim because the FHA simply does not require mortgage servicers to provide reasonable accommodations to disabled persons. *See, e.g.*, *Gaona v. Town & Country Credit*, 324 F.3d 1050, 1057 (8th Cir. 2003) (FHA section applicable to mortgages "does not define discrimination to include a lender's refusal to make reasonable accommodations"); *Fletcher v. Homecomings Fin. LLC*, No. 1:08-cv-393, 2010 WL 1665265 (M.D.N.C. Apr. 22, 2010) (same). Generally speaking, issues relating to mortgage lending and servicing are

addressed in 42 U.S.C. § 3605, the section covering real estate-related transactions.  Conversely, the "reasonable accommodations" language in the FHA comes from 42 U.S.C. § 3604(f)(3)(B).

It is true that this Court at times has noted that the broader purpose of Section 3604 suggests that it may be read to apply to mortgage lending in some circumstances.  *See, e.g.*, *Nat'l Cmty. Reinvestment Coalition v. NovaStar Fin., Inc.*, No. 07-861-RCL, 2008 WL 977351 (D.D.C. Mar. 31, 2008); *Hargraves v. Capital City Mortg. Corp.*, 140 F. Supp. 2d 7 (D.D.C. 2000).  But those cases specifically examined and relied upon the language in 42 U.S.C. § 3604(a), which makes it unlawful to "otherwise make unavailable or deny" housing.  *See NovaStar Fin.*, No. 07-861-RCL, 2008 WL 977351, at *1-2.  At issue in this case, however, is 42 U.S.C. § 3604(f), which bars discrimination based on handicap and defining discrimination to include a refusal to make "reasonable accommodations."  *See* 42 U.S.C. § 3604(f)(3)(B).  A plain reading of sub-section (f) reveals some significant differences from sub-section (a).  Sub-section (f) makes it illegal to

> (1) discriminate in the sale or rental, or otherwise make unavailable or deny, a dwelling to any *buyer or renter* because of handicap […]; or
>
> (2) discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling because of handicap […]

42 U.S.C. § 3604(f)(1)-(2) (emphasis added).  Under § 3604(f)(1), notwithstanding the "or otherwise make unavailable or deny" language, a plaintiff must establish that he is a "buyer or renter."  *Compare* 42 U.S.C. § 3604(a) (making it unlawful to "otherwise make unavailable or deny[] a dwelling to *any person*") (emphasis added) *with* 42 U.S.C. § 3604(f)(1) (making it unlawful to "otherwise make unavailable or deny[] a dwelling to any *buyer or renter*") (emphasis added); *see also Hunter on behalf of A.H. v. District of Columbia*, No. 12-1960-GK, 2014 WL 4071333, at *14 (D.D.C. Aug. 18, 2014) (holding that cases decided under § 3604(a) "do not

provide support for the proposition that the 'otherwise make unavailable or deny' language in section 3604(f)(1) means that Plaintiffs do not have to establish that they were a 'buyer or renter'"). Because Plaintiff's allegations relate to his status as a mortgagor, and not a "buyer or renter," section 3604(f)(1) does not apply to his claim.

Similarly, § 3604(f)(2) does not apply to mortgage lending and thus cannot support Plaintiff's claim. Overcoming the normal division between § 3604 (relating to discrimination in the sale or rental of housing) and § 3605 (covering discrimination in real estate-related transactions such as mortgages) requires the Court to identify some specific language warranting a broader reading of § 3604. *See Hunter on behalf of A.H.*, 2014 WL 4071333, at *14. Sub-section 3604(f)(2) plainly lacks the "otherwise make unavailable or deny" language that this Court has said is necessary to support application of § 3604 to mortgage lending and servicing. *See Nat'l Cmty. Reinvestment Coalition*, 2008 WL 977351, at *2. Without it, Plaintiff, as a mortgagor making allegations about the servicing of his mortgage, cannot rely on § 3604 and thus fails to state a claim for relief under the FHA.

### 2.  The regulation Plaintiff seeks to enforce is invalid.

In Count II, Plaintiff alleges that Chase violated 24 C.F.R. 100.500 by discriminating against Plaintiff on the basis of his disability. Compl. at 14-15. But Count II fails to state a claim because this Court recently held that HUD exceeded its authority when it promulgated 24 C.F.R. 100.500. *Am. Ins. Ass'n v. HUD*, No. 13-00966 (RJL), 2014 WL 5802283 (D.D.C. Nov. 7, 2014). And even if the regulation were valid, Plaintiff fails to adequately allege that Chase engaged in discrimination for the following reasons.

### 3.  Plaintiff's allegations do not plausibly support a discrimination claim.

In support of Count IV, Plaintiff alleges that Chase discriminated against him on the basis of his disability by providing the oral mortgage agreement and failing to document it. Compl. at

17.  But Plaintiff never adequately explains how Chase treated him differently—the *sine qua non* of a discrimination claim—based on his disability.  Rather, Plaintiff asserts conclusorily that he was disparately treated because Chase entered into an oral loan agreement that was not documented, and he suffers from a cognitive disability.  Such conclusory allegations and leaps of logic do not plausibly support claims of discrimination.

