**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RANDY BROWN, <br><br>    Plaintiff, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A., <br> OCWEN FINANCIAL CORPORATION, <br> OCWEN LOAN SERVICING, AND <br> SELECT PORTFOLIO SERVICES, <br><br>    Defendants. | Civil Action No. 14-2031 (ABJ) |

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S**
**MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

Defendant JPMorgan Chase Bank, N.A., incorrectly sued as "J.P. Morgan Chase" ("Chase") respectfully moves this Court, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), to dismiss all claims in the Amended Complaint ("Am. Compl.") against it.  The grounds for this motion are:

1.      Plaintiff lacks standing to seek his requested injunction against foreclosure because the Amended Complaint does not sufficiently allege that a foreclosure is "actual or imminent."

2.      The allegations in Counts V, VIII, IX, X, and XIII-XXII in the Amended Complaint fail to raise issues relating to any conduct by Chase.

3.      The breach of contract claim against Chase (Count VI) fails because it is based on an alleged oral agreement that violates the statute of frauds and otherwise fails to state a claim.

4.      Plaintiff's remaining claims against Chase (Counts I-IV, VII, XI, and XII) are time-barred because they are based on the allegedly discriminatory or unfair terms of the oral agreement allegedly formed in February 2009.  The statutes of limitation applicable to these claims range from 1-5 years, and Plaintiff filed his lawsuit more than 5 years after the alleged violations.

5.      Plaintiff's remaining claims against Chase (Counts I-IV, VII, XI, and XII) also must be dismissed because none sufficiently states a plausible claim for relief.

For these reasons, and the reasons articulated in more detail in the memorandum of points and authorities, incorporated herein, Defendant JPMorgan Chase Bank, N.A., respectfully requests that the Court GRANT this motion and DISMISS the claims in the Amended Complaint against Chase, with prejudice.

Dated:          February 19, 2015                    Respectfully submitted,


                                                     /s/ Andrew R. Louis
                                                     Andrew R. Louis (Bar No. 476722)
                                                     Mark E. Rooney (Bar No. 979097)
                                                     BUCKLEYSANDLER LLP
                                                     1250 24th Street NW, Suite 700
                                                     Washington, DC  20037
                                                     202-349-8000 (telephone)
                                                     202-349-8080 (facsimile)
                                                     alouis@buckleysandler.com
                                                     mrooney@buckleysandler.com

                                                     *Counsel for JPMorgan Chase Bank, N.A.*

# TABLE OF CONTENTS

MOTION TO DISMISS STANDARDS ........................................................................................ 3

ARGUMENT ................................................................................................................................ 5

   I.   PLAINTIFF LACKS STANDING TO SEEK A PRELIMINARY INJUNCTION .......... 5

   II.   PLAINTIFF'S BREACH OF CONTRACT CLAIM MUST BE DISMISSED ................. 7

      A.  The Alleged Oral Contract Violates the Statute of Frauds .......................................... 7

      B.  The Terms of the Alleged Contract are not Sufficiently Definite ................................ 8

   III.   PLAINTIFF'S OTHER CLAIMS ARE BARRED BY APPLICABLE LIMITATIONS
       PERIODS ........................................................................................................................ 9

   IV.   THE AMENDED COMPLAINT FAILS TO STATE A PLAUSIBLE CLAIM FOR
       RELIEF ......................................................................................................................... 11

      A.  FHA (Counts I, II, IV) ............................................................................................... 11

          1. The FHA does not require mortgage servicers to provide reasonable
            accommodations ................................................................................................. 12

          2. The regulation Plaintiff seeks to enforce is invalid .......................................... 14

          3. Plaintiff's allegations do not plausibly support a discrimination claim ........... 14

      B.  DC CPPA (Count III, XI, XII) ................................................................................. 15

          1. Plaintiff fails to state a claim for relief under D.C. Code § 28-3904(r) ........... 15

          2. Plaintiff fails to state a claim for relief under D.C. Code § 28-3904(e) or (f) .. 16

          3. Plaintiff fails to state a claim for relief under D.C. Code § 28-3904(q) .......... 17

      C.  ECOA (Count VII) .................................................................................................... 17

      D.  Breach of Fiduciary Duty (Count X) ........................................................................ 18

CONCLUSION ........................................................................................................................... 20

# TABLE OF AUTHORITIES

**Cases**                                                                   **Page(s)**

*Acosta Orellana v. CropLife Int'l.*,
   711 F. Supp. 2d 81 (D.D.C. 2010)........................................................................4

*Ajisefinni v. KPMG LLP*,
   17 F. Supp. 3d 28, 51 (D.D.C. 2014)..................................................................8

*\*Am. Ins. Ass'n v. HUD*,
   No. 13-00966 (RJL), 2014 WL 5802283 (D.D.C. Nov. 7, 2014)...........................14

*Anderson v. Wachovia Mortg. Corp.*,
   621 F.3d 261 (3d Cir. 2010)............................................................................18

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..............................................................................3, 4, 11

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..............................................................................3, 4, 11

*Bender v. Williamsport Area Sch. Dist.*,
   475 U.S. 534 (1986)......................................................................................6

*Biton v. Palestinian Interim Self–Gov't Auth.*,
   310 F. Supp. 2d 172 (D.D.C. 2004)..................................................................3

*Busby v. Capital One, N.A.*,
   772 F. Supp. 2d 268 (D.D.C. 2011)..................................................................4

*Calvin Klein Cosmetics Corp. v. Parfums de Coeur, Ltd.*,
   824 F.2d 665 (8th Cir. 1987) ..........................................................................6

*Chandler v. Roche*,
   215 F. Supp. 2d 166 (D.D.C. 2002)..................................................................3

*Chaplaincy of Full Gospel Churches v. England*,
   454 F.3d 290 (D.C. Cir. 2006)........................................................................4

*Choharis v. State Farm Fire and Cas. Co.*,
   961 A.2d 1080 (D.C. 2008) ..........................................................................20

*Church of Scientology Int'l v. Eli Lilly & Co.*,
   848 F. Supp. 1018 (D.D.C. 1994)....................................................................19

*Crisafi v. Holland*,
  655 F.2d 1305 (D.C. Cir. 1981) ........................................................................3

*Curry v. Bank of America Home Loans Servicing*,
  802 F. Supp. 2d 105 (D.D.C. 2011) .................................................................7

\* *Daniel v. Fulwood*,
  766 F.3d 57 (D.C. Cir. 2014) ..........................................................................11

*District of Columbia Redevelopment Land Agency v. Dowdey*,
  618 A.2d 153 (D.C. 1992) ................................................................................7

*Dominguez v. UAL Corp.*,
  666 F.3d 1359 (D.C. Cir. 2012) .....................................................................5, 6

