IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDY BROWN,<br><br>                         Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A., et al.,<br><br>                         Defendants. | Case No.  1:14-CV-02031-ABJ |

**MOTION OF DEFENDANT SELECT PORTFOLIO
SERVICING, INC. TO DISMISS AMENDED COMPLAINT**

Defendant Select Portfolio Servicing, Inc. ("SPS"), improperly named herein as "Select Portfolio Services," pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure, respectfully submits this Motion to Dismiss.

The grounds for this Motion are that the pleadings, exhibits and affidavits submitted herewith, if any, show that there is no genuine issue as to any material fact and that SPS is entitled to judgment as a matter of law. The specific arguments in support of this Motion include the following:

- Plaintiff's Amended Complaint does not comply with Rule 8(a) of the Federal Rules of Civil Procedure and must be dismissed.

- Plaintiff cannot allege SPS and Plaintiff are in a consumer-merchant relationship as required to assert a claim under the D.C. Consumer Protection Procedures Act ("DCCPPA"). Plaintiff's DCCPPA claim, therefore, fails as a matter of law.

- Plaintiff fails to sufficiently allege SPS is a debt collector under the Fair Debt Collections Practices Act ("FDCPA") and, therefore, fails to adequately assert a claim for violation of the FDCPA against SPS.

- Plaintiff fails to allege, much less prove, the elements required to receive the only relief sought in the complaint against SPS and all parties—preliminary injunctive relief.

Therefore, the Amended Complaint must be dismissed, as the Court cannot grant the relief sought. Additionally, Plaintiff lacks standing to seek a temporary injunction against SPS.

Defendant's Motion is further based on the Federal Rules of Civil Procedure, the applicable statutory and case law, and the memorandum in support, which is being filed contemporaneously herewith.

WHEREFORE, Defendant SPS respectfully requests that its Motion to Dismiss be granted, and that the Court enter an Order dismissing with prejudice all claims against it. A proposed order is attached.

Respectfully submitted,

May 4, 2015

                                 */s/ Mary S. Diemer*
Mary S. Diemer, Esquire
Bar No. 416527
NELSON, MULLINS, RILEY & SCARBOROUGH LLP
E-Mail: mary.diemer@nelsonmullins.com
101 Constitution Avenue, N.W., Suite 900
Washington, D.C. 20001
(202) 712-2800
Fax: (202) 712-2860
*Attorneys for Defendant Select Portfolio Servicing, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send electronic notification to all registered parties, and I further certify that on this same date a copy was sent by U.S. Mail, postage prepaid, to:

Randy Brown, Pro Se
2020 Pennsylvania Avenue, #288
Washington, DC 20006

Randy Brown, Pro Se
1417 Ames Place, N.E.
Washington, D.C. 20002

and by email to Plaintiff Randy Brown at zeugma7@verizon.net.


              /s/ ***Mary S. Diemer***
              Mary S. Diemer

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDY BROWN,<br><br>                          Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A., et al.,<br><br>                          Defendants. | Case No.  1:14-CV-02031-ABJ |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
OF DEFENDANT SELECT PORTFOLIO SERVICING, INC.**

Defendant Select Portfolio Servicing, Inc. ("SPS"), improperly named herein as "Select Portfolio Services," respectfully requests that this Court dismiss Plaintiff Randy Brown's Amended Complaint. The Amended Complaint does not comply with Rule 8(a) of the Federal Rules of Civil Procedure. Furthermore, the Amended Complaint does not state a cognizable claim against SPS upon which relief can be granted, and should be dismissed as a matter of law under Fed. R. Civ. P. 12(b)(6). Rather, all the allegations concerning any actionable conduct, relate to loan servicers who serviced the loan prior to SPS, and thus may not serve as a basis for an unrelated party such as SPS. Finally, Plaintiff is not entitled to the equitable relief sought in the Amended Complaint.

