IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDY BROWN,<br><br>Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A., et al.,<br><br>Defendants. | Case No. 1:14-CV-02031-ABJ |

**MOTION OF DEFENDANT SELECT PORTFOLIO SERVICING, INC. TO DISMISS THIRD AMENDED COMPLAINT**

Defendant Select Portfolio Servicing, Inc. ("SPS"), by its undersigned counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully submits this Motion to Dismiss Plaintiff's Third Amended Complaint (the "Complaint").

The grounds for this Motion are that Plaintiff's Complaint fails to state a claim upon which relief can be granted under the Fair Housing Act ("FHA") because the FHA does not require mortgage servicers to provide reasonable accommodations to disabled persons. Additionally, Plaintiff cannot state a claim for breach of the contractual covenant of good faith and fair dealing where SPS's alleged conduct was authorized under contract and was not in bad faith, arbitrary or capricious. SPS's Motion is based on the Federal Rules of Civil Procedure, the applicable statutory and case law, and the memorandum in support, which is being filed contemporaneously herewith.

WHEREFORE, Defendant SPS respectfully requests that its Motion to Dismiss be granted, and that the Court enter an Order dismissing with prejudice all claims against it. A proposed order is attached.

                Respectfully submitted,

December 2, 2016

***/s/ Mary S. Diemer***

Mary S. Diemer, Esquire
Bar No. 416527
NELSON, MULLINS, RILEY & SCARBOROUGH LLP
E-Mail: mary.diemer@nelsonmullins.com
101 Constitution Avenue, N.W., Suite 900
Washington, D.C. 20001
(202) 712-2800
Fax: (202) 712-2860
*Attorneys for Defendant Select Portfolio Servicing, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send electronic notification to all registered parties.

***/s/ Mary S. Diemer***
Mary S. Diemer

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RANDY BROWN,

Plaintiff,

vs.

JPMORGAN CHASE BANK, N.A., et al.,

Defendants.

Case No. 1:14-CV-02031-ABJ

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT SELECT PORTFOLIO SERVICING, INC.**

Defendant Select Portfolio Servicing, Inc. ("SPS"), by its undersigned counsel, respectfully requests that this Court dismiss Plaintiff Randy Brown's Third Amended Complaint (the "Complaint"). The Complaint does not state a cognizable claim against SPS upon which relief can be granted, and should be dismissed as a matter of law under Fed. R. Civ. P. 12(b)(6). All the allegations concerning any actionable conduct relate to loan servicers who serviced the loan prior to SPS, and thus may not serve as a basis for liability as to an unrelated party such as SPS. Finally, Plaintiff is not entitled to the equitable relief sought in the Complaint.

## FACTS[1]

Plaintiff alleges he suffered from a pre-existing cognitive disorder which was exacerbated when he hurt his head at work in February of 2009. (*See* Third Am. Compl. at p. 2.) At that time, JPMorgan Chase Bank, N.A. ("Chase") serviced Plaintiff's residential mortgage loan for a property located at 1417 Ames Place, N.E, Washington, D.C. 20002 (the "Loan"). (*Id.*) Plaintiff

[1] The following facts are taken from the Third Amended Complaint. SPS does not concede their veracity.

contacted Chase in order to receive an accommodation as Plaintiff's injuries allegedly made it difficult for him to manage his financial obligations. (*Id.* at p. 3.) Chase offered and Plaintiff accepted an oral loan modification whereby Chase would grant Plaintiff leniency for late mortgage payments. (*Id.*) The loan modification was never reduced to writing or memorialized in any way, shape, or form. (*Id.* at pp. 3–7.)

