**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| RANDY BROWN,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., *et al.*,<br><br>Defendants. | ) | Civil Action No. 14-2031 (ABJ) |

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S**
**MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**
**AND INCORPORATED MEMORANDUM OF LAW**

Defendant JPMorgan Chase Bank, N.A. ("Chase") respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss all claims against it in the Third Amended Complaint ("TAC"), October 24, 2016, (ECF No. 40). The grounds for this motion are:

1. Plaintiff fails to state a plausible claim for relief against Chase under the Fair Housing Act.
2. Plaintiff fails to state a plausible claim for relief against Chase for alleged breach of the contractual covenant of good faith and fair dealing.

For these reasons, which are set forth in more detail in the memorandum of points and authorities incorporated herein, Chase respectfully requests that the Court GRANT this motion and DISMISS the Third Amended Complaint as against it, with prejudice.

Dated: December 2, 2016

Respectfully submitted,

/s/ Andrew R. Louis

Andrew R. Louis (Bar No. 476722)
Mark E. Rooney (Bar No. 979097)
BUCKLEYSANDLER LLP
1250 24th Street NW, Suite 700
Washington, DC 20037
202-349-8000 (telephone)
202-349-8080 (facsimile)
alouis@buckleysandler.com
mrooney@buckleysandler.com

*Counsel for JPMorgan Chase Bank, N.A.*

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS .......... 1

FACTUAL ALLEGATIONS .......... 2

MOTION TO DISMISS STANDARDS .......... 2

ARGUMENT .......... 3

I. PLAINTIFF'S FHA CLAIM MUST BE DISMISSED BECAUSE HE DOES NOT (AND CANNOT) ALLEGE THAT CHASE ENGAGED IN ANY DISCRIMINATORY CONDUCT .......... 3

A. Plaintiff's Reasonable Accommodation Claim Should Be Dismissed Because He Alleges Chase Accommodated Him. .......... 4

B. Plaintiff's Disparate Treatment Claim Should Be Dismissed Because He Neither Meets the Requirements of § 3604(f)(1) nor Alleges that Chase Intentionally Discriminated Against Him Because of His Disability .......... 6

II. PLAINTIFF FAILS TO ALLEGE A PLAUSIBLE CLAIM FOR BREACH OF THE CONTRACTUAL COVENANT OF GOOD FAITH AND FAIR DEALING. .......... 9

A. Plaintiff's GFFD Claim Is Directly Contradicted by Plaintiff's Own Allegations against Chase. .......... 10

B. The Alleged "Oral Agreement" Is Not A Valid Contract Between Plaintiff and Chase. .......... 10

C. Plaintiff's GFFD Claim Is Improper Because It Is Wholly Derivative of His FHA Claim. .......... 12

CONCLUSION .......... 13

# TABLE OF AUTHORITIES

**Cases** **Page Number**

*Acosta Orellana v. CropLife Int'l.*,
711 F. Supp. 2d 81 (D.D.C. 2010) .......... 3

*Allworth v. Howard Univ.*,
890 A.2d 194 (D.C. 2006), *aff'd*, 774 F.3d 18 (D.C. Cir. 2014). .......... 10

* *Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 2-3, 5, 9

* *Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 3, 5, 9

* *Boykin v. Gray*,
895 F. Supp. 2d 199 (D.D.C. 2012) .......... 6, 8, 9

*Busby v. Capital One, N.A.*,
772 F. Supp. 2d 268 (D.D.C. 2011). .......... 3

* *Curry v. Bank of Am. Home Loans Servicing*,
802 F. Supp. 2d 105 (D.D.C. 2011) .......... 11

*District of Columbia Redevelopment Land Agency v. Dowdey*,
618 A.2d 153 (D.C. 1992) .......... 11

*Evans v. Atwood*,
38 F. Supp. 2d 25 (D.D.C. 1999) .......... 7

*Hais v. Smith*,
547 A.2d 986 (D.C. 1988) .......... 10

*Hargraves v. Capital City Mortg. Corp.*,
140 F. Supp. 2d 7 (D.D.C. 2000) .......... 8

* *Hunter v. District of Columbia*,
64 F. Supp. 3d 158 (D.D.C. 2014) .......... 6

