**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RANDY BROWN,<br>Plaintiff,<br>v.<br>J.P. MORGAN CHASE, et al.,<br>Defendants. | C.A. No.: 1:14-cv-02031-ABJ |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANT OCWEN LOAN SERVICING, LLC'S**
**MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

**TABLE OF CONTENTS**

**Page**

BACKGROUND ..... 1

ARGUMENT ..... 2

I. Plaintiff Fails To State A Claim For Relief Against OLS ..... 2

A. Plaintiff Has Not Alleged A Cognizable Fair Housing Act Claim Based On OLS's Servicing Of His Mortgage Loan ..... 3

B. Plaintiff Fails To Allege A Contract With OLS And Thus Cannot Sustain A Claim for Breach Of The Implied Covenant Of Good Faith And Fair Dealing ..... 6

II. Plaintiff's Allegation That OLS No Longer Services His Loan Precludes The Award Of Injunctive Relief As Against OLS ..... 7

III. The Court Should Dismiss The TAC With Prejudice ..... 8

CONCLUSION ..... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adler v. Am. Home Mortg. Servicing, Inc.*,
882 F. Supp. 2d 1237 (D. Colo. 2012)....................5

**Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................2

**Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................2

*Blackwell v. SecTek, Inc.*,
61 F. Supp. 3d 149 (D.D.C. 2014)....................2

*C&E Servs., Inc. v. Ashland Inc.*,
601 F. Supp. 2d 262 (D.D.C. 2009)....................6

**Carter v. Bank of Am., N.A.*,
888 F. Supp. 2d 1 (D.D.C. 2012)....................8

**Clifton Terrace Assocs., Ltd. v. United Techs. Corp.*,
929 F.2d 714 (D.C. Cir. 1991)....................3, 4

**Curry v. Bank of Am. Home Loans Servicing*,
802 F. Supp. 2d 105 (D.D.C. 2011), *aff'd* 466 F. App'x 12 (D.C. Cir. 2012)....................7

**Dearth v. Holder*,
641 F.3d 499 (D.C. Cir. 2011)....................8

*F.T.C. v. Ken Roberts Co.*,
276 F.3d 583 (D.C. Cir. 2001)....................4

*Fletcher v. Homecomings Fin. LLC*,
No. 1:08-CV-393, 2010 WL 1665265 (M.D.N.C. Apr. 22, 2010)....................5

*Gaona v. Town & Country Credit*,
324 F.3d 1050 (8th Cir. 2003)....................5

*Koker v. Aurora Loan Servicing, LLC*,
915 F. Supp. 2d 51 (D.D.C. 2013)....................6

*Loving v. I.R.S.*,
742 F.3d 1013 (D.C. Cir. 2014)....................3

*McAlister v. Potter*,
843 F. Supp. 2d 117 (D.D.C. 2012)....................2

*O'Shea v. Littleton*,
414 U.S. 488 (1974) ... 8

*Powers v. U.S. Dep't of Justice*,
646 F. Supp. 2d 153 (D.D.C. 2009) ... 8

**Robinson v. Deutsche Bank Nat'l Trust Co.*,
932 F. Supp. 2d 95 (D.D.C. 2013) ... 6, 7

*Sterling Commercial Credit–Mich., LLC v. Phoenix Indus. I, LLC*,
762 F. Supp. 2d 8 (D.D.C. 2011) ... 8

**Vince v. Mabus*,
956 F. Supp. 2d 83 (D.D.C. 2013) ... 8

*Wash. Metro. Area Transit Auth. v. Quik Serve Foods, Inc.*,
Nos. 04-838(RCL), 04-687(RCL), 2006 WL 1147933 (D.D.C. Apr. 28, 2006) ... 7

*Webster Bank v. Oakley*,
830 A.2d 139 (Conn. 2003) ... 5

**Statutes**

42 U.S.C. § 3604 ... 1, 3, 4, 5

42 U.S.C. § 3605 ... 5

D.C. Code 28-3502 ... 7

**Rules**

Fed. R. Civ. P. 8(a) ... 2

Fed. R. Civ. P. 12(b)(6) ... 2

The Third Amended Complaint ("TAC") should be dismissed in its entirety and with prejudice as to defendant Ocwen Loan Servicing, LLC ("OLS") for the following reasons:

First, the TAC fails to state a claim for relief against OLS. Plaintiff Randy Brown ("Plaintiff") asserts that OLS violated the Fair Housing Act as his loan servicer but fails to allege a viable claim of discriminatory loan servicing based on handicap. Moreover, because Plaintiff fails to allege the existence of a contract between OLS and himself, he cannot sustain a claim for breach of the implied covenant of good faith and fair dealing.

