UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDY BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 14-2031 (ABJ) |
| ) | |
| JPMORGAN CHASE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

At the status conference held before the Court on May 17, 2017, plaintiff's counsel, Destiny Aigbe, made an oral motion to withdraw. The Court will take up that motion when it is received in writing, and any written motion must be filed and served on plaintiff by May 22, 2017 and must comport with Local Civil Rule 83.6.

With the expectation that the motion to withdraw will be granted, the Court has determined that counsel should be appointed from the Court's Civil Pro Bono Panel for the limited purpose of assisting in the resolution of this case through mediation. Accordingly, it is

**ORDERED** that the Clerk appoint counsel for plaintiff from the Civil Pro Bono Panel for the purpose of mediation in the above-captioned matter. It is

**FURTHER ORDERED** that the appointment shall be subject to the provisions of the "Guidelines for Court-Appointed Mediation Counsel," attached to and hereby incorporated by reference in this Order. It is

**FURTHER ORDERED** that plaintiff must read and sign the "Notice of Acknowledgment of Appointment of Counsel for the Limited Purpose of Mediation" attached to this Order, and file a signed copy with the Court. It is

**FURTHER ORDERED** that mediation shall commence once a lawyer has entered an appearance on behalf of plaintiff.  Mediation shall be completed sixty days after the appointment of counsel.  It is

**FURTHER ORDERED** that the Clerk of the Court shall promptly furnish a copy of this order to the Circuit Executive who shall designate a mediator.  Counsel and the parties, including a person with settlement authority shall attend each mediation session.  It is

**FURTHER ORDERED** that the parties submit a report to the Court on the status of the mediation by July 17, 2017, and if the case settles in whole or in part, both parties shall immediately advise the Court of the settlement by filing a stipulation.  It is

**FURTHER ORDERED** that the dates set in the Court's Order dated May 8, 2017, *see* Order [Dkt. # 57], including the date for the filing of either a reply to defendants' opposition to the motion for leave to file an amended complaint or a revised motion for leave to file an amended complaint, are **VACATED**, and further briefing of the motions is suspended pending the outcome of mediation.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　／s／ Amy B. Jackson
　　　　　　　　　　　　　　　　　　　AMY BERMAN JACKSON
　　　　　　　　　　　　　　　　　　　United States District Judge

DATE:  May 17, 2017

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**GENERAL GUIDELINES FOR COURT-APPOINTED MEDIATION COUNSEL**
**IN FEE-PAID PRO SE CASES**

Please observe these guidelines when serving as Court-appointed mediation counsel.

1. The party whom you have been appointed to represent has filed an action pro se. You have been appointed for the limited purpose of representing the pro se party during the process of mediation.

2. As appointed mediation counsel, you are under no duty to engage in discovery or motions practice. If, however, you find that the opposing party has not completed outstanding discovery to your client, and such discovery is necessary to proceed with mediation, you may advise the mediator of this fact and schedule the mediation session after the completion of such discovery.

3. Note that the order referring this case to mediation has already been entered. You should promptly meet with your client to discuss her/his goals and interests. A court-appointed mediator (or magistrate judge) will contact you and counsel for the opposing party to schedule the exact time and place of the mediation session(s).

4. You should assist your client in deciding whether and on what terms to settle the case and assist the client in drafting and reviewing any necessary agreements and related court papers. The mediator will notify the Court's ADR staff of the outcome of mediation.

5. In the event that the mediation is not successful in resolving the case, your appointment will expire unless, at your option and with the agreement of the pro se party, you decide to enter your appearance as counsel of record and proceed further.

6. Local Civil Rule 83.11(b)(9) provides for attorney's fees under certain circumstances, if agreed upon by counsel and client. Any such agreement must be in writing. Any arrangement agreed to by the parties must be approved by the Court.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RANDY BROWN, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 14-2031 (ABJ) |
| JPMORGAN CHASE, *et al.*, | ) |
| Defendants. | ) |

**NOTICE OF ACKNOWLEDGMENT OF APPOINTMENT OF COUNSEL**
**FOR THE LIMITED PURPOSE OF MEDIATION**

I have received and reviewed the Court's Order of Appointment of Counsel for the Limited Purpose of Mediation, including the Guidelines for Court-Appointed Mediation Counsel attached to that Order. I understand that counsel is being appointed for the limited purpose of assisting me with the mediation process, and that I must continue to represent myself in this case with respect to matters other than mediation.

Respectfully submitted,

_____
Signature of *pro se* party

_____
Name of *pro se* party (printed)

_____
Address

_____
City             State             ZIP

_____
Telephone

DATE:_____