# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RANDY BROWN, | ) |
| Plaintiff, | ) |
| v. | )      Civil Action No. 14-2031 (ABJ) |
| JP MORGAN CHASE, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Randy Brown filed this action *pro se* against defendant JP Morgan Chase on December 1, 2014. *See* Compl. [Dkt. #1]. After multiple amendments to the complaint, plaintiff added two defendants: Ocwen Loan Servicing and Select Portfolio Services.[1] In his fourth amended complaint, plaintiff alleged that defendants violated provisions of the Americans with Disabilities Act and the District of Columbia Human Rights Act, and they breached an oral contract, among other claims. *See* Fourth Am. Compl. [Dkt. # 78]. Defendants moved to dismiss the fourth amended complaint, and after almost six months, plaintiff failed to respond to the motions despite multiple extensions and repeated warnings that his case would be dismissed as

---

[1]     Plaintiff originally filed his complaint against only JP Morgan Chase, although he noted that there were other "unnamed defendants" that he intended to bring suit against. Compl. at 1. On January 27, 2015, plaintiff amended his complaint, adding defendants Ocwen Loan Servicing, Ocwen Financial Corporation, Select Portfolio Services, and John Does 1-4. First Am. Compl. [Dkt. # 11] at 1. On October 24, 2016, plaintiff filed his third amended complaint, naming only JP Morgan Chase, Ocwen Loan Servicing, and Select Portfolio Services as defendants. Third Am. Compl. [Dkt. # 40] at 1. Subsequently, Ocwen Financial Corporation and John Does 1-4 were terminated from the case. Although defendants Ocwen Loan Servicing and Select Portfolio Services were not named in the caption of the fourth amended complaint, [Dkt. # 78], they were named in the body of the complaint, and all three defendants responded to the fourth amended complaint.

conceded if he failed to respond.  The Court dismissed the case pursuant to Federal Rule of Civil Procedure 41(b) on December 11, 2018.  *See* Order (Dec. 11, 2018) [Dkt. # 102] ("Order").  Plaintiff has now moved for reconsideration of the dismissal.  *See* Pl.'s Req. for Correction of Material Omission in Court Order dated 12/11/18 [Dkt. # 104] ("Pl.'s Mot.").

## BACKGROUND

The Court laid out the history of this case in detail in its dismissal order, [Dkt. # 102], so it will only briefly summarize it here:

This case was originally filed on December 1, 2014, *see* Compl., and we are now on our fourth complaint.  *See* Fourth Am. Compl.  On June 19, 2018, defendants filed motions to dismiss plaintiff's fourth amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  Defs.' Mots. to Dismiss Fourth Am. Compl. [Dkt. ## 85, 86, 87].  On June 20, 2018, the Court issued an order pursuant to *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988), which stated: "If plaintiff fails to file a timely response to the motions, the Court will treat them as conceded and dismiss the case."  Order (June 20, 2018) [Dkt. # 88] at 2.  On July 16, 2018, plaintiff moved for an extension of time to file a response, which the Court granted with the following warning:  "[T]he Court will not be inclined to grant another extension."  Min. Order (July 18, 2018).  The Court ordered that plaintiff "must file any response to defendants'. . . motions by November 26, 2016."  *Id.*

Before plaintiff's response was due, he filed several other motions, including a motion for injunctive relief [Dkt. # 90], a motion for joinder [Dkt. # 91], a notice of omissions [Dkt. # 92], and a motion to amend and to seal the third amended complaint [Dkt. # 94].  After each of plaintiff's filings, the Court reminded him that, in its discretion, it had granted him leave to file one final complaint to replace the third amended complaint, that would include all of the theories he wished to pursue.  It also reminded him that defendants' motions to dismiss were pending, and

that failure to respond would risk dismissal of his case.  *See* Min. Order (Sept. 12, 2018) ("Plaintiff is reminded that there are . . . pending motions to dismiss . . . and that the next pleading he must file is the opposition, which is due November 26, 2018.  If plaintiff does not respond . . ., he risks dismissal of his case . . . ."); Min. Order (Oct. 10, 2018) ("Plaintiff should take note that he is required to file any opposition to the motions to dismiss . . . on or before November 26, 2018, or he risks dismissal of his case."); Min. Order (Oct. 16, 2018) ("[T]here are pending motions to dismiss . . . .  Failure to respond to the motions by November 26, 2018 will lead to the dismissal of the Fourth Amended Complaint.").  And, the Court explained that it had "received and reviewed plaintiff's Motion for Injunctive Relief, Motion for Joinder, and Notice of Omissions," but that it "cannot rule on these motions until plaintiff responds to defendants' motions to dismiss."  Order (Oct. 16, 2018) [Dkt. # 93].