Indeed, Plaintiff's allegations—taken as true for purposes of this argument—more plausibly suggest that Chase was trying to work with Plaintiff to address his needs.  Having already modified Plaintiff's loan once, according to Plaintiff, Chase was unable to re-modify the modified loan.  Compl. at 3.  And therefore Chase agreed to "use lenient policies in servicing the account by being flexible about late payments" and accept payments from certain of Plaintiff's family members.[7]  Compl. at 3-4.

For each of these reasons, Plaintiff's FHA claims in Counts I, II, and IV should be dismissed.

## B.  DC CPPA (Count III)

Plaintiff alleges that Chase violated D.C. Code § 28-3904(r) simply by providing an oral mortgage agreement.  Compl. at 16.  But Plaintiff fails to state a claim under the statute because he never identifies a single unconscionable "term or provision" of the oral agreement.

---

[7] Although beyond the scope of this motion to dismiss, Chase notes that most loan agreements allow servicers to waive late fees at their discretion without waiving their rights to enforce the terms of the loan, servicers routinely allow borrowers, regardless of their cognitive abilities, to authorize third persons to communicate with the servicer regarding the loan, and servicers typically accept payments on accounts from sources other than the borrower.  Thus, far from adding up to an improper oral loan modification, Plaintiff's allegations are much more suggestive of a servicer servicing a mortgage loan pursuant to and consistent with the existing, and written, terms of the loan.

D.C. Code § 28-3904(r) makes it illegal to employ "unconscionable terms or provisions of sales or leases."  In construing § 28-3904(r)(5) courts may look to whether the defendant knowingly took advantage of a plaintiff's physical or mental infirmities.  D.C. Code § 28-3904(r)(5).  But the Complaint fails to identify any allegedly unconscionable "terms or provisions."  Nor could he, as the alleged oral agreement was that Chase would "use more lenient terms on Plaintiff's loan" and allow Plaintiff's family members to make payments.  Compl. at 3-4.

Because Plaintiff fails to, indeed cannot, identify any unconscionable term or provision in the alleged oral agreement, Count III must be dismissed.

### C.  FDCPA (Count V)

Plaintiff alleges that by issuing an oral mortgage agreement, failing to document it, and then breaching it, Chase violated the FDCPA.  Compl. at 18.  But Plaintiff's allegations in support of his FDCPA claim are wholly inadequate because he fails to allege certain threshold FDCPA elements, including that Chase be a debt collector, and that Chase was attempting to collect a debt.

Indeed, Plaintiff could not allege that Chase is a debt collector without running afoul of Rule 11 because it is not a debt collector as defined by the statute.  *See* 15 U.S.C. § 1692a(6)(F); *Avila v. CitiMortgage, Inc.*, No. 13–1786 (RBW), 2014 WL 2212384, at *6 (D.D.C. May 29, 2014) (holding that plaintiff failed to state a claim against mortgage servicer under FDCPA because Act specifically excludes a consumer's creditors and mortgage servicing companies from definition of creditor).

Further, the allegations in the Complaint relate only to the terms of an oral agreement.  There is no allegation that any entity (much less Defendant) made an attempt to collect any debt

in violation of the FDCPA.  *See Molina v. FDIC*, 870 F. Supp. 2d. 123, 132-33 (D.D.C. 2012)

(granting motion to dismiss FDCPA claim where plaintiff never alleged defendant attempted to

collect money).  Accordingly, Count V must be dismissed for failure to state an FDCPA claim.

### D.  Breach of Contract (Count VI)

Plaintiff alleges that Chase breached the oral agreement to service his loan leniently

because at some point it stopped contacting Plaintiff's family to request payments and

transferred the servicing of the loan to another entity.  Compl. at 19-20.  But despite the fact that

most of the Complaint relies on the existence of an oral agreement, Plaintiff never adequately

alleges a basic requirement of a contract:  that the material terms be sufficiently definite.

In the District of Columbia, a claim for breach of contract requires a plaintiff to allege

four elements:  (i) a valid contract existed between the parties; (ii) an obligation or duty arising

out of the contract; (iii) a breach of that duty; and (iv) damages caused by that breach.  *See, e.g.*,

*Ajisefinni v. KPMG LLP*, 17 F. Supp. 3d 28, 51 (D.D.C. 2014) (citing *Tsintolas Realty Co. v.

Mendez*, 984 A.2d 181, 187 (D.C. 2009)).

For an oral contract to be enforceable in the District of Columbia, a plaintiff must

demonstrate both "an agreement as to all the material terms and an objective manifestation of the

parties' intent to be bound" by the alleged oral contract.  *K Street Developers., LLC v. Teachers

Ins. and Annuity Ass'n of Am.*, No. 1:12-cv-666-CRC, 2014 WL 4698412, at *5 (D.D.C. Sept.

23, 2014).  All material terms, including subject matter, price, payment terms, and duration, must

be "sufficiently definite" so that each party can be reasonable certain what is expected under the

contract and how to perform.  *Id.* (quotation and citation omitted); *Ponder v. Chase Home

Finance, LLC*, 666 F. Supp. 2d 45, 48-49 (D.D.C. 2009); *Squires v. Brown*, 604 F. Supp. 2d 236,

239 (D.D.C. 2009).