*Fletcher v. Homecomings Fin. LLC*,
  No. 1:08-cv-393, 2010 WL 1665265 (M.D.N.C. Apr. 22, 2010) .........................12

\* *Fontaine v. JPMorgan Chase Bank, N.A.*,
  No. 13-cv-1892-KBJ, 2014 WL 2000346 (D.D.C. May 16, 2014) ....................3, 6

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*,
  528 U.S. 167, 120 S. Ct. 693, 145 L.Ed.2d 610 (2000) ....................................5

*Gaona v. Town & Country Credit*,
  324 F.3d 1050 (8th Cir. 2003) ........................................................................12

\* *George v. Napolitano*,
  693 F. Supp. 2d 125 (D.D.C. 2010) .................................................................5

*Ghaffari v. Wells Fargo Bank. N.A.*,
  No. 13-cv-00115-JEB, 2013 WL 6070364 (D.D.C. Nov. 19, 2013) ....................3

*Hargraves v. Capital City Mortg. Corp.*,
  140 F. Supp. 2d 7 (D.D.C. 2000) ...................................................................12

*Himmelstein v. Comcast of the District, L.L.C.*,
  908 F. Supp. 2d 49 (D.D.C. 2012) .................................................................20

*Hood v. Midwest Savings Bank*,
  95 Fed. App'x 768 (6th Cir. 2004) ..................................................................18

\* *Hunter on Behalf of A.H. v. District of Columbia*,
  No. 12-1960-GK, 2014 WL 4071333 (D.D.C. Aug. 18, 2014) ...........................13

*Jackson v. ASA Holdings*,
  751 F. Supp. 2d 91 (D.D.C. 2010) ...................................................................4

*Jerome Stevens Pharm., Inc. v. FDA,*
  402 F.3d 1249 (D.C. Cir. 2005) ................................................................3

* *K Street Developers., LLC v. Teachers Ins. and Annuity Ass'n of Am.,*
  No. 1:12-cv-666-CRC, 2014 WL 4698412 (D.D.C. Sept. 23, 2014) .......................8

*Khatib v. Alliance Bankshares Corp.,*
  846 F. Supp. 2d 18 (D.D.C. 2012) .............................................................4

*Koker v. Aurora Loan Servicing, LLC,*
  915 F. Supp. 2d 51 (D.D.C. 2013) ...........................................................11

*Landow v. Georgetown–Inland West Corp.,*
  454 A.2d 310 (D.C. 1982) .....................................................................7

*Lujan v. Defenders of Wildlife,*
  504 U.S. 555 (1992) ...........................................................................3

* *Mawalla v. Hoffman,*
  569 F. Supp. 2d 253 (D.D.C. 2008) .........................................................11

*McDevitt v. Wells Fargo Bank, N.A.,*
  946 F. Supp. 2d 160 (D.D.C. 2013) .........................................................20

*Molina v. FDIC,*
  870 F. Supp. 2d 123 (D.D.C. 2012) (Jackson, J.) ......................................5, 6

*Nat'l Cmty. Reinvestment Coalition v. NovaStar Fin., Inc.,*
  No. 07-861-RCL, 2008 WL 977351 (D.D.C. Mar. 31, 2008) .........................12, 14

*Paul v. Judicial Watch, Inc.,*
  543 F. Supp. 2d 1 (D.D.C. 2008) ............................................................19

* *Ponder v. Chase Home Finance, LLC,*
  666 F. Supp. 2d 45 (D.D.C. 2009) ........................................................8, 19

*Railan v. Katyal,*
  766 A.2d 998 (D.C. 2001) .....................................................................7

*Reed Elsevier, Inc. v. Muchnick,*
  559 U.S. 154 (2010) ...........................................................................9

* *Robinson v. Deutsche Bank Nat'l Trust Co.,*
  932 F. Supp. 2d 95 (D.D.C. 2013) ..........................................................16

*Smithrud v. City of St. Paul,*
  746 F.3d 391 (8th Cir. 2014) ................................................................11

*Squires v. Brown*,
   604 F. Supp. 2d 236 (D.D.C. 2009) ...............................................................9

*Texas Children's Hosp. v. Burwell*,
   No. 14-2060-EGS, 2014 WL 7373218 (D.D.C. Dec. 29, 2014)........................4

* *Thompson v. Bank of America, N.A.*,
   No. 14-5561, 2014 WL 6844931 (6th Cir. Dec. 5, 2014).............................18

*Tsintolas Realty Co. v. Mendez*,
   984 A.2d 181 (D.C. 2009) ..............................................................................8

*Worley v. Islamic Republic of Iran*,
   No. 12–2069-RCL, 2014 WL 6879852 (D.D.C. Dec. 8, 2014)........................9

**Statutes**

* 15 U.S.C. § 1691 ....................................................................1, 10, 17, 18

15 U.S.C. § 1692 .....................................................................................1, 2

42 U.S.C. § 3604 ...............................................................................*passim*

42 U.S.C. § 3605 ...................................................................................12, 13

* 42 U.S.C. § 3613 ........................................................................................11

* D.C. Code § 12-301 ....................................................................................11

* D.C. Code § 28-3502 ....................................................................................7

* D.C. Code § 28-3904 .........................................................................*passim*

**Other Authorities**

24 C.F.R. § 100.500 ................................................................................12, 14

Federal Rule of Civil Procedure 12(b)(6) ...........................................3, 9, 11, 18

Federal Rule of Civil Procedure 65(d) ........................................................6

Federal Rule of Civil Procedure 8(a) .........................................................4

Federal Rule of Procedure 12(b)(1) ......................................................1, 3, 9

Restatement Second of Torts 402(A)............................................................1

U.S. Constitution art. III, § 2 ....................................................................5

## MEMORANDUM OF POINTS AND
## AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

Plaintiff alleges that, after suffering a series of head injuries, he contacted his mortgage loan servicer, JPMorgan Chase Bank, N.A. ("Chase"), seeking an "accommodation" with respect to his mortgage payments.  Am. Compl. at 3-4.  According to Plaintiff, Chase orally agreed to "use lenient policies in servicing the account by being flexible about late payments" provided that Plaintiff's family members "immediately resolve any [loan] problems" and make payments on his mortgage loan upon demand.  *Id.* at 4-5.  With respect to the causes of action directed at Chase (Counts I-IV, VI-XII), the Amended Complaint alleges that the oral agreement did not adequately accommodate his head injury, or that the failure to document the agreement harmed him, thereby violating the Fair Housing Act ("FHA") (Counts I, II, IV), the Equal Credit Opportunity Act ("ECOA") (Count VII), and D.C. Code § 28-3904(e), (f), (q), and (r) (2013) of the DC Consumer Protection Procedures Act ("DC CPPA") (Counts III, XI, XII).  Plaintiff also alleges that Chase breached an alleged fiduciary duty owed to him (Count X),[1] and otherwise breached the oral agreement (Count VI).[2]  As recompense, Plaintiff seeks a temporary restraining

---

[1] Counts VIII and IX include claims directed at Chase based on the "Restatement Second of Torts 402(A)."  But Section 402 of the Restatement (there is no subsection "(A)") concerns duties owed by "seller[s] of a chattel manufactured by a third person," which is not relevant to Plaintiff's claims.  Accordingly, these Counts should be dismissed against Chase.  To the extent the Court allows these claims, because the allegations in Counts VIII and IX are duplicative of Count X (alleging breach of fiduciary duty), Counts VIII and IX should be dismissed for the same reasons that Count X should be dismissed.  *See* Section IV.D, below.