**FACTS**[1]

Plaintiff alleges he suffered from a pre-existing cognitive disorder which was exacerbated when he hurt his head at work in February of 2009. (*See* Am. Compl. at p. 3.) At that time, JP Morgan Chase ("Chase") serviced Plaintiff's residential mortgage loan for a property located at

---

[1] The following facts are taken from the Amended Complaint.  SPS does not concede their veracity.

1

1417 Ames Place, N.E, Washington, D.C. 20002 (the "Loan"). (*Id.* at p. 4.) Plaintiff contacted Chase in order to receive an accommodation as Plaintiff's injuries made it difficult for Plaintiff to manage his financial obligations. (*Id.* at pp. 4-6.) Chase offered and Plaintiff accepted an oral loan modification whereby Chase would grant Plaintiff leniency for late mortgage payments. (*Id.*) The loan modification was never reduced to writing or memorialized in any way, shape, or form. (*Id.* at pp. 11, 15-16, 24, 27.) Subsequently, Plaintiff failed to make his mortgage payments and Chase refused to honor the terms of the alleged oral loan modification. (*Id.* at p. 7-8, 12-13.)

In September of 2013, Ocwen Loan Servicing ("OLS") began to service Plaintiff's Loan. (*Id.* at p. 27.) OLS did not receive any documentation or notification from Chase regarding the alleged oral loan modification. (*Id.* at p. 26.) Thereafter, OLS declared Plaintiff to be in default. (*Id.* at pp. 27-28.) Plaintiff contacted OLS to request another accommodation, but OLS refused. (*Id.* at pp. 28-29, 30-33, 35.)

At an unspecified time, OLS transferred Plaintiff's Loan to SPS for servicing. (*Id.* at 37.) SPS declared the account to be in default and sought to collect the amount due as represented in paperwork received from OLS. (*Id.* at pp. 37-38.) Significantly, the Amended Complaint is devoid of any allegations that SPS was aware of, or was ever informed of, Plaintiff's medical condition, existing disability, or the alleged oral modification with Chase. (*Id.*) Plaintiff only alleges SPS made "no attempt to rectify the actions taken against" him by Ocwen or Chase with respect to the Loan. (*Id.* at p. 38.)

## LEGAL STANDARD

The Supreme Court recognizes a two-prong analysis for determining whether a complaint sufficiently pleads a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555-56 (2007).  Under this two-prong approach, the court must (1) "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth" and (2) if there are well-pled factual allegations, the court "should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679; *see also Barros v. Gov't Employees Ins. Co., Inc.*, No. CV 13-00669 (TFH), 2015 WL 410623, at *2 (D.D.C. Feb. 2, 2015).

Claims are facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Weise v. Jenkins*, 796 F. Supp. 2d 188, 195 (D.D.C. 2011) (citing *Iqbal*, 556 U.S. at 678).  A formulaic or conclusory allegation—essentially a "naked assertion" of misconduct—is not entitled to be assumed true and may be disregarded. *Twombly*, 550 U.S. at 557.  Additionally, "a court need not accept as true legal conclusions set forth in a complaint." *McAlister v. Potter*, 843 F. Supp. 2d 117, 120 (D.D.C. 2012) (citing *Twombly*, 550 U.S. at 555)).  "The plausibility standard is not akin to a 'probability requirement' but it asks more than a sheer possibility that a defendant has acted unlawfully.  If a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556-57).

Indeed, Rule 8(a) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678-79.  This standard applies to all parties who bring a claim in federal court as "even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

# ARGUMENT[2]

### I. Plaintiff's Amended Complaint does not comply with Rule 8(a) of the Federal Rules of Civil Procedure and must be dismissed.