In September of 2013, Ocwen Loan Servicing ("OLS") began to service Plaintiff's Loan. (*Id.* at pp. 3–4.) OLS did not receive any documentation or notification from Chase regarding the alleged oral loan modification. (*Id.* at p. 4.) Thereafter, OLS declared Plaintiff to be in default. (*Id.* at pp. 4–6.) Plaintiff contacted OLS to request another accommodation, but OLS refused. (*Id.*)

At an unspecified time, OLS transferred Plaintiff's Loan to SPS for servicing. (*Id.* at 6.) Plaintiff requested that SPS honor the previous alleged oral loan modification between Plaintiff and Chase, but SPS declined. (*Id.* at pp. 6–7.) Significantly, the Complaint is devoid of any allegations that SPS was aware of, or was ever informed of, Plaintiff's medical condition, existing disability, or the alleged oral modification with Chase. (*Id.*)

## LEGAL STANDARD

The United States Supreme Court held in *Bell Atl. Corp. v. Twombly* that under Rule 12(b)(6) a plaintiff must articulate and plead a sufficient factual basis for his or her claims, not simply hope that discovery might provide such a basis. 550 U.S. 544, 555–56, 127 S. Ct. 1955, 1965-66 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S.Ct. 1937, 1949 (2009). A plaintiff's obligation to provide the "grounds" of his or her "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 127 S. Ct. at 1965-66. "Factual allegations must be enough to raise a

right to relief above the speculative level." *Id.* Under the *Twombly* standard, "largely groundless claim[s]" should not be allowed to "take up the time of a number of other people, with the right to do so representing an in terrorem increment of the settlement value." *Id.* at 1966 (quoting *Dura Pharm. Inc. v. Broudo*, 544 U.S. 336, 347 (2005)). Rather, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id.* (quoting 5 Wright & Miller § 1216, at 233-34).

## ARGUMENT

### I. Plaintiff Fails to State a Claim for Violation of the Fair Housing Act Against SPS.

In Count I, Plaintiff alleges SPS violated the Fair Housing Act, 42 U.S.C. § 3601, *et seq.* ("FHA") by refusing to honor the previous alleged oral agreement between Plaintiff and Chase or enter into a new agreement with an equivalent accommodation. (Third Am. Compl. at 6–10.) Count I fails to state a claim for which relief can be granted because SPS, a mortgage servicer, is not required to provide reasonable accommodations to disabled persons under the FHA. *See, e.g.*, *Gaona v. Town & Country Credit*, 324 F.3d 1050, 1057 (8th Cir. 2003) (FHA section applicable to mortgages, 42 U.S.C. § 3605, "does not define discrimination to include a lender's refusal to make reasonable accommodations"); *Fletcher v. Homecomings Fin. LLC*, No. 1:08-cv-393, 2010 WL 1665265 (M.D.N.C. Apr. 22, 2010) (same).

Plaintiff's Complaint references §3604 of the FHA and claims that SPS violated the FHA by failing to make reasonable accommodations for Plaintiff's disability; however, this section does not apply to SPS, a mortgage servicer. Section 3604(f) bars discrimination based on handicap and defines discrimination to include "refusal to make reasonable accommodations." *See* 42 U.S.C. § 3604(f)(3)(B). Section 3604(f) provides that it is illegal to:

> (1) discriminate in the sale or rental, or otherwise make unavailable or deny, a dwelling to any *buyer or renter* because of handicap [. . .]; or
> (2) discriminate against any person in the terms, conditions, or privileges of *sale or rental* of a dwelling, or in the provision of services or facilities in connection with such dwelling because of a handicap [. . .]

42 U.S.C. § 3604(f)(1)–(2) (emphasis added). This Court has recognized the broader purpose of Section 3604 and suggested it could be read to apply to mortgage lending in certain circumstances not present here, namely, where lenders "otherwise make unavailable or deny [ ] a dwelling to *any person*." *Nat'l Cmty. Reinvestment Coalition v. NovaStar Fin., Inc.*, No. 07-861-RCL, 2008 WL 977351, at *1–*2 (D.D.C. Mar. 31, 2008), citing 42 U.S.C. § 3604(a) (emphasis added); *Hargraves v. Capital City Mortg. Corp.*, 140 F. Supp. 2d 7, 20–22 (D.D.C. 2000). Moreover, the cases applying Section 3604 to lenders involve lenders discriminating against certain races and nationalities based on unfair lending policies or by issuing residential loans with unfair, predatory terms to a "buyer or renter." Those cases do not support the proposition that a mortgage servicer, as claimed here, violates Section 3604 of the FHA by failing to make "reasonable accommodations" to a disabled mortgagor, in the servicing of an existing mortgage.