*Int'l Bhd. of Teamsters v. United States*,
431 U.S. 324 (1977) .......... 7

*Jackson v. ASA Holdings*,
751 F. Supp. 2d 91 (D.D.C. 2010) .......... 3

*Jacobsen v. Oliver*,
201 F. Supp. 2d 93 (D.D.C. 2002) .......... 12, 13

**Cases** **Page Number**

*Landow v. Georgetown–Inland West Corp.*,
454 A.2d 310 (D.C. 1982) ..................................................................................... 11

*McDonnell Douglas Corp. v. Green*,
411 U.S. 792 (1973)................................................................................................. 8

*Mero v. City Segway Tours of Washington DC, LLC*,
826 F. Supp. 2d 100 (D.D.C. 2011) ........................................................................ 10

*Metz v. BAE Sys. Tech. Sols. & Servs., Inc.*,
979 F. Supp. 2d 26 (D.D.C. 2013) .......................................................................... 10

* *Myers v. Alutiiq Int'l Sols., LLC*,
811 F. Supp. 2d 261, 265 (D.D.C. 2011) ......................................................... 3, 5, 6, 10

*Nat'l Cmty. Reinvestment Coalition v. NovaStar Fin'l, Inc.*,
No. 07-861-RCL, 2008 WL 977351 (D.D.C. Mar. 31, 2008) ..................................... 8

*Oladokun v. Correctional Treatment Facility*,
5 F. Supp. 3d 7 (D.D.C. 2013) ................................................................................ 13

*Railan v. Katyal*,
766 A.2d 998 (D.C. 2001) ..................................................................................... 11

*Steele v. Isikoff*,
130 F. Supp. 2d 23 (D.D.C. 2000) ........................................................................ 10-11

*Tex. Dep't of Hous. & Cmty. Affairs v. Inclusive Cmtys. Project, Inc.*,
135 S. Ct. 2507 (2015)............................................................................................. 7

*United States v. Cal. Mobile Home Park Mgmt. Co.*,
107 F.3d 1374 (9th Cir. 1997) .................................................................................. 5

* *United States v. District of Columbia*,
538 F. Supp. 2d 211 (D.D.C. 2008) .......................................................................... 5

*Washington Metro. Area Transit Auth. v. Quik Serve Foods, Inc.*,
Nos. 04-838, 04-687, 2006 WL 1147933 (D.D.C. Apr. 28, 2006) ......................... 12, 13

*Woodworth v. Bank of Am., N.A.*,
No. 09–3058–CL, 2011 WL 1540358 (D. Or. Mar. 23, 2011) .................................... 6

*Xereas v. Heiss*,
933 F. Supp. 2d. 1 (D.D.C. 2013) .......................................................................... 12

**Statutes** **Page Number**

42 U.S.C. § 3604 .......... 7, 8

42 U.S.C. § 3604(a) .......... 6

42 U.S.C. § 3604(f)(1) .......... 4, 6

42 U.S.C. § 3604(f)(2) .......... 4, 6

42 U.S.C. § 3604(f)(3) .......... 4, 12

42 U.S.C. § 3605 .......... 7, 8

42 U.S.C. § 3613(a)(1) .......... 5

**Other Authorities**

D.C. Code Ann. § 28–3502 .......... 11

**Rules**

Fed. R. Civ. P. 12(b)(6) .......... 2

Fed. R. Civ. P. 15(a)(2) .......... 13

Fed. R. Civ. P. 8(a) .......... 3

**MEMORANDUM OF POINTS AND**
**AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

Although Plaintiff's Third Amended Complaint (hereinafter "TAC"), October 24, 2016, (ECF No. 40) —this one prepared with the assistance of counsel—is now pared down to just two causes of action against Defendant JPMorgan Chase Bank, N.A. ("Chase"), neither cause of action states a plausible claim for relief. For example, the crux of Plaintiff's Fair Housing Act ("FHA") claim is that his loan servicers failed to accommodate his cognitive disability, but Plaintiff expressly alleges that Chase ***granted*** his request to allow family members to access account information and remit payments on his behalf, a process that Plaintiff alleges allowed him to remain current for years while Chase serviced his loan. In addition, not only does Plaintiff's claim of disparate treatment under the FHA fail for the technical reason that he is not a "buyer or renter" under the relevant statute, but because he never alleges (because he cannot) that Chase discriminated against him because of his disability.