Second, to the extent that he seeks equitable relief from OLS, Plaintiff lacks standing to do so because, as Plaintiff himself alleges, OLS no longer services the mortgage loan that forms the basis for his claims.

## BACKGROUND

In 2009, Plaintiff, who allegedly suffered from a pre-existing cognitive disorder, injured his head while at work. *See* TAC ¶ 8.[1] Plaintiff contacted defendant J.P. Morgan Chase ("Chase"), the then-servicer of Plaintiff's residential mortgage loan, to request an accommodation with respect to payments on the loan. *See id.* ¶¶ 9-10. Plaintiff asserts that he and Chase allegedly entered into an oral loan modification where Chase would provide information to members of Plaintiff's family, who would be permitted to make payments on his behalf. *See id.* ¶¶ 12-13. The TAC does not plead that the alleged oral loan modification between Plaintiff and Chase was ever reduced to writing. *See generally* TAC.

In August 2013, Chase transferred servicing of Plaintiff's loan to OLS. *See* TAC ¶ 16. OLS notified Plaintiff of the servicing transfer on or about September 6, 2013. *See id.* ¶ 17. According to the TAC, Chase "either failed to alert [OLS] of the" oral modification "or failed to

[1] OLS reserves its right to contest any of the allegations set forth in the TAC.

fully describe or otherwise communicate the terms of the" oral modification.  *See id.* ¶ 18.[2]

After missing several payments, Plaintiff requested that OLS honor Chase's alleged oral loan modification or grant some other accommodation to resolve the delinquency.  *See* TAC ¶ 20.  Plaintiff alleges that OLS declined to do so, initiated a foreclosure process, and told Plaintiff that no further payments would be accepted.  *See id.* ¶¶ 21-22.  Nevertheless, Plaintiff allegedly made several wire payments to OLS between September 2013 and January 2014.  *See* TAC ¶¶ 23-24.  Plaintiff asserts that OLS received these payments but failed to timely acknowledge receipt of them.  *See id.* ¶¶ 24-26.  OLS subsequently transferred servicing of Plaintiff's loan to defendant Select Portfolio Services ("SPS").  *See id.* ¶ 30.

## ARGUMENT

### I.   PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF AGAINST OLS

To withstand a Rule 12(b)(6) motion to dismiss, Plaintiff must set forth the grounds for relief that he seeks using more than labels and conclusions.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see McAlister v. Potter*, 843 F. Supp. 2d 117, 120 (D.D.C. 2012) ("a court need not accept as true legal conclusions set forth in a complaint").  Rather, Plaintiff must plead sufficient facts such that each claim is plausible on its face, *Twombly*, 550 U.S. at 555-56—namely, "[with enough] factual content [to] allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  Indeed, Rule 8(a) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.*  The TAC fails to meet this standard and thus does not state a claim for relief as to either count against OLS.  *See Blackwell v. SecTek, Inc.*, 61 F. Supp. 3d 149, 156 (D.D.C. 2014) (dismissal required where plaintiff does not allege facts that support each element

---

[2] Plaintiff asserts without any supporting factual allegations that "[a]lternatively," Chase "advised [OLS] of the" oral modification, "and [OLS] refused to honor the" modification.  TAC ¶ 19.  Regardless of which alternative the Court considers, Plaintiff's claims fail for the reasons set forth herein.

of claims asserted).

### A. Plaintiff Has Not Alleged A Cognizable Fair Housing Act Claim Based On OLS's Servicing Of His Mortgage Loan

Plaintiff brings his Fair Housing Act claim, principally under Section 3604 of the Act, with respect to OLS's servicing of his residential mortgage loan. *See, e.g.*, TAC ¶¶ 1, 6, 16-17. Yet, as the Court of Appeals for the District of Columbia Circuit has ruled, Section 3604 does not reach every form of alleged discrimination with a relation to residential property. *See Clifton Terrace Assocs., Ltd. v. United Techs. Corp.*, 929 F.2d 714, 719 (D.C. Cir. 1991). Rather, Section 3604, including subsection (f) and its prohibition against discrimination "because of a handicap," only applies to the process for obtaining housing, such as the sale or rental of a dwelling. For a number of reasons, the plain language of Subsection 3604(f) does not extend to the servicing or enforcement of the terms of mortgage loans.