On November 23, 2018, plaintiff filed another motion for extension of time to file a response.  Pl.'s Req. to Extend Time to File a Resp. Pleading [Dkt. # 98].  The Court denied this motion because five and a half months had passed since defendants had filed their motions to dismiss, and the Court had reminded plaintiff, on seven separate occasions, that if he did not timely respond, the case would be dismissed.  Min. Order (Nov. 27, 2018).  But, in its discretion, the Court granted a limited extension until December 3, 2018, in the event plaintiff was under the impression that the mere filing of a motion for extension of time had relieved him of the obligation to meet the due date.  *Id.*  The Court warned plaintiff that if he "fail[ed] to oppose the motions to dismiss by December 3, the case will be dismissed" and that "[f]iling a motion for reconsideration or another motion for an extension will not operate to delay or suspend the due date – December 3 is the deadline."  *Id.*  Plaintiff failed to file a response by December 3, 2018, and on December 11, 2018, the Court dismissed the complaint.  Order at 7.

On January 2, 2019, plaintiff asked the Court to re-open the proceeding pursuant to Federal Rule of Civil Procedure 60(b).  *See* Pl.'s Mot. at 1.  On January 18, 2019, defendants opposed plaintiff's motion, arguing that he had not met any of the requirements of Rule 60 that would justify relief from the Court's final judgment.  Defs.' Opp. to Pl.'s Mot. [Dkt. # 108] ("Defs.' Opp.").  Plaintiff filed a reply on February 14, 2019.  Pl.'s Reply to Defs.' Opp. [Dkt. # 110] ("Pl.'s Reply").

## ANALYSIS

Rule 60(b) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for one of six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  The Court possesses "a large measure of discretion in deciding whether to grant a Rule 60(b) motion," *Owens v. Rep. of Sudan*, 864 F.3d 751, 818 (D.C. Cir. 2017), but granting a Rule 60(b) motion is "an unusual measure," *Kittner v. Gates*, 783 F. Supp. 2d 170, 172 (D.D.C. 2011), that is generally "disfavored."  *Walsh v. Hagee*, 10 F. Supp. 3d 15, 18 (D.D.C. 2013), quoting *Cornish v. Dudas*, 813 F. Supp. 2d 147, 148 (D.D.C. 2011).

While plaintiff does not specify the basis upon which he brings his motion, he does not assert that new evidence has surfaced, that defendants have committed fraud or misrepresentation, that the judgment is void, or that the judgment has been satisfied. Thus, the only grounds available are excusable neglect under Rule 60(b)(1) and the catch-all provision contained in Rule 60(b)(6).

Relief for excusable neglect "is rare as such motions allow district courts to correct only limited types of substantive errors." *Owens*, 864 F.3d at 818 (internal quotation marks and citations omitted). The determination of excusable neglect is an "equitable determination" that is based upon the following factors: (1) "the danger of prejudice to the non-moving party"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith." *Owens*, 864 F.3d at 819, quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993). A party seeking relief on grounds of excusable neglect must also "assert a potentially meritorious defense." *Id.*, quoting *FG Hemisphere Assocs., LLC v. Democratic Rep. of Congo*, 447 F.3d 835, 838 (D.C. Cir. 2006). The burden of proving the right to relief under Rule 60(b)(1) rests on the movant who is seeking vacatur. *See Gates v. Syrian Arab Rep.*, 646 F.3d 1, 5 (D.C. Cir. 2011).

Plaintiff has not showed that these factors weigh in his favor. In his motion, plaintiff argues that his "[c]hemotherapy-related cognitive impairment" affected his "ability to see, read, comprehend, and write pleadings." Pl.'s Mot. at 1. He states:

> The Order states that the Court provided Plaintiff with an inordinate amount of time for pleadings omitting, however, to mention that Plaintiff was receiving powerful chemotherapy for an advanced tumor for a period of more than two years, causing chronic side effects of fatigue, low vision, and problems with concentration, commonly referred to as "mental fog or chemotherapy-related cognitive impairment[.]"