In this case, accepting the Complaint allegations as true, the alleged agreement included a promise by Chase to provide "more lenient terms on Plaintiff's loan." Compl. at 4. This vague assertion is too indefinite to be enforceable. Because none of the alleged oral contract's material terms are sufficiently articulated in the Complaint no contract was formed, and therefore there can be no breach. Accordingly, Count VI must be dismissed.

### E.  ECOA (Count VII)

Plaintiff alleges that Chase violated ECOA because he is a member of a protected class and Chase issued an oral mortgage agreement, and breached it. Compl. at 21. Plaintiff's allegations do not support an ECOA claim.

ECOA prohibits creditors from discrimination in a credit transaction. *See* 15 U.S.C. § 1691 (defining scope of prohibited acts under ECOA); 15 U.S.C. § 1691e (creating civil liability for violations of ECOA); *see also* 12 C.F.R. § 202.2(m) (defining "credit transaction" to include "every aspect of an applicant's dealings with a creditor regarding an application for credit or an existing extension of credit"). To establish a prima facie case under ECOA, a plaintiff must establish that (i) he is a member of a protected class; (ii) he applied for credit from the defendant; (iii) he was denied credit despite being qualified; and (iv) the creditor continues to approve loans for others with similar qualifications. *See, e.g.*, *Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 268 n.5 (3d Cir. 2010); *Hood v. Midwest Savings Bank*, 95 Fed. App'x 768, 778 (6th Cir. 2004).

Plaintiff makes none of the required allegations. Indeed the entire premise of Plaintiff's lawsuit is that Chase violated a duty to provide Plaintiff an accommodation, but ECOA does not create any such duty. The Complaint makes no mention of any credit application, any denial of credit, or that Plaintiff was qualified to receive credit. Instead Plaintiff makes only general

allegations about an alleged promise to use "lenient terms" on his mortgage. Compl. at 4. Even construing this as a request for a mortgage modification (an interpretation not supported by the Complaint)[8] the allegations are not enough to present a claim for relief under ECOA. *See, e.g.*, *Thompson v. Bank of America, N.A.*, No. 14-5561, 2014 WL 6844931, at *8 (6th Cir. Dec. 5, 2014) (affirming Rule 12 dismissal of ECOA claim because bank defendant's alleged refusal to modify mortgage loan did not constitute a denial of credit under ECOA).

Accordingly, Count VII must be dismissed for failure to state a claim.

## V.   The Court Lacks Personal Jurisdiction Over Chase Because Plaintiff Failed to Effectuate Service of Process

It is a well settled principle that service of process "is a prerequisite to the Court's exercise of personal jurisdiction." *McAlister v. Potter*, 843 F. Supp. 2d 117, 119 (D.D.C. 2012) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)). Any exercise of personal jurisdiction thus is dependent on effective service of process. *Michetti Pipe*, 526 U.S. at 350-51. But here Plaintiff failed to effectuate service of process and therefore this Court lacks personal jurisdiction over Chase.

Plaintiff's attempt at service of process was defective because he attempted to effectuate service himself (*see* ECF No. 4 at 1), in contravention of Federal Rule of Civil Procedure 4(c)(2) (requiring service by someone who is not a party). *See also Ojelade v. Unity Health Care, Inc.*, 962 F. Supp. 2d 258, 262 (D.D.C. 2013) (holding that service was ineffective under Rule 4(c)(2) where *pro se* plaintiff personally mailed summons and complaint).

Plaintiff's failure to follow the requirements of Rule 4 renders his purported service of process ineffective and the Complaint should be dismissed for that reason.

---

[8] Indeed, Plaintiff acknowledges that he was not entitled to a further modification because, he alleges, he had already received a loan modification. Compl. at 3.

## CONCLUSION

For these reasons, Defendant JPMorgan Chase Bank, N.A. respectfully requests that the

Court dismiss the Complaint with prejudice.

Dated:          January 30, 2015                    Respectfully submitted,


                                                    /s/ Andrew R. Louis
                                                    Andrew R. Louis (Bar No. 476722)
                                                    Mark E. Rooney (Bar No. 979097)
                                                    BUCKLEYSANDLER LLP
                                                    1250 24th Street NW, Suite 700
                                                    Washington, DC  20037
                                                    202-349-8000 (telephone)
                                                    202-349-8080 (facsimile)
                                                    alouis@buckleysandler.com
                                                    mrooney@buckleysandler.com

                                                    *Counsel for JPMorgan Chase Bank, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 30, 2015, the foregoing motion was electronically filed with the Clerk of the Court using the ECF system, and I further certify that on the same date I caused to be mailed a copy of the foregoing by certified mail to these parties:

Randy Brown (*pro se*)
1417 Ames Place, NE
Washington, DC  20002

An additional copy was sent via email to Plaintiff at zeugma7@verizon.net.

/s/ Andrew R. Louis
Andrew R. Louis

28