[2] Plaintiff's original Complaint included a claim against Chase under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.  *See* Compl., ECF No 1, Count V.  Perhaps recognizing that he did not (and cannot) allege that Chase was acting as a "debt collector" under the FDCPA, or attempting to collect a debt in violation of the FDCPA, Plaintiff's Amended Complaint clarifies that the FDCPA claim is not directed at Chase.  *See* Am. Compl. at 12 ("FDCPA [claim] more accurately applies to the servicers subsequent to Chase….").  To the extent Plaintiff argues that his FDCPA claim is directed at Chase, Chase incorporates the

*Continued on next page…*

1

order against "further discriminatory actions," an order enjoining a foreclosure on his property, and unspecified compensatory and punitive damages. Am. Compl. at 3, 38.[3]

But Plaintiff's Amended Complaint can and should be dismissed against Chase for at least four independent reasons.[4] <u>First</u>, Plaintiff lacks standing to seek his requested injunction against foreclosure because his allegations regarding a potential foreclosure do not support a claim that such an action in "actual or imminent." <u>Second</u>, Plaintiff's breach of contract claim against Chase (Count VI) violates the statute of frauds and does not otherwise satisfy the elements of a breach of contract claim. <u>Third</u>, Plaintiff's non-breach of contract claims against Chase (Counts I-IV, VII, and X-XII) are time-barred because they are based on the allegedly discriminatory or unfair terms of the oral agreement, or the alleged failure to document the terms of that agreement, which was allegedly formed in February 2009. None of the statutes of limitation applicable to those claims is longer than five years, and Plaintiff waited nearly six years to file suit. <u>Fourth</u>, Plaintiff has not sufficiently stated plausible claims for relief under any of his causes of action.[5]

---

*Continued from prior page…*

arguments it made in support of dismissal of these claims in its prior motion to dismiss. ECF No. 10, at 16-17 (FDCPA claims time-barred), 22 (FDCPA count fails to state claim for relief).

[3] The Amended Complaint adds entities that Plaintiff alleges were the subsequent servicers of his mortgage loan and claims against those entities. *See* Am. Compl., Counts XIII-XXII. These claims are not directed at Chase. The Amended Complaint does include two headers suggesting that Plaintiff believes that all Defendants should be jointly and severally liable. *See* Am. Compl. at 27, 37. But these bald assertions are far too conclusory to justify the imposition of such liability.

[4] To the extent that the other defendants in this case also file dispositive motions, and those motions raise additional grounds that would also warrant dismissal of Chase, Chase hereby incorporates those motions herein by reference.

[5] While not listed as a separate cause of action, Plaintiff asserts that Chase's alleged "deceptive business practices" somehow constitute violations of the Consent Judgment between Chase and the Office of the Comptroller of the Currency. *See* Am. Compl. at 13-14. Even if Chase had

*Continued on next page…*

## MOTION TO DISMISS STANDARDS

**Pro Se Pleadings.**  While a *pro se* complaint can be construed somewhat more liberally than a complaint drafted by an attorney, a *pro se* complaint must still "present a claim on which the Court can grant relief."  *Chandler v. Roche*, 215 F. Supp. 2d 166, 168 (D.D.C. 2002) (citing *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981)).

**Rule 12(b)(1).**  When a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears "the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction."  *Biton v. Palestinian Interim Self–Gov't Auth.*, 310 F. Supp. 2d 172, 176 (D.D.C. 2004); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  Where, as here, a factual challenge is made, a court considering a Rule 12(b)(1) motion "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction."  *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) (citation omitted).

**Rule 12(b)(6).**  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's pleadings must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Instead, the pleadings must contain factual allegations sufficient "to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  This requires a brief and plain statement of the claim that provides the

---

*Continued from prior page…*

violated the Consent Judgment—it has not—Plaintiff lacks standing to enforce it.  *See Fontaine v. JPMorgan Chase Bank, N.A.*, No. 13-cv-1892-KBJ, 2014 WL 2000346, at *5 (D.D.C. May 16, 2014) ("[I]ndividual borrowers … are neither parties to the Consent Judgment nor a member of the monitoring committee, and therefore are not in a position to enforce any obligation imposed on the parties to that judgment."); *see also Ghaffari v. Wells Fargo Bank. N.A.*, 6 F. Supp. 3d 24, 30 (D.D.C. 2013) ("[C]laims by individual borrowers, such as Plaintiff, are excluded from the Consent Judgment.").

defendant with fair notice of the claims and their bases.  Fed. R. Civ. P. 8(a); *Busby v. Capital One, N.A.*, 772 F. Supp. 2d 268, 274 (D.D.C. 2011).

Such allegations cannot be suggestions or mere formulaic recitation of the elements; they must be sufficient to allow a court "drawing on its judicial experience and common sense, to infer more than the 'mere possibility of misconduct.'"  *Jackson v. ASA Holdings*, 751 F. Supp. 2d 91, 96 (D.D.C. 2010) (quoting *Iqbal*, 556 U.S. at 679).  Indeed, the claim must be "plausible on its face," *Twombly*, 550 U.S. at 570, and must provide "more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678.

While factual allegations should be accepted as true, they need only be accepted if they could plausibly entitle relief.  *Acosta Orellana v. CropLife Int'l.*, 711 F. Supp. 2d 81, 89 (D.D.C. 2010).  A court is not required to accept as true legal conclusions or inferences that are conclusory and unsupported by fact.  *Iqbal*, 556 U.S. at 677-78; *Busby*, 772 F. Supp. 2d at 275.