"*Pro se* litigants must comply with the Federal Rules of Civil Procedure." *Idrogo v. Foxx*, 990 F. Supp. 2d 5, 6 (D.D.C. 2013) (citing *Jarrell v. Tisch,* 656 F.Supp. 237, 239 (D.D.C.1987)). Rule 8(a) requires a complaint to contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that is a "confused and rambling narrative of charges and conclusions" or an "untidy assortment of claims that are neither plainly nor concisely stated" must be dismissed. *Poblete v. Goldberg,* 680 F.Supp.2d 18, 19 (D.D.C.2009) (dismissing a *pro se* complaint). *Pro se* complaints must also meet this standard. *Idrogo*, 990 F. Supp. at 6 (D.D.C. 2013) (dismissing *pro se* complaint for failing to comply with Rule 8(a)).

Plaintiff's Amended Complaint is neither short nor plain. The nearly forty page document contains confusing ramblings that are difficult to follow. Indeed, it is unclear exactly what claims Plaintiff asserts against SPS.[3] The first sixteen pages appear to be a legal memorandum regarding Plaintiff's interpretation of potentially applicable law. During this rambling, Plaintiff appears to assert that Chase violated the Fair Debt Collections Practices Act ("FDCPA"). (Am. Compl. at p. 12.) In the very next paragraph, Plaintiff asserts the FDCPA "more accurately" applies to OLS and SPS. (*Id.*) However, in the portion of his pleading where

---

[2] Plaintiff has not alleged claims against SPS based upon breach of contract, tort or for violations of the Fair Housing Act. However, to the extent the motions filed by Chase and OLS [Docket Nos. 13 and 23] addressing these claims contain arguments applicable to SPS that warrant dismissal, SPS respectfully incorporates those motions and supporting memoranda herein by reference.

[3] As best as SPS is able to determine, the Amended Complaint asserts claims against SPS for violation of D.C. Code § 28-3904(e) (Count XXII) and, possibly, violation of 15 U.S.C. § 1692f. As discussed above it is unclear if Plaintiff actually asserts a claim against SPS under 15 U.S.C. § 1692f, and SPS maintains Plaintiff did not sufficiently assert a cause of action against SPS under this statute. Plaintiff also attempts to assert "joint and several liability" between Chase, OLS, and SPS. (Am. Compl. at p. 37.) However, Plaintiff offers no authority or facts to support this legal conclusion. Accordingly, this Court should reject it.

Plaintiff actually asserts claims against SPS, there are no allegations concerning the FDCPA. (*Id.* at 38.)  The heading of Count XXII, the only count asserting claims against SPS, lists the FDCPA as a claim asserted.  However, the paragraphs under Count XXII make no mention of any FDCPA claim against SPS.  (*Id.*)  Thus, Plaintiff does not actually assert a claim under the FDCPA against SPS.

Moreover, it is impossible to tell from Plaintiff's Amended Complaint what conduct gives rise to the claims.  All of Plaintiff's claims against SPS rely entirely on the allegation that Chase granted an oral modification of Plaintiff's loan. (*See generally* Am. Compl.)  However, the Amended Complaint never asserts the oral modification was reduced to writing or any other medium. (*Id.* at p. 11, 15-16, 24, and 27.)  Nor does the Amended Complaint contain allegations that SPS was aware of, or was made aware of, this alleged oral modification.  The Amended Complaint, furthermore, fails to contain allegations concerning how SPS is liable for failing to follow the terms of a loan modification to which SPS was not a party, did not have notice of, and was admittedly not memorialized in writing.  Additionally, throughout the Amended Complaint, Plaintiff constantly refers to "Defendant" or defendants without specifying to which defendant the allegations pertain.

Rule 8(a) requires more than Plaintiff has provided in the Amended Complaint in order to survive a motion to dismiss.  Defendant must be able to follow the allegations in the Complaint and be able to ascertain what claims are asserted.  SPS cannot do so here.  "It belabors the obvious to conclude that the complaint filed in this action falls far short of the admittedly liberal standard set in F. R. Civ. P. 8(a)."  *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977) (dismissing *pro se* complaint, with prejudice, for failure to follow requirements of Rule 8(a) where the complaint contained "an untidy assortment of claims that [were] neither plainly nor