Moreover, Plaintiff does not allege that he was discriminated against, as a buyer or renter, by SPS in the creation of the note and mortgage. *See Hunter on behalf of A.H. v. District of Columbia*, No. 12-1960-GK, 2014 WL 4071333, at *14 (D.D.C. Aug. 18, 2014) (holding that cases decided under § 3604(a) "do not provide support for the proposition that the 'otherwise make unavailable or deny' language in section 3604(f)(1) means that Plaintiffs do not have to establish they were a 'buyer or renter'"). Indeed, Plaintiff's Complaint alleges that SPS was far removed from the process by which he obtained housing, as it was the third company to service the note and mortgage. Therefore, Plaintiff has filed to state a claim under § 3604.

Generally, 42 U.S.C. § 3605 addresses residential real estate-related transactions, including mortgage lending and servicing. However, Section 3605 does not contain the "reasonable accommodations" language found in 42 US.C. § 3604. Moreover, Plaintiff's Complaint does not contain any allegations that SPS treated him *differently* based on his disability, which is the *sine qua non* of a discrimination claim. Rather, Plaintiff relies entirely on the allegation that Chase granted an oral modification of Plaintiff's loan, which was not documented or reduced to writing or any other medium. (*Id.*)

Finally, Plaintiff's Complaint fails to contain allegations concerning how SPS is liable for failing to follow the terms of an alleged oral loan modification to which SPS was not a party, did not have notice of, and was admittedly not memorialized in writing. Such conclusory allegations and leaps of logic do not plausibly support claims of discrimination. Therefore, Plaintiff has failed to state a claim for violation of the FHA against SPS, and Plaintiff's claim should be dismissed.

## II. Plaintiff Cannot State a Claim for Breach of the Contractual Covenant of Good Faith and Fair Dealing Where the Alleged Conduct by SPS Was Authorized by Contract.

Plaintiff claims that Defendants generally breached the covenant of good faith and fair dealing by failing to provide a reasonable accommodation to the Plaintiff for his disability. (*See* Third Am. Compl. at p. 11.) Plaintiff's Complaint fails to state a claim for breach of the covenant of good faith and fair dealing.

"[I]n every contract there is an implied covenant that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract, which means that in every contract there exists an implied covenant of good faith and fair dealing." *Abdelrhman v. Ackerman*, 76 A.3d 883, 891 (D.C. 2013) (quoting

*Hais v. Smith*, 547 A.2d 986, 987 (D.C.1988)). "To state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must allege either bad faith or conduct that is arbitrary and capricious." *Id.* at 891–92 (citing *Wright v. Howard Univ.*, 60 A.3d 749, 754 (D.C. 2013)). "Conduct can only form the basis of a breach of the covenant, however, if it is unauthorized by the contract, meaning the implied covenant only applies to developments that could not be anticipated, not developments that the parties simply failed to consider." *K Street Developers, LLC v. Teachers Ins. & Annuity Ass'n of Am.*, 69 F. Supp. 3d 45, 56 (D.D.C. 2014).

Plaintiff has failed to allege any action or omission by SPS which did not comply with the terms of the contract or which was in bad faith, arbitrary or capricious. The fact that SPS enforced the terms of the note and mortgage after Plaintiff's *admitted* default on the note by failing to make timely payments is not an action that could violate the covenant of good faith and fair dealing. The good faith enforcement of a contract terms could not frustrate Plaintiff's enjoyment of the benefits of the contract, nor could it fairly be characterized as arbitrary or capricious or made in bad faith. Therefore, Plaintiff's claim should be dismissed.

## **CONCLUSION**

For the reasons set forth above, SPS's Motion to Dismiss should be granted and this Court should enter an Order to that effect, and award all other relief as the Court deems appropriate and just.

[*signature block next page*]

Respectfully submitted,

December 2, 2016

*/s/ Mary S. Diemer*

Mary S. Diemer, Esquire
Bar No. 416527
NELSON, MULLINS, RILEY & SCARBOROUGH LLP
E-Mail: mary.diemer@nelsonmullins.com
101 Constitution Avenue, N.W., Suite 900
Washington, D.C. 20001
(202) 712-2800
Fax: (202) 712-2860
*Attorneys for Defendant Select Portfolio Servicing, Inc.*