Like the FHA claim, Plaintiff's breach of the contractual covenant of good faith and fair dealing claim (Plaintiff's "GFFD" claim) must be dismissed because it is entirely inconsistent with Plaintiff's allegations that Chase worked with Plaintiff to help him remain current on his loan. Moreover, Plaintiff lacks a valid underlying agreement upon which to base his GFFD claim, as his alleged "oral agreement" violates the statute of frauds. Finally, the GFFD claim must be dismissed for the independent reason that the District does not recognize GFFD claims where the allegations made in support of the claim are identical to those made in support of an established cause of action, as is the case here.

Two years have passed since Plaintiff filed his initial complaint. During this time Plaintiff has been unable to state a claim against Chase because, as his own allegations against Chase make clear, he has none. The latest iteration of the complaint fares no better than the first

three, still lacking allegations that state any plausible claims for relief against Chase. Accordingly, the Court should grant Chase's motion to dismiss.[1]

**FACTUAL ALLEGATIONS**

Plaintiff alleges that his pre-existing cognitive disorder, which affected his sensory and organizational skills, worsened after suffering an injury in 2009. (*See* TAC ¶ 8.) At the time, Chase serviced his home mortgage loan. (*See id.* ¶ 9.) Chase allegedly denied Plaintiff's request that his family members be afforded "digital access" to his mortgage account. (*See id.* ¶¶ 10-11.) Chase and Plaintiff instead entered into an "oral agreement" to allow account information to be shared with Plaintiff's brother and mother, and for those family members to make payments on the account on Plaintiff's behalf. (*Id.* ¶ 12.) Under this arrangement, Plaintiff alleges he was able to remain current on his loan from 2009 to early 2013. (*See id.* ¶14.) On August 19, 2013, the servicing rights on the loan were transferred to Ocwen. (*See id.* ¶ 16.) Plaintiff alleges that, at the time of the servicing transfer, Chase "either failed to alert [Ocwen] of the accommodation for the Plaintiff's disability that had been made in 2009 or failed to fully describe or otherwise communicate the terms of the accommodation." (*Id.* ¶ 18.)[2] Plaintiff's remaining allegations in the Third Amended Complaint pertain to co-defendants Ocwen and SPS, not Chase.

**MOTION TO DISMISS STANDARDS**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's pleadings must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556

[1] Chase understands that co-defendants Ocwen and SPS intend to file their own motions to dismiss Plaintiff's claims. To the extent any of the arguments made by Ocwen or SPS would also entitle Chase to dismissal, Chase incorporates those arguments herein.

[2] Plaintiff's "alternative" allegation—that Chase properly informed Ocwen of the alleged accommodation, but Ocwen refused to honor it—is part of Plaintiff's case against Ocwen and does not implicate any alleged wrongdoing on the part of Chase. (*See* TAC ¶ 19.)

U.S. 662, 678 (2009). Instead, the pleadings must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This requires a brief and plain statement of the claim that provides the defendant with fair notice of the claims and their bases. Fed. R. Civ. P. 8(a); *Busby v. Capital One, N.A.*, 772 F. Supp. 2d 268, 274 (D.D.C. 2011). Such allegations cannot be suggestions or a mere formulaic recitation of the elements; they must be sufficient to allow a court "drawing on its judicial experience and common sense, to infer more than the 'mere possibility of misconduct.'" *Jackson v. ASA Holdings*, 751 F. Supp. 2d 91, 96 (D.D.C. 2010) (quoting *Iqbal*, 556 U.S. at 679).

Indeed, the claim must be "plausible on its face," *Twombly*, 550 U.S. at 570, and must provide "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678; *Myers v. Alutiiq Int'l Sols., LLC*, 811 F. Supp. 2d 261, 265 (D.D.C. 2011) (quoting *Iqbal*). While factual allegations should be accepted as true, they need only be accepted if they could plausibly entitle relief. *Acosta Orellana v. CropLife Int'l.*, 711 F. Supp. 2d 81, 89 (D.D.C. 2010). A court is not required to accept as true legal conclusions or inferences that are conclusory and unsupported by fact. *Iqbal*, 556 U.S. at 677-78; *Busby*, 772 F. Supp. 2d at 275.