First, Subsection 3604(f) makes it unlawful "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of (A) that buyer or renter, (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or (C) any person associated with that buyer or renter." 42 U.S.C. § 3604(f)(1). When OLS was servicing Plaintiff's mortgage loan, however, he was not a "buyer or renter," and there was no "sale or rental" of a dwelling involved. Rather, OLS's involvement in servicing the loan occurred well after the time of its origination. *See* TAC ¶¶ 10-16 (alleging that Chase serviced the loan for at least four years before servicing transferred to OLS). Nor can it be said that OLS's post-origination servicing "otherwise ma[d]e unavailable or den[ied]" a dwelling to Plaintiff. That phrase must be read in the context of paragraph 3604(f)(1) as a whole. *See Loving v. I.R.S.*, 742 F.3d 1013, 1017-19, 1020 (D.C. Cir. 2014) (reading statutory language in its context is a "fundamental canon of statutory construction"). When read in context with the terms "sale or rental" and "buyer or renter," the scope of the

phrase "otherwise make unavailable or deny" is cabined to the process for obtaining housing. *See F.T.C. v. Ken Roberts Co.*, 276 F.3d 583, 590 (D.C. Cir. 2001) ("In statutory interpretation, … words are generally known by the company they keep."). As the *Clifton Terrace* court explained, the "plain terms" of paragraph 3604(f)(1) "reach only discrimination that adversely affects the availability of housing."[3] 929 F.2d at 719.

Second, Subsection 3604(f) makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of (A) that person; or (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or (C) any person associated with that person." 42 U.S.C. § 3604(f)(2). Again, the reference to the "sale or rental of a dwelling" limits the scope of paragraph 3604(f)(2) to the terms of such a transaction or to "services … provided *in connection with the sale or rental of housing*." *Clifton Terrace*, 929 F.2d at 720 (emphasis added). Plaintiff has not alleged—and cannot allege—that OLS engaged in the provision of services "in connection with the sale" of the property securing his loan when OLS began servicing the loan many years after he obtained it.

Third, Subsection 3604(f) provides that "[f]or the purposes of *this subsection*, discrimination includes … (B) a refusal to make reasonable accommodations in rules, policies,

---

[3] Although that court speculated in *dicta* that "the denial of certain services relating to a dwelling, such as mortgage *financing* … *might* result in the denial of housing," 929 F.2d at 719-20 (emphasis added), there is a logical distinction between loan origination and loan servicing as it relates to the "availability of housing." Under that line of thinking, the denial of financing might prevent housing from being "availabl[e]," because the applicant is prevented from obtaining the funds necessary to purchase the property. On the other hand, the acts of a loan servicer, even with respect to a loan in default, do not prevent the borrower from purchasing the property securing the loan, as the borrower has already obtained the property. Thus, even if mortgage financing "might" be covered by the "otherwise make unavailable or deny" language of paragraph 3604(f)(1) (which OLS in no manner concedes), when read in that paragraph's context, it would be limited to the origination of a loan sought to purchase or rent residential property that the borrower intends to occupy.

practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3) (emphasis added). Yet, by its plain language, the "reasonable accommodation" provision of paragraph 3604(f)(3) applies only to the services that Subsection 3604(f) otherwise covers. As discussed above, neither paragraph 3604(f)(1) nor paragraph 3604(f)(2) reaches mortgage servicing, and thus, the "reasonable accommodations" provision of paragraph 3604(f)(3) does not apply to mortgage servicing either. *See Adler v. Am. Home Mortg. Servicing, Inc.*, 882 F. Supp. 2d 1237, 1240-42 (D. Colo. 2012) (granting motion to dismiss); *Fletcher v. Homecomings Fin. LLC*, No. 1:08-CV-393, 2010 WL 1665265, at *4 (M.D.N.C. Apr. 22, 2010) (same); *see also Webster Bank v. Oakley*, 830 A.2d 139, 151-53, 155-56 (Conn. 2003) (concluding that Subsection 3604(f), including the "reasonable accommodations" provision, did not apply to the enforcement of a mortgage loan through foreclosure because loan enforcement is governed by Section 3605, not Section 3604). Thus, Plaintiff's claim that OLS was required to provide him "reasonable accommodation" in servicing his loan fails as a matter of law.