*Id.* He goes on to state that the third amended complaint, which was drafted by a court-appointed attorney, misstated the facts and excluded certain claims.[2] *Id.* at 2. And he asserts that after, once the attorney was discharged, and he was granted leave to file a fourth amended complaint,[3] he drafted the fourth amended complaint while feeling the side effects of his cancer treatment. *Id.* at 3–4. According to plaintiff, it was only after he filed the fourth amended complaint that he "started to comprehend the issues, facts, and case law relevant" to his complaint. *Id.*

The Court finds plaintiff has not demonstrated cause to vacate the judgment under Rule 60. First, at this point, there is a risk of substantial prejudice to the defendants. Over the four years that this case has been pending, each defendant has diligently committed the time and resources to file motions to dismiss to each of plaintiff's four amended complaints. This litigation has been extended for more than four years, usually because plaintiff has not been able to timely file his pleadings, and this undue length of time risks loss of evidence. *See Sibron v. New York*, 392 U.S. 40, 57 (1968) ("[L]itigation is better conducted when the dispute is fresh and additional facts may, if necessary, be taken without a substantial risk that witnesses will die or memories fade."); *see also Wilson v. Garcia*, 471 U.S. 261, 271 (1985) ("Just determinations of fact cannot be made when, because of the passage of time, the memories of witnesses have faded or evidence is lost.").

---

2      Plaintiff has repeatedly argued that the third amended complaint misstates his claims, and the Court has reminded plaintiff multiple times that the third amended complaint is no longer part of the case because it permitted him to file a fourth amended complaint. *See* Min. Order (Nov. 6, 2018).

3      The Court appointed counsel to represent the plaintiff in July 2016, *see* Min. Order (July 11, 2016), but the relationship broke down near the beginning of 2017. *See* Min. Order (Feb. 8, 2017) (permitting counsel to withdraw). The Court ordered plaintiff that he must either have new counsel enter an appearance or inform the Court that he intended to proceed *pro se* by March 17, 2017, *see id.*, and an attorney of plaintiff's choosing entered an appearance on that date. *See* Notice of Appearance [Dkt. # 50]. That attorney subsequently withdrew in May of 2017. Mot. to Withdraw [Dkt. # 59]. At that point, over defendant's objections, plaintiff moved to file a fourth amended complaint, and the court allowed him to do so on April 13, 2018. *See* Order [Dkt. # 77].

Second, the length of delay has been substantial and primarily caused by plaintiff. The case was dismissed for want of prosecution in December of 2015, Order [Dkt. # 30], and then re-opened and stayed for an extended period of time in 2016 while plaintiff dealt with his medical issues, Min. Order (Feb. 4, 2016), and it was resumed only after plaintiff indicated he was prepared to go forward. Min. Order (July 5, 2016). He has had the opportunity to amend his complaint four times, and he was granted five and a half months to respond to the most recent motions to dismiss. *See* Min. Order (Nov. 27, 2018). Plaintiff has repeatedly failed "to meet almost every relevant deadline [which has] created a pattern that could, taken together, burden judicial proceedings." *See Cohen v. Bd. of Trustees of the Univ. of the District of Columbia*, 819 F.3d 476, 490 (D.C. Cir. 2016) (internal quotation marks omitted).

Third, the Court considers the reason for the delay. "[F]ault in the delay remains a very important factor – perhaps the most important single factor – in determining whether neglect is excusable." *Webster v. Pacesetter, Inc.*, 270 F. Supp. 2d 9, 14 (D.D.C. 2003). Plaintiff asserts that the reason for his delay was "cognitive impairment" which affected his ability to file a response by the deadline. But, plaintiff managed to file four other motions requesting relief after the motions to dismiss were filed and before his response was due: (1) on September 10, 2018, he filed a motion for injunctive relief that went to the merits of his claim [Dkt. # 90]; (2) on October 5, 2018, he filed a motion to join another party [Dkt. # 91]; (3) on October 15, 2018, he filed a "notice of omissions" highlighting why he thought the Court's decision to hold the motion for joinder in abeyance was erroneous [Dkt. # 92]; and (4) on November 2, 2018 he filed a motion to amend the complaint and to seal the third amended complaint [Dkt. # 94]. Putting aside the question of whether the motions had merit, they were coherent and logical and did not indicate

that plaintiff was incompetent to move forward.[4]   While the Court does not wish to minimize plaintiff's very real and serious medical issues, plaintiff's continued filing of documents with the Court demonstrates that he was capable of filing a response to the motions to dismiss.  *See Austin v. Donahoe*, 307 F.R.D. 264, 267–68 (D.D.C. 2014) (finding that plaintiff's health issues did not justify her delay in filing a motion for reconsideration because she was not totally incapacitated during the time of delay).  In addition, the complained of medical issues did not first arise after the motions to dismiss had been filed.  Plaintiff has been struggling with these issues since 2015.  *See* Pl.'s Reply at 1.  It is because of plaintiff's medical issues that the Court granted such a large extension of time to file a response to the motions to dismiss in the first place, *see* Min. Order (July 18, 2018) (granting a 130-day extension), and the Court has gone to great lengths to give him time to locate counsel, to twice provide him with court-appointed counsel, and to extend any deadlines well beyond periods prescribed by the Local Rules, all in an effort to help him get this case out of the starting blocks.  Unfortunately, he has repeatedly spurned counsel's assistance and insisted on proceeding on his own at every turn.