**Preliminary Injunction.**  To obtain a preliminary injunction in this Court, a plaintiff must demonstrate (i) a substantial likelihood of success on the merits; (ii) that the plaintiff would suffer irreparable injury if the injunction is not granted; (iii) that an injunction would not substantially injure other interested parties; and (iv) that the public interest would be furthered by an injunction.  *See, e.g., Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006) (citation omitted).  A preliminary injunction is an "extraordinary remedy" that is only appropriate upon a clear showing that the plaintiff is entitled to relief.  *Khatib v. Alliance Bankshares Corp.*, 846 F. Supp. 2d 18, 25 (D.D.C. 2012).  The irreparable injury prong alone is a "high standard" requiring a "clear and present need for equitable relief to prevent irreparable harm."  *Texas Children's Hosp. v. Burwell*, No. 14-2060-EGS, 2014 WL 7373218, at *13 (D.D.C. Dec. 29, 2014) (citation and quotation omitted).

## ARGUMENT

### I.  Plaintiff Lacks Standing to Seek a Preliminary Injunction

Plaintiff seeks a preliminary injunction enjoining the foreclosure of his property.  Am. Compl. at 38.[6]  But he lacks standing to seek such an injunction because he does not sufficiently allege that a foreclosure is "actual or imminent."

It is axiomatic that the Court's subject matter jurisdiction is restricted to "actual ongoing cases or controversies."  *Molina v. FDIC*, 870 F. Supp. 2d 123, 128 (D.D.C. 2012) (Jackson, J.) (citing U.S. Const. art. III, § 2).  Thus, a plaintiff lacks standing unless he demonstrates that a case or controversy exists by showing that (1) he has suffered an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical"; (2) that the injury is "fairly traceable" to the conduct of the defendant; and (3) that it is likely that the injury will be redressed by a favorable decision.  *George v. Napolitano,* 693 F. Supp. 2d 125, 129-30 (D.D.C. 2010) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-81, 120 S. Ct. 693, 145 L.Ed.2d 610 (2000)).[7]

---

[6] Although the Complaint includes vague allegations regarding damages (*see* Am. Compl. at 3 ("Plaintiff seeks … compensatory and punitive damages …"), 17 ("Defendant's acts of disability discrimination caused Plaintiff to suffer financial loss, mental and emotional distress, physical injury, humiliation, and indignity."), 19 ("Defendant's actions of disability discrimination caused harm to Plaintiff's mortgage account subjecting Plaintiff to financial and emotional harm."), and 23 ("Defendant's breach of the oral agreement causes financial, emotional, [and] physical harm.")), Plaintiff's prayer for relief is limited to a request to issue a preliminary injunction against foreclosure and "a temporary restraining order from further discriminatory actions," making no mention of damages.  *See* Am. Compl. at 39 (prayer for relief); *see also* Civil Cover Sheet (ECF No. 1-1) at 2 (no demand for damages made), and 3 (expressly seeking only "injunction" in "Demand $" section).  Accordingly, Plaintiff's lack of standing to seek the requested injunction against Chase requires the dismissal of all claims against Chase.  To the extent Plaintiff argues that he intends to seek damages, the requested damages are far too vague, imprecise, and conclusory to survive dismissal.

[7] The Article III limitation on judicial power to resolve cases and controversies is "no mere formality."  *Dominguez v. UAL Corp.*, 666 F.3d 1359, 1361 (D.C. Cir. 2012).  Every federal

*Continued on next page…*

Plaintiff lacks standing to seek an injunction against foreclosure because he never sufficiently alleges that such a foreclosure is "actual or imminent."  To the contrary, the Amended Complaint avers that Chase's alleged conduct has only "*expos[ed]* plaintiff to default and foreclosure." Am. Compl. at 11 (emphasis added).  And while Plaintiff baldly alleges that in September 2013 "foreclosure was imminent" (*id*. at 29), all of his other allegations make clear the mere potentiality of foreclosure.  *Id*. at 24 (alleging that subsequent loan servicer threatened foreclosure); *see also id.* at 28, 29, 32, 34-35, 36, 37, 38.  Notably, Plaintiff never alleges that any foreclosure proceeding was initiated.  Such allegations regarding the potential for a foreclosure are insufficient to support standing to seek an injunction against foreclosure.  *See Fontaine v. JPMorgan Chase Bank, N.A.*, No. 13-cv-1892-KBJ, 2014 WL 2000346, at *4 (D.D.C. May 16, 2014) (holding that court lacks subject matter jurisdiction over plaintiff's claim for injunctive relief where "complaint raises only the specter of potential foreclosure…").  *See also Molina*, 870 F. Supp. 2d at 131-32 (plaintiff's claim that he "will inevitably be injured" by allegedly discriminatory mortgage servicing found to be insufficiently imminent to satisfy requirements of standing).  Accordingly, the Amended Complaint should be dismissed because Plaintiff lacks standing to seek the injunctive relief requested.[8]

---

*Continued from prior page…*
court has a "special obligation" to ensure that it has jurisdiction before addressing the merits of any action.  *Id.* at 1362 (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).  Standing is a necessary predicate to any exercise of federal jurisdiction.  *Id.* at 1361.

[8] The Amended Complaint adds a request for a temporary restraining order against "further discriminatory actions" by Defendants.  Am. Compl. at 38.  This request must be denied because the entry of such an order would not provide Defendants with "fair notice" of what specific conduct is prohibited.  *See Calvin Klein Cosmetics Corp. v. Parfums de Coeur, Ltd.*, 824 F.2d 665, 669 (8th Cir. 1987) (citing Fed. R. Civ. P. 65(d)).

## II. **Plaintiff's Breach of Contract Claim Must be Dismissed**

Plaintiff's breach of contract claim (Count VI) must be dismissed because the oral

agreement alleged by Plaintiff runs afoul of the statute of frauds.  In addition, Plaintiff's claims

related to such an agreement fail to support the existence of an enforceable contract.

### A. **The Alleged Oral Contract Violates the Statute of Frauds**

In the District of Columbia:

> An action may not be brought ... upon a contract or sale of real estate, of
> any interest in or concerning it ... unless the agreement upon which the
> action is brought, or a memorandum or note thereof, is in writing, ...
> signed by the party to be charged therewith or a person authorized by him.

D.C. Code § 28-3502.  *See also Railan v. Katyal*, 766 A.2d 998, 1007 (D.C. 2001) (the "statute

of frauds mandates that certain agreements, including those concerning real estate, must be in

writing to guard against perjury and protect against unfounded and fraudulent claims") (internal

quotation omitted).  Plaintiff's alleged oral mortgage loan modification clearly "concern[s] real

estate," and because it is not in writing, violates the statute of frauds.  *Curry v. Bank of America

Home Loans Servicing*, 802 F. Supp. 2d 105, 109-10 (D.D.C. 2011) (refusing to allow plaintiff to

amend Amended Complaint to add breach of contract claim where alleged contract was oral loan

modification violative of statute of frauds) (citing *District of Columbia Redevelopment Land

Agency v. Dowdey*, 618 A.2d 153, 156 n.1 (D.C. 1992), and *Landow v. Georgetown–Inland West

Corp.*, 454 A.2d 310 (D.C. 1982)).