concisely stated"). Accordingly, this Court should dismiss the Amended Complaint. *See McCarter v. Bank of New York*, 873 F. Supp. 2d 246, 249 (D.D.C. 2012) (dismissing 59 page complaint that consisted of primarily "incoherent narrative"); *Poblete*, 680 F. Supp. 2d at 20-21 (dismissing 29 page complaint that contained "nonsensical" recitation of portions of the U.S. Constitution, U.C.C., and various state and federal statutes); *Carter v. Bank of Am., N.A.*, 888 F. Supp. 2d 1, 12 (D.D.C. 2012) (dismissing 56 page complaint that consisted of primarily "incoherent narrative").

>    II.   **Plaintiff fails to allege a cognizable claim under the D.C. Consumer Protection Procedures Act and the claim must be dismissed.**

Even if Plaintiff's Amended Complaint met the pleading requirements under Rule 8(a)—which it does not—Plaintiff's claim that SPS violated § 28-3904(e) of the D.C. Consumer Protection Procedures Act ("DCCPPA") fails as a matter of law. Section 28-3904(e) prohibits any person from "misrepresent[ing] . . . a material fact which has a tendency to mislead." D.C. Code § 28-3904(e). In order for a plaintiff to invoke the protections of the DCCPPA there must be a consumer-merchant relationship between the plaintiff and defendant. *Busby v. Capital One, N.A.*, 772 F. Supp. 2d 268, 279-80 (D.D.C. 2011) (dismissing the DCCPPA claim solely on the ground that that there was no consumer-merchant relationship between the defendant and the plaintiff because the defendant was just a loan servicer, not a lender). The DCCPPA applies only to merchants "who sell[ ] consumer credit as well as those entities which take an assignment of the credit account and continue the extension of credit to the consumer." *Jackson v. Culinary Sch. of Wash.,* 788 F.Supp. 1233, 1253 (D.D.C.1992) (citing D.C. Code § 28–3901(a)(3), (7)).

Here, just as in *Busby*, "the amended complaint contains no factual allegations whatsoever indicating the existence of a consumer-merchant relationship" and "the plaintiff has alleged here that [SPS] *was not the lender* and that *its role in the lender-borrower relationship*

*was limited to serving as the loan servicer*[.]" *Busby*, 772 F. Supp. 2d at 279-80 (emphasis added).  Plaintiff does not allege that SPS met any of the requirements necessary to become a "merchant," but, rather, explicitly states that SPS "is a mortgage servicer" not a lender. (Am. Compl. at p. 38.)  Nor can Plaintiff allege that SPS is a merchant, as SPS did not sell consumer credit to Plaintiff and has not extended credit to Plaintiff.  Therefore, as a matter of law, Plaintiff cannot allege a claim under the DCCPPA against SPS.  Accordingly, Plaintiff's DCCPPA claim against SPS should be dismissed.  *See Busby*, 772 F. Supp. 2d at 279-80; *Osinubepi-Alao v. Plainview Fin. Servs., Ltd.*, No. CV 13-1111 (RBW), 2014 WL 2211383 (D.D.C. May 29, 2014) (dismissing the DCCPPA claim because the complaint did not contain facts from which the court could conclude that the defendants—who took an assignment of the plaintiff's debt—"then subsequently 'furnishe[d], [or] ma[de] available . . . [consumer credit]." (alterations in original) (quoting D.C.Code § 28–3901(a)(6)–(7)).

Moreover, Plaintiff has not alleged any misrepresentation of fact by SPS.  Rather, Plaintiff asserts SPS simply seeks the amount due on Plaintiff's account.  (Am. Compl. at p. 38.)  Nowhere in the Complaint does Plaintiff assert he does not owe a debt; rather, he asserts he was entitled to an accommodation that allowed Plaintiff to, apparently, consistently miss payments without any repercussions.  Plaintiff has not pled any facts beyond the bare allegation contained in the Amended Complaint that SPS misrepresented a fact.  Nor has Plaintiff asserted that this fact was material.  This is not sufficient to state a claim for violation of Section 28-3904(e) and further mandates dismissal of this claim.  *See Carter v. Bank of Am., N.A.*, 888 F. Supp. 2d 1, 27 (D.D.C. 2012) ("The specific violation the plaintiff alleges is that Bank of America 'misrepresent[ed] as to a material fact which has a tendency to mislead' in violation of D.C.Code

7

§ 28–3904(e). The plaintiff has not, however, pled any facts beyond the bare allegation that Bank of America misled her that are sufficient to sustain such a claim.")