## ARGUMENT

### I. PLAINTIFF'S FHA CLAIM MUST BE DISMISSED BECAUSE HE DOES NOT (AND CANNOT) ALLEGE THAT CHASE ENGAGED IN ANY DISCRIMINATORY CONDUCT.

Plaintiff's FHA cause of action is based on an alleged failure to make reasonable accommodations with respect to housing and alleged disparate treatment (intentional

discrimination). (*See* TAC ¶¶ 41, 43.)[3] Plaintiff's "reasonable accommodation" claim fails for the simple reason that he never alleges—because he cannot—that Chase failed to accommodate his disability. Indeed, the TAC allegations make clear that Chase granted Plaintiff's request to allow family members to assist in managing Plaintiff's account, and that this assistance allowed Plaintiff to stay current for many years. (*See* TAC ¶¶ 12-14.) Claims for a reasonable accommodation require ***the opposite*** allegation—that the defendant refused to accommodate plaintiff. Plaintiff's disparate treatment claim also must be dismissed because he does not qualify as a "buyer or renter" under 42 U.S.C. § 3604(f)(1) and in any event never alleges (nor could he) that Chase treated him differently as a result of his disability.

### A. Plaintiff's Reasonable Accommodation Claim Should Be Dismissed Because He Alleges Chase Accommodated Him.

Plaintiff's "reasonable accommodation" claim should be dismissed because there is no allegation that Chase refused to accommodate Plaintiff's disability.

Under § 3604(f)(2), it is illegal to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of […] (A) that person; or (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or (C) any person associated with that person." 42 U.S.C. § 3604(f)(2). Discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." *Id.* § 3604(f)(3)(B). A claim alleging a failure to provide a reasonable

[3] The TAC also references § 3604(f)(3) but this portion of the FHA merely describes in more detail the types of discriminatory conduct prohibited by §§ 3604(f)(1), and 3604(f)(2).

accommodation requires a plaintiff to prove: "(1) the existence of a handicap […]; (2) that defendants knew or reasonably should have known of the handicap; (3) that the accommodation may be necessary to afford handicapped persons an equal opportunity to use and enjoy the dwelling; and (4) that defendants refused to make the requested accommodation." *United States v. District of Columbia*, 538 F. Supp. 2d 211, 217-18 (D.D.C. 2008) (internal quotation omitted) (citing *United States v. Cal. Mobile Home Park Mgmt. Co.*, 107 F.3d 1374, 1380 (9th Cir. 1997)).

In this case, it is the final prong of the *District of Columbia* test that is most clearly lacking for purposes of a motion to dismiss.[4] Indeed, Plaintiff alleges that Chase failed to communicate the accommodation to Ocwen (TAC ¶ 18), not that Chase "refused to make the requested accommodation." *United States v. District of Columbia*, 538 F. Supp. 2d 211, 217-18 (D.D.C. 2008). To the contrary, Plaintiff affirmatively asserts that Chase did accommodate Plaintiff by allowing his mother and brother access to his account information and the ability to remit payments. (TAC ¶¶ 12, 14.)[5]

Under *Iqbal* and *Twombly*, Plaintiff must allege more than a "formulaic recitation of the elements of a cause of action." *See Myers*, 811 F. Supp. 2d at 265 (quoting and discussing the *Iqbal* and *Twombly* standards). But in this case Plaintiff's rote recitation of the law (TAC ¶ 46) is undermined—not supported—by the factual allegations in the TAC stating that Chase granted

---

[4] Chase's focus on the fourth prong for purposes of this motion to dismiss does not suggest that Plaintiff will ultimately be able to prove the other elements underlying his causes of action.