Finally, Plaintiff cannot state a Fair Housing Act claim through his passing reference to Section 3605. *See* TAC ¶ 43. Section 3605 precludes the "discriminat[ion] against any person in making available [a residential real estate-related] transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin." 42 U.S.C. § 3605. Yet, Plaintiff alleges no facts that support an inference that OLS serviced his mortgage loan differently "because of" his alleged handicap. Moreover, Section 3605 does not include a "reasonable accommodations" provision like that found in Subsection 3604(f). *Compare* 42 U.S.C. § 3605 *with id.* § 3604(f); *see Gaona v. Town & Country Credit*, 324 F.3d 1050, 1057 (8th Cir. 2003); *Webster Bank*, 830 A.2d at 151 ("§ 3605, unlike § 3604, does not include any provision stating that the failure to provide reasonable accommodations constitutes discrimination"). Thus, Plaintiff has also failed to state a claim under Section 3605.

**B. Plaintiff Fails To Allege A Contract With OLS And Thus Cannot Sustain A Claim for Breach Of The Implied Covenant Of Good Faith And Fair Dealing**

A claim for breach of the implied covenant of good faith and fair dealing is a type of breach of contract claim. *See C&E Servs., Inc. v. Ashland Inc.*, 601 F. Supp. 2d 262, 272-75 (D.D.C. 2009). To sustain such a claim, Plaintiff must establish the existence of a contract between himself and OLS. *See id.* at 274-75 ("[w]hat is clear is that the duty must arise out of a contract between the parties"); *see also Robinson v. Deutsche Bank Nat'l Trust Co.*, 932 F. Supp. 2d 95, 111-12 (D.D.C. 2013) (dismissing breach of implied covenant claim where plaintiff made no allegation supporting inference that contract existed); *Koker v. Aurora Loan Servicing, LLC*, 915 F. Supp. 2d 51, 65-66 (D.D.C. 2013) (same). Plaintiff admits as much. *See* TAC ¶ 53.

The TAC, however, contains no allegations of the existence of a contract between Plaintiff and OLS. *See generally* TAC. Indeed, nowhere does Plaintiff allege any of the elements of contract formation—such as an offer, acceptance, or consideration—as between himself and OLS. And Plaintiff's general statement that "[a] contractual relationship existed between the Plaintiff and each of the Defendants," *see id.* ¶ 56, is just the type of conclusory allegation that does not suffice under *Twombly* and *Iqbal*.

Nor do Plaintiff's allegations regarding the existence of the original agreement with his mortgage lender, to which OLS was not a party, suffice to establish a contract between himself and OLS as the servicer of his loan. *See Robinson*, 932 F. Supp. 2d at 109, 111-12 (dismissing breach of contract and implied covenant claims against alleged loan servicer). Moreover, even if such allegations could suffice (which they do not), Plaintiff nowhere alleges that OLS failed to honor the terms of that original mortgage loan agreement.

Finally, Plaintiff's assertion that he expected OLS to honor the purported oral loan modification with Chase, *see* TAC ¶ 20, is of no avail. Regardless of whether OLS had notice of the purported oral modification, *see*, *supra*, note 2, an oral modification of a loan agreement

secured by real estate, such as the one Plaintiff allegedly entered into with Chase, would violate the statute of frauds and is not enforceable on that basis alone. *See* D.C. Code 28-3502 ("An action may not be brought … upon a contract or sale of real estate, of any interest in or concerning it, or upon an agreement that is not to be performed within one year from the making thereof, unless the agreement upon which the action is brought, or a memorandum or note thereof, is in writing, which need not state the consideration and signed by the party to be charged therewith or a person authorized by him."); *see Curry v. Bank of Am. Home Loans Servicing*, 802 F. Supp. 2d 105, 109-10 (D.D.C. 2011), *aff'd* 466 F. App'x 12 (D.C. Cir. 2012) (breach of contract claim based upon alleged oral modification of mortgage loan would fail to state a claim for relief because such agreement would violate statute of frauds). Accordingly, the Court should dismiss Plaintiff's claim for breach of the implied covenant of good faith and fair dealing as against OLS.[4]

## II. PLAINTIFF'S ALLEGATION THAT OLS NO LONGER SERVICES HIS LOAN PRECLUDES THE AWARD OF INJUNCTIVE RELIEF AS AGAINST OLS

Plaintiff seeks an injunction against SPS, the present servicer of Plaintiff's mortgage loan, as well as all persons "acting in concert or participation with [SPS]." TAC Prayer for Relief # 3. To the extent that he intends to include OLS within the scope of his request, Plaintiff lacks standing to do so. Specifically, Plaintiff has failed to plead that he is suffering from an injury based on any ongoing conduct attributed to OLS. Indeed, Plaintiff alleges the opposite, namely that OLS no longer services his mortgage loan. *See* TAC ¶¶ 30, 49-50. Because alleged