Finally, there is no indication that plaintiff has acted in bad faith.  But because the other three factors weigh heavily against him, the Court finds that plaintiff's failure to file a response, after repeated warnings, reminders, and extensions of time, does not rise to the level of excusable neglect.

Furthermore, "[i]t has long been established that as a precondition to relief under Rule 60(b), the movant must provide the district court with reason to believe that vacating the judgment

---

4       Indeed, the Court's experience with plaintiff and his resistance to his attorneys' assistance suggest that he would have been deeply offended and outraged by any suggestion that a guardian was needed, and that he would have argued, as he did repeatedly in this case, that all he needed was time.  But his time finally ran out, as the Court repeatedly warned him it could.

will not be an empty exercise or a futile gesture." *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995). But plaintiff has not submitted any reason why granting the motion for reconsideration would lead to a different result. He seeks to amend the complaint a fifth time, without providing any timeline as to when that may occur. Pl.'s Mot. at 4–5. And, he has not offered any meritorious argument against the motions to dismiss that would potentially change the outcome in this case. *See FG Hemisphere*, 447 F.3d at 842 ("[A] party seeking relief on grounds of excusable neglect" must also "assert a potentially meritorious defense."). Instead of addressing the arguments in the motions to dismiss, plaintiff continues to lament the alleged deficiencies of his own complaint.[5] *See* Pl.'s Mot. at 4–5. Plaintiff's motion for reconsideration offers no reason to assure the Court that he will now respond to the motions to dismiss in a timely manner or that the motions to dismiss would be denied. Therefore, the Court will not grant plaintiff's motion on the basis of excusable neglect.

If plaintiff did not intend to seek relief under Rule 60(b)(1), the only provision he could plausibly seek relief under is Rule 60(b)(6).[6] Rule 60(b)(6) is a "catch-all, residual clause," that allows relief for "any other reason that justifying relief." *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1140 (D.C. Cir. 1988). The D.C. Circuit has cautioned that it "should be [] sparingly used," *id.* at 1140, quoting *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572,

---

5       Plaintiff does not ask the Court to amend the complaint to add any new claims. As best the Court can understand, plaintiff seeks to amend the complaint to further describe and clarify the claims already contained in the fourth amended complaint, and to add an affidavit. *See* Pl.'s Mot. at 4. Plaintiff seems to be under the impression that the third amended complaint has "adversely affected the litigation process by introducing inaccurate information," *id.*, despite assurances from the Court that it is no longer operative.

6       Any argument under Rule 60(b)(6) cannot be "premised on one of the grounds of relief enumerated in clauses (b)(1) through (b)(5)." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988).

577 (D.C. Cir. 1980), and "[t]o obtain relief under this provision, a party must . . . demonstrate 'extraordinary circumstances.'" *United States v. Philip Morris USA Inc.*, 840 F.3d 844, 852 (D.C. Cir. 2016).

Here, plaintiff has not shown extraordinary circumstances that would warrant modification of the Court's judgment. *See Darby v. Shulkin*, 321 F.R.D. 10, 13–14 (D.D.C. 2017) (finding that plaintiff's health issues, including a back injury and post-traumatic stress disorder, did not warrant relief under Federal Rule of Civil Procedure 60(b)(6)). As stated above, the strains on plaintiff's cognitive functioning imposed by his ongoing medical issues have been present for the duration of this litigation. The Court has been aware of these issues, and because of them, it has given plaintiff many opportunities to seek the benefit of counsel, amend his complaint, and extend due dates. Indeed, more than four years have passed since the filing of this lawsuit, and plaintiff is no closer to filing a complaint that he is satisfied with.

The Court is aware of and sensitive to this Circuit's "general policy favoring adjudication on the merits." *Owens*, 864 F.3d at 820. But, because plaintiff does not set forth grounds to find excusable neglect or extraordinary circumstances, the Court finds that he has failed to show that he is entitled to relief under Rule 60(b).

For all of these reasons, it is

**ORDERED** that plaintiff's Rule 60(b) motion [Dkt. # 104] is hereby **DENIED**.  And it is

**FURTHER ORDERED** that plaintiff's Supplementary Motion for Injunctive Relief [Dkt. # 106] is **DENIED AS MOOT**.

**SO ORDERED**.



AMY BERMAN JACKSON
United States District Judge

DATE:  May 10, 2019

11