Plaintiff, while acknowledging that the alleged oral agreement violates the statute of

frauds, argues in his Amended Complaint that Chase should be estopped from relying on the

statute of frauds as a defense.  Am. Compl. at 8-9.  As an initial matter, according to Plaintiff,

Chase "conceal[ed] the contractual implications of the family's conduct by refusing to document

the conduct on the part of the family that denotes performance in the terms of the oral

agreement." *Id*. at 8.  Plaintiff appears to be arguing that Chase is estopped from the statute of

frauds defense because it allegedly misrepresented or concealed material facts relating to the

agreement.  But this argument is wholly inconsistent with Plaintiff's Amended Complaint, which

describes the terms of the alleged oral agreement, and avers that Plaintiff and his family

consistently lived up to their side of it.  *See, e.g., id*. at 9.

Because the oral agreement alleged by Plaintiff violates the statute of frauds, the breach

of contract claim must be dismissed.

### B.  The Terms of the Alleged Contract are not Sufficiently Definite

Even if the alleged oral agreement did not violate the statute of frauds, its material

terms—even as alleged by Plaintiff—are not sufficiently definite to create an enforceable

contract that is capable of being breached.

In the District of Columbia, a claim for breach of contract requires a plaintiff to allege

four elements:  (i) a valid contract existed between the parties; (ii) an obligation or duty arising

out of the contract; (iii) a breach of that duty; and (iv) damages caused by that breach.  *See, e.g.*,

*Ajisefinni v. KPMG LLP*, 17 F. Supp. 3d 28, 51 (D.D.C. 2014) (citing *Tsintolas Realty Co. v.*

*Mendez*, 984 A.2d 181, 187 (D.C. 2009)).  For an oral contract to be enforceable, a plaintiff must

demonstrate both "an agreement as to all the material terms and an objective manifestation of the

parties' intent to be bound" by the alleged oral contract.  *K Street Developers., LLC v. Teachers*

*Ins. and Annuity Ass'n of Am.*, No. 1:12-cv-666-CRC, 2014 WL 4698412, at *5 (D.D.C. Sept.

23, 2014).  All material terms, including subject matter, price, payment terms, and duration, must

be "sufficiently definite" so that each party can be reasonable certain what is expected under the

contract and how to perform.  *Id.* (quotation and citation omitted); *Ponder v. Chase Home*

*Finance, LLC*, 666 F. Supp. 2d 45, 48-49 (D.D.C. 2009); *Squires v. Brown*, 604 F. Supp. 2d 236, 239 (D.D.C. 2009).

But despite the fact that most of the Amended Complaint relies on the existence of an oral agreement, Plaintiff never adequately alleges a basic requirement of a contract: that the material terms are sufficiently definite. Plaintiff alleges that Chase breached the oral agreement to service his loan leniently because at some point it stopped contacting Plaintiff's family to request payments and transferred the servicing of the loan to another entity. Am. Compl. at 22-23. But Plaintiff's own descriptions of what Chase allegedly promised are vague and varying. Specifically, Plaintiff alleges that the oral agreement included a promise by Chase to provide "more lenient terms on Plaintiff's loan" (*id*. at 5), or "use a lenient policy concerning late payments" (*id*. at 6), or "provid[e] a more lenient payment arrangement (or loan modification)" (*id*. at 12), or "allow[] a more lenient payment policy that would allow late payments" (*id*. at 22), or "provide lenient terms with respect to payments" (*id*. at 26). These alleged terms are far too indefinite to be enforceable. And the lack of such a definitive material term regarding what it was Chase promised to do means that no contract was formed, and therefore there can be no breach. Accordingly, Count VI must be dismissed.

### III. Plaintiff's Other Claims are Barred by Applicable Limitations Periods

Plaintiff's remaining claims against Chase (Counts I-IV, VII, and X-XII) are time-barred by the statutes of limitation applicable to each claim.[9] Specifically, each of these claims is based

---

[9] The time bar allows for dismissal pursuant to Rule 12(b)(6). Dismissal is also appropriate under Rule 12(b)(1) (lack of subject matter jurisdiction) for those claims whose statute of limitations is considered jurisdictional. Generally speaking, to determine whether a limitations provision is jurisdictional, a court looks to its "text, context, and relevant historical treatment." *Worley v. Islamic Republic of Iran*, No. 12–2069-RCL, 2014 WL 6879852, at *10 (D.D.C. Dec. 8, 2014) (quoting *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010)). If the statute clearly states that the limitations period is jurisdictional, a court should treat it as such. *Id.*

*Continued on next page…*

on the alleged creation of and/or alleged failure to document the February 2009 oral agreement

to modify the payment terms of Plaintiff's mortgage.  Am. Compl. at 3-4 (alleging contact with

Chase customer service in February 2009 to discuss potential "accommodation").  According to

Plaintiff, the terms of the alleged oral agreement failed to adequately accommodate his disability

in violation of the FHA (*id.* at 6, 10, and 11-12, and Counts I-II, IV (alleging that issuance of an

oral mortgage agreement violates FHA)), the DC CPPA (*id.* at 9-10, and Counts III, XI, and XII

(alleging that formation, provision, and execution of oral agreement violates DC CPPA)), and

ECOA (*id.* at 13, and Count VII (alleging that use of oral agreement is "at variance with loan

servicing protocols" in violation of ECOA)), and in breach of the fiduciary duty Chase allegedly

owed to Plaintiff (*id.* at 14-15, and Count X (alleging that Chase breached its duty to provide

Plaintiff with a reasonable accommodation and document the terms of the alleged oral

agreement)).[10]  Plaintiff did not file suit until December 2014, nearly six years later.

---

*Continued from prior page…*

(citation omitted).  Absent a clear textual indication, the court should consider the structure of the statute or long-standing precedent.  *Id.* (citation omitted).  Insofar as the Court finds that the time limitations on any or all of Plaintiff's claims are jurisdictional in nature, Defendants aver that the Court should dismiss those claims under Rule 12(b)(1).

[10] Plaintiff occasionally alleges that unspecified breaches of the oral agreement constitute violations of certain statutory provisions.  *See, e.g.*, Am. Compl. at 16 (alleging that Chase violated FHA "in all aspects of the oral mortgage agreement, by omitting to document Plaintiff's account concerning the oral agreement and breaching promises relevant to the agreement"), 17 ("Defendant's breach of promise and omissions concerning the oral agreement constitute acts of discrimination…" in violation of FHA), 24 (ECOA claim based in part on "Defendant's issuing an oral mortgage agreement then breaching the promises relating to the agreement…").  It appears that these alleged breaches may be based on the alleged failure by Chase to document the terms of the oral agreement.  *See, e.g., id.* at 20, para. (d).  If this is the case, then the alleged breach occurred contemporaneously with the creation of the agreement, and therefore the "failure to document" allegation is also barred by the applicable statutes of limitation.  If the alleged breach supporting these claims is something other than the failure to document the agreement, Plaintiff never alleges what it is or when it occurred.