### III. Plaintiff fails to sufficiently allege a claim for violation of the Fair Debt Collection Practices Act against SPS.

Plaintiff fails to sufficiently allege a claim that SPS violated section 1692f of the FDCPA.[4] An FDCPA claim "require[s], at a minimum, that the plaintiff identify the defendant individually, in the complaint, as a 'debt collector,' beyond mere conclusory allegation." *Antoine v. U.S. Bank Nat. Ass'n*, 547 F. Supp. 2d 30, 38 n. 2 (D.D.C. 2008).

Here, Plaintiff makes a mere conclusory allegation that SPS is a debt collector. (Am. Compl. at p. 12). The Amended Complaint does not contain facts explaining when SPS began servicing the loan or any communications with SPS regarding attempts to modify the loan. (*Id.* at pp. 12, 37-38.) Moreover, Plaintiff does not identify the alleged conduct SPS engaged in that violated the FDCPA. Plaintiff readily admits throughout the Amended Complaint that he does, in fact, owe a debt. (*See generally* Am. Compl.) However, in conclusory fashion, Plaintiff alleges SPS violated the FDCPA by "declaring Plaintiff's mortgage to be in default then engaging in collection activities on a debt that is not actually owed[.]" (*Id.* at p. 12) This "naked assertion" is not entitled to be assumed true and may be disregarded. *Twombly*, 550 U.S. at 557. Plaintiff, therefore, fails to properly allege a violation of the FDCPA and the claim should be dismissed. *See Winstead v. EMC Mortgage Corp.*, 697 F. Supp. 2d 1, 4 (D.D.C. 2010) (dismissing FDCPA claim where the plaintiff failed to articulate facts in support of the claim); *Antoine*, 547 F. Supp. 2d at 38 n. 2.

---

[4] Plaintiff does not actually assert a claim under the FDCPA against SPS. *See supra*, Section I. However, out of an abundance of caution, SPS addresses this possible cause of action.

### IV. Plaintiff is not entitled to the equitable relief sought in this action.

In his prayer for relief, Plaintiff seeks equitable relief from SPS in the form of a preliminary injunction and a temporary restraining order.[5] (Am. Compl. at p. 38-39.) "Preliminary injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, provides an 'extraordinary remedy' that is 'never awarded as of right.'" *Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. de C.V.*, 901 F. Supp. 2d 54, 55-56 (D.D.C. 2012) (*quoting Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008). Thus, a preliminary injunction or a temporary restraining order is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Id.* at 56 (citing *Nat'l Head Start Ass'n v. Dep't of Health & Human Servs.*, 297 F.Supp.2d 242, 246 (D.D.C 2004).

In order receive preliminary injunctive relief, the party seeking the injunction must prove:

> (1) that it has a strong likelihood of success on the merits, (2) that it will suffer irreparable injury if injunctive relief is denied, (3) that other interested parties will not suffer substantial harm if injunctive relief is granted, and (4) that the public interest favors the granting of injunctive relief, (or at least, that the granting of injunctive relief is not adverse to the public interest).