[5] Insofar as Plaintiff intended to claim that the alleged initial denial of "digital access" in 2009 (TAC ¶¶ 10-11) constitutes a failure to accommodate, such a position is untenable in light of Plaintiff's years-long acquiescence to the accommodation Chase did make (TAC ¶ 14), and in any event that claim would be barred by the FHA's two-year statute of limitations. *See* 42 U.S.C. § 3613(a)(1)(A).

Plaintiff's request for an accommodation (TAC ¶¶ 12-14). Plaintiff's formulaic recitation of the law, without factual support, fails to meet the necessary plausibility standard. *Myers*, 811 F. Supp. 2d at 265.

### B. Plaintiff's Disparate Treatment Claim Should Be Dismissed Because He Neither Meets the Requirements of § 3604(f)(1) nor Alleges that Chase Intentionally Discriminated Against Him Because of His Disability.

As an initial matter, Plaintiff's disparate treatment claim must be dismissed because Plaintiff does not fall within the limited definition of "buyer or renter" under 42 U.S.C. § 3604(f)(1). (*See* TAC ¶ 41.) Unlike other FHA provisions, § 3604(f)(1) does not apply to "any person" (*see, e.g.*, §§ 3604(a), 3604(f)(2)), but instead is narrowly tailored to protect only a "buyer or renter" from discrimination. *See Hunter v. District of Columbia,* 64 F. Supp. 3d 158, 177-78 (D.D.C. 2014) (contrasting different subsections of the FHA and explaining that the plain language of § 3604(f)(1) is restrictive). In this case, the alleged wrongdoing does not relate to Plaintiff's status as buyer or renter. As the TAC makes clear, Plaintiff already owned the property during the time period that he alleges discriminatory conduct took place. (*See* TAC ¶¶ 9, 16, 18.) Because Plaintiff was already an owner, not a buyer or renter, at the time of the alleged violation of § 3604(f)(1), the claim must be dismissed. *See Woodworth v. Bank of Am., N.A.*, No. 09–3058–CL, 2011 WL 1540358, at *16-17 (D. Or. Mar. 23, 2011) (granting motion to dismiss and holding that § 3604(f)(1) does not apply to a mortgage refinance transaction because the plaintiffs were already owners of the relevant property).

Additionally, Plaintiff's disparate treatment claim must be dismissed because, but for certain conclusory allegations, Plaintiff never alleges that Chase discriminated against him ***because of*** his disability (nor could he). Indeed, claims of disparate treatment require proof of discriminatory motive. *See Boykin v. Gray*, 895 F. Supp. 2d 199, 207 (D.D.C. 2012) (dismissing

a disparate treatment claim under the FHA); *Evans v. Atwood*, 38 F. Supp. 2d 25, 29 (D.D.C. 1999).[6] *See also Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977) (noting that "[d]isparate treatment" claims of discrimination are "the most easily understood type of discrimination. The [defendant] simply treats some people less favorably than others because of their race, color, religion, sex, or [other protected class status]"); *Evans*, 38 F. Supp. 2d at 29 (quoting same). Yet Plaintiff never points to any conduct by Chase suggesting that Chase treated Plaintiff differently because of his disability. In fact, Plaintiff's allegations make clear that Chase granted Plaintiff's request—which he alleges was made because of his cognitive disability—to allow his family members to access to his account and make loan payments. (*See* TAC ¶ 12.) He even acknowledges that this arrangement allowed him to remain current on his loan for many years. (*See Id.* ¶¶ 13-14.)

Plaintiff's allegation that Chase is somehow liable under the FHA because it "either failed to alert [the subsequent servicer Ocwen] of the accommodation for the Plaintiff's disability that had been made in 2009 or failed to fully describe or otherwise communicate the terms of the accommodation" (*id.* ¶ 18) is also insufficient to state a claim. Indeed, any alleged failure to communicate a disability accommodation is simply not actionable under either § 3604 or § 3605. Plaintiff does not allege that Chase's actions made housing "unavailable" to Plaintiff, as would be required under 42 U.S.C. § 3604. Rather, he makes the attenuated and irrelevant allegation