---

[4] Dismissal of Plaintiff's breach of implied covenant claim is also warranted because it arises from the same alleged acts as Plaintiff's Fair Housing Act claim, namely OLS's servicing of Plaintiff's mortgage loan, and is thus duplicative. *See Robinson*, 932 F. Supp. 2d at 112 n.10 (dismissing implied covenant claim based upon same alleged acts as breach of contract and tortious interference with contractual relationship claims); *Wash. Metro. Area Transit Auth. v. Quik Serve Foods, Inc.*, Nos. 04-838(RCL), 04-687(RCL), 2006 WL 1147933, at *5 (D.D.C. Apr. 28, 2006) (dismissing implied covenant claim based upon same alleged acts as claims for breach of right of first refusal and breach of contract).

"past injuries alone are insufficient to establish standing" for injunctive relief, the Court should deny Plaintiff's request for injunctive relief with respect to OLS. *Dearth v. Holder*, 641 F.3d 499, 501 (D.C. Cir. 2011); *accord O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974) (alleged "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief"); *see Carter v. Bank of Am., N.A.*, 888 F. Supp. 2d 1, 13-14 (D.D.C. 2012) (plaintiff could not seek injunctive relief from entity that no longer serviced her loan).[5]

## III. THE COURT SHOULD DISMISS THE TAC WITH PREJUDICE

The Court should dismiss Plaintiff's claims as against OLS with prejudice because Plaintiff cannot cure the deficiencies of his claims notwithstanding three unsuccessful attempts to do so.[6] *See Vince v. Mabus*, 956 F. Supp. 2d 83, 92 (D.D.C. 2013). As the former servicer of Plaintiff's mortgage loan, OLS is not covered by the Fair Housing Act's "reasonable accommodation" provision as a matter of law. Nor can Plaintiff amend his pleadings to allege the existence of a contract between himself and OLS. OLS was not a party to Plaintiff's original mortgage loan contract and never entered into a loan modification with Plaintiff. Under such circumstances, dismissal with prejudice is warranted. *See Powers v. U.S. Dep't of Justice*, 646 F. Supp. 2d 153, 155 (D.D.C. 2009) (dismissing amended pleading with prejudice where plaintiff "was given an opportunity to correct … deficiencies but failed to do so").

## CONCLUSION

For the reasons set forth above and in its motion, defendant Ocwen Loan Servicing, LLC

[5] In any event, Plaintiff fails to plead the required clear showing "(1) that there is a substantial likelihood that [Plaintiff] will succeed on the merits of its claims; (2) that [he] will suffer irreparable harm in the absence of an injunction; (3) that an injunction would not substantially harm the defendant or other interested parties (balance of harms); and (4) that the public interest would be furthered, or at least not adversely affected, by the injunction." *Sterling Commercial Credit–Mich., LLC v. Phoenix Indus. I, LLC*, 762 F. Supp. 2d 8, 12 (D.D.C. 2011).

[6] These include the Amended Complaint and proposed Second Amended Complaint, each of which he abandoned. Plaintiff also filed unsuccessful complaints asserting similar allegations against OLS with the District of Columbia Department of Insurance, Securities, and Banking and with the District of Columbia Office of Human Rights.

respectfully requests that the Court: (1) grant this motion; (2) dismiss the TAC in its entirety and with prejudice as to OLS; and (3) grant such other relief as the Court deems just and necessary.

    Respectfully submitted,

    OCWEN LOAN SERVICING, LLC,

    By its attorneys,

    */s/ Roger L. Smerage*
    Soyong Cho (D.C. Bar No. 500690)
    soyong.cho@klgates.com
    K&L GATES LLP
    1601 K Street, N.W.
    Washington, DC 20006
    Tel.: (202) 778-9000
    Fax: (202) 778-9100

    Andrew C. Glass (*pro hac vice*)
    andrew.glass@klgates.com
    Roger L. Smerage (*pro hac vice*)
    roger.smerage@klgates.com
    K&L GATES, LLP
    State Street Financial Center
    One Lincoln Street
    Boston, MA 02111
    Tel. (617) 261-3100
    Fax (617) 261-3175

Dated: December 2, 2016

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2016, a copy of the foregoing Motion to Dismiss was filed electronically using the ECF system and transmitted to all counsel of record.

    /s/ *Roger L. Smerage*
    Roger L. Smerage