The relevant statutes of limitations for the causes of action in Counts I-V, VII, and X-XII range from one to five years.  *See* 42 U.S.C. § 3613(a)(1)(A) (two-year statute of limitations for FHA claims); *Smithrud v. City of St. Paul*, 746 F.3d 391, 395 (8th Cir. 2014) (same); D.C. Code § 12-301 (three-year statute of limitations applicable for claims under DC CPPA); *Koker v. Aurora Loan Servicing, LLC*, 915 F. Supp. 2d 51, 58-59 (D.D.C. 2013) (same); 15 U.S.C. § 1691e (five-year statute of limitations for ECOA claims); *Mawalla v. Hoffman*, 569 F. Supp. 2d 253, 257 (D.D.C. 2008) (three-year statute of limitations for breach of fiduciary duty claims). Because each of these claims has a statute of limitations less than the period in which Plaintiff filed his lawsuit, Plaintiff's claims in Counts I-IV, VII, and X-XII are time-barred.

## IV. The Amended Complaint Fails to State a Plausible Claim for Relief

Even if Plaintiff's claims were not barred by the statute of frauds or applicable statutes of limitation, each must be dismissed under Rule 12(b)(6) for failure to state any viable cause of action.  None of Plaintiff's allegations constitutes a plausible claim entitling him to relief.

Under the *Twombly* and *Iqbal* standards, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  *Daniel v. Fulwood*, 766 F.3d 57, 61 (D.C. Cir. 2014) (citing *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 570) (quotations omitted).  To survive a motion to dismiss, a complaint must plead factual content that allows a court to draw a reasonable inference that the defendant is liable for the alleged wrongdoing.  *Id.*  For each cause of action, Plaintiff's Amended Complaint fails to meet these standards and therefore should be dismissed.

### A. FHA (Counts I, II, IV)

The Amended Complaint includes three causes of action under the FHA.  Count I alleges that Chase violated the FHA because the alleged oral agreement did not adequately

accommodate Plaintiff's cognitive disability.  Counts II and IV allege that Chase violated 24

C.F.R. § 100.500 and 42 U.S.C. § 3604, respectively, by discriminating against Plaintiff on the

basis of his disability.  None of these causes of action adequately states a claim for relief under

the FHA.

1.  <u>The FHA does not require mortgage servicers to provide reasonable accommodations.</u>

In Count I, Plaintiff alleges that Chase violated the FHA because the alleged oral

agreement did not adequately accommodate Plaintiff's cognitive disability.  Am. Compl. at 16-

17.  But Count I fails to state a claim because the FHA simply does not require mortgage

servicers to provide reasonable accommodations to disabled persons.  *See, e.g.*, *Gaona v. Town*

*& Country Credit*, 324 F.3d 1050, 1057 (8th Cir. 2003) (FHA section applicable to mortgages

"does not define discrimination to include a lender's refusal to make reasonable

accommodations"); *Fletcher v. Homecomings Fin. LLC*, No. 1:08-cv-393, 2010 WL 1665265

(M.D.N.C. Apr. 22, 2010) (same).  Generally speaking, issues relating to mortgage lending and

servicing are addressed in 42 U.S.C. § 3605, the section covering real estate-related transactions.

Conversely, the "reasonable accommodations" language in the FHA comes from 42 U.S.C. §

3604(f)(3)(B).

It is true that this Court at times has noted that the broader purpose of Section 3604

suggests that it may be read to apply to mortgage lending in some circumstances.  *See, e.g.*, *Nat'l*

*Cmty. Reinvestment Coalition v. NovaStar Fin., Inc.*, No. 07-861-RCL, 2008 WL 977351

(D.D.C. Mar. 31, 2008); *Hargraves v. Capital City Mortg. Corp.*, 140 F. Supp. 2d 7 (D.D.C.

2000).  But those cases specifically examined and relied upon the language in 42 U.S.C. §

3604(a), which makes it unlawful to "otherwise make unavailable or deny" housing.  *See*

*NovaStar Fin.*, No. 07-861-RCL, 2008 WL 977351, at *1-2.  At issue in this case, however, is 42

12

U.S.C. § 3604(f), which bars discrimination based on handicap and defining discrimination to include a refusal to make "reasonable accommodations."  *See* 42 U.S.C. § 3604(f)(3)(B).

Significantly, a plain reading of sub-section (f) reveals some major differences from sub-section (a).  Sub-section (f) makes it illegal to

(1) discriminate in the sale or rental, or otherwise make unavailable or deny, a dwelling to any *buyer or renter* because of handicap […]; or

(2) discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling because of handicap […]

42 U.S.C. § 3604(f)(1)-(2) (emphasis added).  Under § 3604(f)(1), notwithstanding the "or otherwise make unavailable or deny" language, a plaintiff must establish that he is a "buyer or renter."  *Compare* 42 U.S.C. § 3604(a) (making it unlawful to "otherwise make unavailable or deny[] a dwelling to *any person*") (emphasis added) *with* 42 U.S.C. § 3604(f)(1) (making it unlawful to "otherwise make unavailable or deny[] a dwelling to any *buyer or renter*") (emphasis added); *see also Hunter on behalf of A.H. v. District of Columbia*, No. 12-1960-GK, 2014 WL 4071333, at *14 (D.D.C. Aug. 18, 2014) (holding that cases decided under § 3604(a) "do not provide support for the proposition that the 'otherwise make unavailable or deny' language in section 3604(f)(1) means that Plaintiffs do not have to establish that they were a 'buyer or renter'").  Because Plaintiff's allegations relate to his status as a mortgagor, and not a "buyer or renter," section 3604(f)(1) does not apply to his claim.

Similarly, § 3604(f)(2) does not apply to mortgage lending and thus cannot support Plaintiff's claim.  Overcoming the normal division between § 3604 (relating to discrimination in the sale or rental of housing) and § 3605 (covering discrimination in real estate-related transactions such as mortgages) requires the Court to identify some specific language warranting a broader reading of § 3604.  *See Hunter on behalf of A.H.,* 2014 WL 4071333, at *14.  Sub-

section 3604(f)(2) plainly lacks the "otherwise make unavailable or deny" language that this Court has said is necessary to support application of § 3604 to mortgage lending and servicing. *See Nat'l Cmty. Reinvestment Coalition*, 2008 WL 977351, at *2. Without it, Plaintiff, as a mortgagor making allegations about the servicing of his mortgage, cannot rely on § 3604 and thus Count I fails to state a claim for relief under the FHA.