*Id.* Here, Plaintiff has failed to prove a single element necessary to receive preliminary injunctive relief. Nowhere in the Amended Complaint does Plaintiff assert that he has a strong likelihood of success on the merits, or that he will suffer irreparable injury if injunctive relief is not granted. The Amended Complaint does not discuss the potential harm to other parties if injunctive relief is granted, nor does the Amended Complaint discuss the public interest in the

---

[5] At various points throughout the Amended Complaint Plaintiff makes vague allegations regarding damages. (*See generally* Am. Compl.) However, Plaintiff's prayer for relief is limited to a request to issue a preliminary injunction against foreclosure and "a temporary restraining order from further discriminatory actions," making no mention of damages. (Am. Compl. at 38-39 (prayer for relief); *see also* (Civil Cover Sheet, ECF No. 1-1, at 2 (no demand for damages made), and 3 (expressly seeking only "injunction" in "Demand $" section.)) Accordingly, Plaintiff's lack of standing to seek the requested injunction requires the dismissal of all claims. To the extent Plaintiff argues that he intends to seek damages, the requested damages are far too vague, imprecise, and conclusory to survive dismissal.

9

possible injunctive relief. As the Amended Complaint wholly fails to demonstrate any of the elements necessary to granting injunctive relief are met, Plaintiff is not entitled to either a preliminary injunction or a temporary restraining order against SPS.

Moreover, in order to have standing to seek injunctive relief Plaintiff must demonstrate that he is "suffering an ongoing injury or faces an immediate threat of injury." *Dearth v. Holder*, 641 F.3d 499, 501 (D.C. Cir. 2011). Indeed, "past injuries alone are insufficient to establish standing" for injunctive relief. *Id.*; *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983) ("The plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'"); *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects."). Standing is a "necessary predicate" to the exercise of federal jurisdiction. *Dominguez v. UAL Corp.*, 666 F.3d 1359, 1361 (D.C. Cir. 2012).

Here, Plaintiff fails to allege any threat of injury that is real or immediate and, therefore, lacks standing to seek an injunction. SPS has not begun foreclosure proceedings against Plaintiff; nor does Plaintiff allege foreclosure by SPS is imminent. (Am. Compl. at p. 37-38.) Rather, Plaintiff simply alleges that SPS declared Plaintiff's account in default. (*Id.*) Moreover, Plaintiff readily admits his account is, in fact, in default. (*Id.* at 28-37.) Simply put, a possible foreclosure is a conjectural or hypothetical harm. Plaintiff, therefore, cannot establish that he is subject to imminent harm and does not have standing to seek an injunction. Accordingly, the Court should dismiss Plaintiff's complaint.

Additionally, Plaintiff cannot receive a "temporary restraining order from further discriminatory actions" against SPS since Plaintiff has not asserted SPS engaged in any discriminatory conduct.  Rather, all allegations of discrimination—and the specific causes of action relating to discrimination—are asserted against Chase and OLS. (Am. Compl. at Counts I, II, IV, VII, XIII, and IVX[sic].)  Since Plaintiff is not seeking to enjoin any past or present conduct of SPS, Plaintiff is not entitled to a temporary restraining order.  *Hous. Study Grp. v. Kemp*, 732 F. Supp. 180, 187 (D.D.C. 1990) (denying motion for temporary restraining order where plaintiff did not seek to "enjoin any specific present or past action of defendants nor any action which defendants are contemplating taking within the next ten days (the period which would be covered by a temporary restraining order)").  Since Plaintiff is not entitled to the only forms of relief requested in the Amended Complaint, this Court should dismiss all claims against SPS.

## CONCLUSION

For the reasons set forth above, SPS's Motion to Dismiss should be granted and this Court should enter an Order to that effect, and awarding all other relief as the Court deems appropriate and just.

May 4, 2015

Respectfully submitted,

    */s/ Mary S. Diemer*
Mary S. Diemer, Esquire
Bar No. 416527
NELSON, MULLINS, RILEY & SCARBOROUGH LLP
E-Mail:  mary.diemer@nelsonmullins.com
101 Constitution Avenue, N.W., Suite 900
Washington, D.C. 20001
(202) 712-2800
Fax:  (202) 712-2860
*Attorneys for Defendant Select Portfolio Servicing, Inc.*