---

[6] The TAC alleges that "Defendants have discriminated against the Plaintiff on the basis of his disability…," which evinces allegations under a disparate treatment theory. (TAC ¶ 46.) The TAC makes no reference to any FHA claim under a disparate impact theory of liability. Insofar as Plaintiff intended to include a disparate impact claim, the TAC falls far short of relevant pleading requirements because the TAC identifies no facially neutral policy, and no outcome disparity adversely affecting a protected class, much less any theory of "robust causality" linking a neutral policy to an alleged disparity. *See Tex. Dep't of Hous. & Cmty. Affairs v. Inclusive Cmtys. Project, Inc.*, 135 S. Ct. 2507, 2523 (2015).

that a "denial of a mortgage modification . . . can ultimately result in the denial of housing when the mortgages are foreclosed upon." (TAC ¶ 40.) Indeed, nowhere does Plaintiff allege that Chase denied a requested mortgage modification. Nor does he allege that he has been foreclosed on or otherwise has been forced to leave his home as a result of any of Chase's alleged actions.

Similarly, actions under § 3605 require allegations relating to "residential real estate-related transactions." 42 U.S.C. § 3605. While it is true in this Court that plaintiffs can sustain mortgage-related FHA claims under either § 3604 or § 3605, *see, e.g.*, *Nat'l Cmty. Reinvestment Coalition v. NovaStar Fin'l, Inc.*, No. 07-861-RCL, 2008 WL 977351, at *3 (D.D.C. Mar. 31, 2008); *Hargraves v. Capital City Mortg. Corp.*, 140 F. Supp. 2d 7 (D.D.C. 2000), a plaintiff must allege facts that plausibly support a legal claim under the statute. *See Boykin*, 895 F. Supp. 2d at 207.[7] Here, the alleged failure to communicate was not part of a transaction and did not make unavailable such a transaction.

Even assuming *arguendo* that the alleged failure to communicate could constitute actionable conduct under § 3604 or § 3605—it cannot—Plaintiff does not allege that Chase failed to communicate to Ocwen the terms of the accommodation *because* of Plaintiff's disability. The alleged failure to communicate a payment and third-party contact arrangement to a subsequent servicer does not alone implicate anti-discrimination laws; it must be accompanied by an allegation that the alleged failure was a purposeful departure from the servicer's normal practice because of the customer's protected class status. *See Boykin*, 895 F. Supp. 2d at 210 (FHA claim under intentional discrimination theory must allege that defendant acted "because of

---

[7] As the court in *Boykin* explained, despite the fact that this Circuit has adopted the *McDonnell Douglas* burden-shifting approach to analyzing FHA claims, at the motion to dismiss stage "the ordinary rules for assessing the sufficiency of a complaint apply." *Boykin*, 895 F. Supp. 2d at 207-08 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).

the disabilities" of the plaintiffs). The lack of any such allegations here is fatal to Plaintiff's claim.

To be sure, the TAC contains the conclusory allegation that "Defendants have discriminated against the Plaintiff on the basis of his disability [ . . . ]." (TAC ¶ 46.) But to survive a motion to dismiss, Plaintiff must make more than "naked assertion[s]" of liability. *See Boykin*, 895 F. Supp. 2d at 210 (quoting *Iqbal*, 556 U.S. at 678). *Boykin* is instructive. The plaintiffs in *Boykin*, former inhabitants (some of them disabled) of an emergency shelter operated by the District of Columbia, claimed *inter alia* that the city's closure of the shelter amounted to disparate treatment based on the plaintiffs' disabilities. *See id.* at 209-10. But without further factual assertions, the *Boykin* court concluded that "the plaintiffs have proffered absolutely no allegations supporting a plausible inference that the District closed [the shelter] ***because of the disabilities of its residents***." *Id.* at 210 (emphasis added). Similarly, in this case, Plaintiff makes only a bare assertion of discrimination. Thus, Plaintiff's FHA claim "stops short of the line between possibility and plausibility" and therefore must be dismissed. *Twombly*, 550 U.S. at 557; *Boykin*, 895 F. Supp. 2d at 209 (quoting same).

## II. PLAINTIFF FAILS TO ALLEGE A PLAUSIBLE CLAIM FOR BREACH OF THE CONTRACTUAL COVENANT OF GOOD FAITH AND FAIR DEALING.