2.   The regulation Plaintiff seeks to enforce is invalid.

In Count II, Plaintiff alleges that Chase violated 24 C.F.R. § 100.500 by discriminating against Plaintiff on the basis of his disability. Am. Compl. at 17-18. As an initial matter, Count II fails to state a claim for the straightforward reason that this Court recently held that HUD exceeded its authority when it promulgated 24 C.F.R. § 100.500, thereby invalidating the regulation Plaintiff seeks to enforce. *Am. Ins. Ass'n v. HUD*, No. 13-00966 (RJL), 2014 WL 5802283 (D.D.C. Nov. 7, 2014). And even if the regulation were valid, Plaintiff fails to adequately allege that Chase engaged in discrimination for the reasons set forth in Section 3.

3.   Plaintiff's allegations do not plausibly support a discrimination claim.

In support of Count IV, Plaintiff alleges that Chase discriminated against him on the basis of his disability by providing the oral mortgage agreement and failing to document it. Am. Compl. at 20. But Plaintiff never adequately explains how Chase treated him differently—the *sine qua non* of a discrimination claim—based on his disability. Rather, Plaintiff asserts conclusorily that he was disparately treated because Chase entered into an oral loan agreement that was not documented, and he suffers from a cognitive disability. Such conclusory allegations and leaps of logic do not plausibly support claims of discrimination.

Indeed, Plaintiff's allegations—taken as true for purposes of this argument—more plausibly suggest that Chase was trying to work with Plaintiff to address his needs. Having already modified Plaintiff's loan once, according to Plaintiff, Chase was unable to re-modify the

14

modified loan.  Am. Compl. at 4.  Thus, Chase allegedly agreed to "use lenient policies in

servicing the account by being flexible about late payments" and accept payments from certain

of Plaintiff's family members.[11]  *Id*. at 4-5.

     For each of these reasons, Plaintiff's FHA claims in Counts I, II, and IV should be

dismissed.

### B.  DC CPPA (Counts III, XI, XII)

     The Amended Complaint includes three causes of action under the DC CPPA.  Count III

alleges that Chase violated D.C. Code § 28-3904(r) simply by providing him with an oral

mortgage agreement.  Am. Compl. at 19.  Count XI alleges that Chase violated D.C. Code § 28-

3904(e) and (f) by failing to document the terms of the alleged oral agreement and the existence

of a fiduciary relationship between Chase and Plaintiff.  *Id*. at 26-27.  And Count XII alleges that

Chase violated D.C. Code § 28-3904(q) by failing to provide Plaintiff with a written copy of the

oral agreement.  *Id*. at 27.  These causes of action do not adequately state claims for relief for the

following reasons.

#### 1.  Plaintiff fails to state a claim for relief under D.C. Code § 28-3904(r).

     D.C. Code § 28-3904(r) makes it illegal to employ "unconscionable terms or provisions

of sales or leases."  In construing § 28-3904(r)(5) courts may look to whether the defendant

knowingly took advantage of a plaintiff's physical or mental infirmities.  D.C. Code § 28-

3904(r)(5).  But Plaintiff fails to state a claim for relief under § 28-3904(r) for at least two

---

[11] Although beyond the scope of this motion to dismiss, Chase notes that most loan agreements
allow servicers to waive late fees at their discretion without waiving their rights to enforce the
terms of the loan, that loan servicers routinely allow borrowers to authorize third persons to
communicate with the servicer regarding the loan, and that servicers typically accept payments
on accounts from sources other than the borrower.  Thus, far from adding up to an improper oral
loan modification, Plaintiff's allegations are much more suggestive of a servicer servicing a
mortgage loan pursuant to and consistent with the existing, and written, terms of the loan.

reasons.  <u>First</u>, for the reasons described in Section II, above, no valid agreement was ever

reached, and therefore there can be no claim based on the existence of any unconscionable terms.

*See Robinson v. Deutsche Bank Nat'l Trust Co.*, 932 F. Supp. 2d 95, 102-3 (D.D.C. 2013).

 <u>Second</u>, Plaintiff never identifies a single unconscionable term or provision of the alleged

oral agreement.  Nor could he, because those alleged terms were that Chase would "use more

lenient terms on Plaintiff's loan"—or some variation on that theme (*see*, *supra*, Section II

(describing various alleged promises to service loan leniently))—and allow Plaintiff's family

members to make payments on the loan.  Am. Compl. at 4-5.

 The lack of any unconscionable terms—either because there are no terms at all or those

terms are not, as a matter of law, unconscionable, requires the dismissal of Count III.

  2. <u>Plaintiff fails to state a claim for relief under D.C. Code § 28-3904(e) or (f).</u>

 The DC CPPA prohibits any person from misrepresenting "a material fact which has a

tendency to mislead" or "fail[ing] to state a material fact if such failure tends to mislead."  D.C.

Code § 28-3904(e), (f).  But Plaintiff's claim under subsection (e) must be dismissed because he

never alleges any misrepresentation of fact, regardless of materiality or tendency to mislead.

Rather, this claim is based on the alleged failure to document an oral agreement.  Am. Compl. at

26-27.[12]  And just because Plaintiff alleges a "failure" to take certain action does not render the

claim actionable under subsection (f).  Indeed, Plaintiff never alleges what fact (whether or not

material or misleading) Chase failed to state sufficient to render its conduct actionable under §

28-3904(f).  To the contrary, the Amended Complaint is replete with Plaintiff's allegations

regarding the terms of the alleged oral agreement that Chase allegedly proposed, dispelling any

---

[12] Count X also incorporates, without context or explanation, Plaintiff's allegations relating to the alleged existence of a fiduciary relationship between Plaintiff and Chase.  No fiduciary relationship ever existed, as explained in Section IV.D., *infra*.

notion that Chase failed to state any material facts.  Finally, because no such agreement or duty

exists (*see* Sections II and IV.D, respectively), Chase cannot be faulted—under the DC CPPA or

otherwise—for an alleged failure to document them.

Accordingly, Count XI must be dismissed for failure to state a claim.

> 3.   Plaintiff fails to state a claim for relief under D.C. Code § 28-3904(q).

D.C. Code § 28-3904(q) makes it illegal to "fail to supply to a consumer a copy of a sales

or service contract, lease, promissory note, trust agreement, or other evidence of indebtedness

which the consumer may execute."  As an initial matter, this claim must be dismissed because no

agreement existed that could have been provided to Plaintiff.  *See* Section II, *supra*.  In addition,

the alleged oral agreement, as described by Plaintiff, is not "a sales or service contract, lease,

promissory note, trust agreement, or other evidence of indebtedness."  If it is anything, Plaintiff

alleges that it is an accommodation of an existing agreement that Plaintiff does not allege was

not provided to him.