Plaintiff's GFFD cause of action must also be dismissed because (i) the claim is inconsistent with Plaintiff's own allegations that Chase allowed Plaintiff's family members to interact with Chase regarding the loan and make payments on the loan; (ii) GFFD claims require the existence of a valid contract but the alleged "oral agreement" violates the statute of frauds in multiple ways; and (iii) D.C. law does not recognize GFFD claims as independent causes of action where, as here, the allegations underpinning the claim are identical to the allegations made in support of other claims for relief.

**A. Plaintiff's GFFD Claim Is Directly Contradicted by Plaintiff's Own Allegations against Chase.**

The D.C. Court of Appeals has held that all contracts contain an implied covenant of good faith and fair dealing. *Metz v. BAE Sys. Tech. Sols. & Servs., Inc.*, 979 F. Supp. 2d 26, 32 (D.D.C. 2013) (citing *Allworth v. Howard Univ.*, 890 A.2d 194, 201 (D.C. 2006)), *aff'd*, 774 F.3d 18 (D.C. Cir. 2014). The implied duty of good faith and fair dealing means that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Id.* (quoting *Allworth*, 890 A.2d at 201). "If the party to a contract evades the spirit of the contract, willfully renders imperfect performance, or interferes with performance by the other party, he or she may be liable for breach of the implied covenant of good faith and fair dealing." *Id.* (quoting *Hais v. Smith*, 547 A.2d 986, 987 (D.C. 1988)).

Plaintiff's GFFD claim is premised on Defendants' alleged failure "to provide a reasonable accommodation to the Plaintiff given his disability." (TAC ¶ 58; *see also id.* ¶ 57.) This general claim against "Defendants," however, ignores the specific factual allegations directed towards Chase, which make the opposite assertion—that Chase did in fact provide Plaintiff an accommodation. (*See* TAC ¶ 12.) Because "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint," the claim can and should be dismissed for this reason alone. *Myers*, 811 F. Supp. 2d at 265.

**B. The Alleged "Oral Agreement" Is Not A Valid Contract Between Plaintiff and Chase.**

The implied covenant of good faith and fair dealing requires the existence of an underlying valid contract between the parties. *Mero v. City Segway Tours of Washington DC, LLC*, 826 F. Supp. 2d 100, 107 (D.D.C. 2011) (citing *Steele v. Isikoff*, 130 F. Supp. 2d 23, 33

(D.D.C. 2000)). Notwithstanding Plaintiff's allegation that he and Chase entered into an "oral agreement" to accommodate Plaintiff's disability (TAC ¶ 12), such an "oral agreement" is not a valid contract because it violates the statute of frauds, in at least two ways.

First, Plaintiff alleges that the agreement was oral, but it must be in writing because it concerns real estate. Under District of Columbia law, the "statute of frauds mandates that certain agreements, including those concerning real estate, must be in writing to guard against perjury and protect against unfounded and fraudulent claims." *Railan v. Katyal*, 766 A.2d 998, 1007 (D.C. 2001) (internal quotation omitted); *see also* D.C. Code Ann. § 28–3502 (2001). Plaintiff's alleged agreement "concern[s] real estate" because it relates to the servicing of Plaintiff's mortgage secured by his property. *See, e.g., Curry v. Bank of Am. Home Loans Servicing*, 802 F. Supp. 2d 105, 109-10 (D.D.C. 2011) (refusing to allow plaintiff to amend complaint to add breach of contract claim where alleged contract was oral mortgage loan modification which violated the statute of frauds) (citing *District of Columbia Redevelopment Land Agency v. Dowdey*, 618 A.2d 153, 156 n.1 (D.C. 1992), and *Landow v. Georgetown–Inland West Corp.*, 454 A.2d 310 (D.C. 1982)).