Accordingly, Count XII must be dismissed for failure to state a claim.

## C.   **ECOA (Count VII)**

Plaintiff alleges that Chase violated ECOA because he is a member of a protected class

and Chase issued an oral mortgage agreement and breached it.  Am. Compl. at 23-24.  Plaintiff's

allegations do not support an ECOA claim.

ECOA prohibits creditors from discrimination in a credit transaction.  *See* 15 U.S.C. §

1691 (defining scope of prohibited acts under ECOA); 15 U.S.C. § 1691e (creating civil liability

for violations of ECOA).  To establish a prima facie case under ECOA, a plaintiff must establish

that (i) he is a member of a protected class; (ii) he applied for credit from the defendant; (iii) he

was denied credit despite being qualified; and (iv) the creditor continues to approve loans for

others with similar qualifications.  *See, e.g.*, *Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 268 n.5 (3d Cir. 2010); *Hood v. Midwest Savings Bank*, 95 Fed. App'x 768, 778 (6th Cir. 2004).

Plaintiff makes none of the required allegations.  Indeed the entire premise of Plaintiff's lawsuit is that Chase violated a duty to provide Plaintiff an accommodation, but ECOA does not create any such duty.  The Amended Complaint makes no mention of any credit application, any denial of credit, or that Plaintiff was qualified to receive credit.  Instead Plaintiff makes only general allegations about an alleged promise to use "lenient" terms or policies in the servicing of his *existing* mortgage.  Am. Compl. at 5, 6, 12, 22, 26.  Even construing this as a request for a mortgage modification (an interpretation not supported by the Amended Complaint)[13] the allegations are not enough to present a claim for relief under ECOA.  *See, e.g.*, *Thompson v. Bank of America, N.A.*, No. 14-5561, 2014 WL 6844931, at *8 (6th Cir. Dec. 5, 2014) (affirming Rule 12 dismissal of ECOA claim because bank defendant's alleged refusal to modify mortgage loan did not constitute a denial of credit under ECOA).

Accordingly, Count VII must be dismissed for failure to state a claim.

### D.  Breach of Fiduciary Duty (Count X)

Plaintiff alleges that Chase breached a fiduciary duty to him "by omitting to document Plaintiff's disability status and honor the terms of the [alleged oral] agreement."  Am. Compl. at 26.  Plaintiff's claim for breach of fiduciary duty fails to state a claim, however, because no such duty exists between Chase and Plaintiff and Plaintiff's allegations do not plausibly state any breach.

---

[13] Indeed, Plaintiff acknowledges that he was not entitled to a further modification because, he alleges, he had already received a loan modification.  Am. Compl. at 4-5.

To state a claim for breach of fiduciary duty in the District of Columbia, Plaintiff must allege that "(i) the defendant had a fiduciary duty to the plaintiff, (ii) the defendant breached that duty, and (iii) the breach was the proximate cause of an injury." *See Paul v. Judicial Watch, Inc.*, 543 F. Supp. 2d 1, 5 (D.D.C. 2008). Absent special circumstances, no fiduciary relationship exists between a borrower and lender. *Ponder v. Chase Home Fin., LLC*, 666 F. Supp. 2d 45, 49 (D.D.C. 2009). And while Plaintiff attempts to allege such circumstances, his allegations fall short of those needed to establish a fiduciary relationship. Significantly, this Court has held that "[t]he existence of a fiduciary relationship would depend on whether the parties, through the past history of the relationship and their conduct, had extended the relationship beyond the limits of the contractual obligations." *Church of Scientology Int'l v. Eli Lilly & Co.*, 848 F. Supp. 1018, 1028 (D.D.C. 1994) (citations omitted).

At the outset, Plaintiff acknowledges, as he must, that his relationship with Chase is a contractual one. Plaintiff's sole basis for alleging that the relationship is more than contractual is his allegation he suffers from a "mental disability" that he allegedly communicated to Chase. Am. Compl. at 15. But the mere existence of such a disability on the part of a borrower does not by itself create a fiduciary duty between a loan servicer and borrower. And significantly, as described in footnote 11, above, nothing in Plaintiff's allegations suggest that Chase was offering Plaintiff anything other than what it was capable of offering under the terms of that contract. Imposing a fiduciary relationship between a borrower and loan servicer based on an allegation of a "mental disability," where the surrounding allegations suggest nothing more than an ordinary borrower-servicer relationship, would improperly expand the notion of a fiduciary relationship.

In addition, one of the bases for Plaintiff's breach of fiduciary claim—that Chase failed to "honor the terms of the [alleged oral] agreement"—is an inappropriate attempt to make a tort

claim out of a contract claim.  As this Court has held, a breach of fiduciary duty claim based on

an alleged breach of contract is "duplicative and unsustainable."  *Himmelstein v. Comcast of the*

*District, L.L.C.*, 908 F. Supp. 2d 49, 55 (D.D.C. 2012) (citing *Choharis v. State Farm Fire and*

*Cas. Co.*, 961 A.2d 1080, 1089 (D.C. 2008)); *see also McDevitt v. Wells Fargo Bank, N.A.*, 946

F. Supp. 2d 160, 171 (D.D.C. 2013) (dismissing negligence claim that restates breach of contract

claim).  Plaintiff's attempt to bootstrap a breach of fiduciary duty claim onto an alleged breach of

contract claim is thus improper and should not be allowed.

Because no fiduciary relationship exists between Chase and Plaintiff, and because Chase

did not engage in any conduct that would constitute a breach of a fiduciary duty even if it did

exist, Count X must be dismissed.

## CONCLUSION

For these reasons, Defendant JPMorgan Chase Bank, N.A. respectfully requests that the

Court dismiss the Amended Complaint with prejudice.

Dated: February 19, 2015                              Respectfully submitted,


                                                     /s/ Andrew R. Louis
                                                     Andrew R. Louis (Bar No. 476722)
                                                     Mark E. Rooney (Bar No. 979097)
                                                     BUCKLEYSANDLER LLP
                                                     1250 24th Street NW, Suite 700
                                                     Washington, DC  20037
                                                     202-349-8000 (telephone)
                                                     202-349-8080 (facsimile)
                                                     alouis@buckleysandler.com
                                                     mrooney@buckleysandler.com

                                                     *Counsel for JPMorgan Chase Bank, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 19, 2015, the foregoing motion was electronically filed with the Clerk of the Court using the ECF system, and I further certify that on the same date I caused to be mailed a copy of the foregoing by certified mail to these parties:

Randy Brown (*pro se*)
1417 Ames Place, NE
Washington, DC  20002

An additional copy was sent via email to Plaintiff at zeugma7@verizon.net.


/s/ Andrew R. Louis
Andrew R. Louis