Second, the alleged "oral agreement," which Plaintiff alleges applies to the on-going servicing of Plaintiff's mortgage loan, could not be performed within one year, a condition that independently violates the statute of frauds. In the District of Columbia, an agreement must be in writing if it "is not to be performed within one year from the making thereof." D.C. Code Ann. § 28–3502 (2001); *see, e.g.*, *Curry*, 802 F. Supp. 2d at 109 n.2 (observing but not deciding that oral loan modification agreement governing 30-year mortgage may violate statute of frauds because it could not be performed within one year). As Plaintiff describes it, the alleged accommodation was in effect for approximately four years. (*See* TAC ¶ 14.) Furthermore, as

part of his requested relief Plaintiff seeks to have the "accommodation" honored now and throughout the remaining life of his mortgage loan.[8]

### C. Plaintiff's GFFD Claim Is Improper Because It Is Wholly Derivative of His FHA Claim.

Plaintiff's GFFD claim should also be dismissed because the allegations underlying the claim are identical to those made in support of his FHA claim. *See Jacobsen v. Oliver*, 201 F. Supp. 2d 93, 98 n.2 (D.D.C. 2002) (citation omitted); *see also Xereas v. Heiss*, 933 F. Supp. 2d. 1, 8 (D.D.C. 2013) (citing same standard); *Washington Metro. Area Transit Auth. v. Quik Serve Foods, Inc.*, Nos. 04-838, 04-687, 2006 WL 1147933, at *5 (D.D.C. Apr. 28, 2006) (same). In *Jacobsen*, for example, the Court dismissed the plaintiff's GFFD claim against his former lawyers because the GFFD claim rested on the same core factual allegations as the plaintiff's legal malpractice claim. *See Jacobsen*, 201 F. Supp. 2d at 95-96, 98 n.2.

In this case, Plaintiff's GFFD claim rests on allegations drawn directly from those made in support of Plaintiff's FHA claim. Plaintiff alleges a violation of the contractual covenant of good faith and fair dealing insofar as Defendants failed to provide Plaintiff a "reasonable accommodation." (TAC ¶¶ 57-58.) That allegation is duplicative of Plaintiff's FHA claim. (*See, e.g.*, TAC ¶ 42 (citing the "reasonable accommodations" language of the FHA).) Indeed, it is borrowed directly from the FHA's statutory language. *See* 42 U.S.C. § 3604(f)(3)(B). Thus, Plaintiff's GFFD claim cannot be sustained as independent cause of action here because "the

---

[8] Insofar as Plaintiff intended his GFFD claim to relate to his original mortgage contract (and not the alleged "oral agreement"), such a claim is not plausible—or remotely tenable—in light of the TAC allegations. The alleged wrongdoing by Chase consists of a failure to communicate the terms of the oral agreement. (*See* TAC ¶ 18.)

allegations are identical to other claims for relief under [an] established cause of action." *Quik Serve Foods*, 2006 WL 1147933, at *5 (citing *Jacobsen*, 201 F. Supp. 2d at 98 n.2).

**CONCLUSION**

For these reasons, Defendant JPMorgan Chase Bank, N.A. respectfully requests that the Court dismiss the Third Amended Complaint as to Chase with prejudice.[9]

Dated: December 2, 2016

Respectfully submitted,

/s/ Andrew R. Louis
Andrew R. Louis (Bar No. 476722)
Mark E. Rooney (Bar No. 979097)
BUCKLEYSANDLER LLP
1250 24th Street NW, Suite 700
Washington, DC 20037
202-349-8000 (telephone)
202-349-8080 (facsimile)
alouis@buckleysandler.com
mrooney@buckleysandler.com

*Counsel for JPMorgan Chase Bank, N.A.*

[9] Chase will vigorously oppose any effort by Plaintiff seeking yet another opportunity to amend his complaint. Over the course of the last two years, Plaintiff has filed four different versions of his complaint, none of which have stated a plausible claim for relief against Chase. For the reasons described herein, any further amendment would be futile and Plaintiff already has had ample opportunity to cure the many deficiencies in his pleadings. *See Oladokun v. Correctional Treatment Facility*, 5 F. Supp. 3d 7, 12 (D.D.C. 2013) (The Court has discretion "to deny leave to amend a complaint for reasons such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice on the opposing party, or futility of amendment.") (citation omitted); Fed. R. Civ. P. 15(a)(2).

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2016, the foregoing motion was electronically filed with the Clerk of the Court using the ECF system, which will notify all counsel of record for all parties.

/s/ Andrew R. Louis
Andrew R. Louis